

1. Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408 369-0752
pgore@prattattorneys.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**JCS**

**CV. 13 4828**

ROBERT E. FIGY, individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

LIFEWAY FOODS INC.,

        Defendant.

Case No.

**CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR EQUITABLE AND INJUNCTIVE RELIEF**

Action Filed: October 17, 2013

Plaintiff ROBERT E. FIGY, individually and on behalf of all other similarly situated, ("Plaintiff") brings this lawsuit against Defendant Lifeway Foods, Inc. ("Lifeway") based upon his personal knowledge as to his acts and upon information and belief as to all other matters.

## INTRODUCTION

1. This case seeks to recover for the injuries suffered by Plaintiff and the Class as a direct result of the Defendant's unlawful sale of misbranded food products. Defendant's actions violate the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). Defendant packaged and labeled its food products in violation of California's Sherman Law which adopts, incorporates, and is, in all relevant aspects, identical to the federal Food Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA") and the regulations adopted pursuant to that act. These violations render Defendant's food products "misbranded."

2. Under California law, misbranded food products cannot be legally sold or possessed, have no economic value and are legally worthless. Indeed, the sale or possession of misbranded food products is a criminal act in California.

3. By selling such illegal products to unsuspecting consumers, including Plaintiff, Defendant profited at Plaintiff's expense and unlawfully deprived Plaintiff of money he paid to purchase food products that were illegal to sell, possess or resell and had no economic value.

4. The "Class Period" is October 17, 2009 to the present.

5. "Purchased Products" are those products that were purchased by Plaintiff during the Class Period. Plaintiff ROBERT E. FIGY purchased Organic Lowfat Peach Kefir, Organic Lowfat Pomegranate/Acai Kefir, Organic Lowfat Raspberry Kefir, Nonfat Strawberry Kefir and Nonfat Raspberry Kefir. Pictures of the Purchased Products are attached at Exhibits 1-5.

6. "Class Products" are the Purchased Products and Defendant's other products that bear the identical unlawful and illegal label statement as that found on the Purchased Products. LIFEWAY uses the unlawful labels containing the unlawful term "Evaporated Cane Juice" (sometimes "ECJ") for all the Class products as is more fully described below. ECJ is a term which is illegal to use to describe "sugar" or "dried cane sirup" on food labels under California law.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff ROBERT E. FIGY is a citizen of the state of California. During the Class Period, Plaintiff ROBERT E. FIGY purchased, in San Francisco, California, LIFEWAY products that unlawfully listed the term ECJ on their labels as an ingredient. These products included LIFEWAY's Organic Lowfat Peach Kefir, Organic Lowfat Pomegranate/Acai Kefir, Organic Lowfat Raspberry Kefir, Lowfat Strawberry Kefir and Nonfat Raspberry Kefir.

8. Defendant LIFEWAY, Inc. is organized and existing under the laws of the state of Illinois. LIFEWAY's headquarters is located at 6431 Oakton St, Morton Grove, IL 60053-2727. LIFEWAY manufactured, advertised, marketed and sold illegal products labeled as containing ECJ to tens of thousands of consumers nationwide, including many residing in California.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a Class Action in which: (1) there are over 100 members in the proposed Class; (2)

1 / members of the proposed Class have a different citizenship from Defendant; and (3) the claims of

2 the proposed Class members exceed $5,000,000 in the aggregate.

3 10. The Court has personal jurisdiction over Defendant because a substantial portion of

4 the wrongdoing alleged in this Complaint occurred in California, Defendant is authorized to do

5 business in California, Defendant has sufficient minimum contacts with California, and Defendant

6 otherwise intentionally availed itself of the markets in California through the promotion, marketing

7 and sale of products, sufficient to render the exercise of jurisdiction by this Court permissible under

8 traditional notions of fair play and substantial justice.

9 11. Because a substantial part of the events or omissions giving rise to these claims

10 occurred in this District and because the Court has personal jurisdiction over Defendant, venue is

11 proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b).

## FACTUAL ALLEGATIONS

13 12. LIFEWAY products, with their distinctive packaging and array of various food products, are

14 available at most major supermarket chains from coast to coast. Lifeway knows that many of its

15 consumers wish to eat, and/or to provide to their families, a diet comprised of natural foods and

16 foods that lack added sugar. Lifeway recognizes that natural and health claims drive sales, and

17 actively promotes the naturalness and health benefits of its products. LIFEWAY claims that "We're

18 here to improve the health of our customers." In addition, Lifeway markets Kefir products

19 specifically for children – the "ProBugs" line for younger children and "ProBugs Blast" line for

20 older children and claims "It's nutritious, naturally" without mentioning the added sugar. While

21 declaring their products improve health, LIFEWAY has unlawfully utilized the illegal term

22 "Evaporated Cane Juice" and/or "Organic Cane Juice" on its packaging and hidden from its

23 consumers the fact that "sugar" is in many of its products.

24 13. LIFEWAY unlawfully uses the illegal term "Evaporated Cane Juice" or "Organic

25 Cane Juice" on its package labels, instead of describing the ingredient by its proper name, "sugar."

26 14. LIFEWAY uses the term Evaporated Cane Juice" or "Organic Cane Juice" to make

27 its products appear healthier than products that contain "sugar" as an ingredient. This illegal label is

28

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR     3
EQUITABLE AND INJUNCTIVE RELIEF

1  used to increase sales and to charge a premium by making a product seem healthier than it is in
2  reality.

3      15.    Plaintiff ROBERT E. FIGY purchased the first five products referenced in the chart
4  below; however, LIFEWAY markets and sells a number of products with
5  "evaporated cane juice" or "organic evaporated cane juice" labels; collectively known as the "ECJ"
6  labeling. These include:

| LIFEWAY Products |
|---|
| Organic Lowfat Peach Kefir |
| Organic Lowfat Pomegranate/Acai Kefir |
| Organic Lowfat Raspberry Kefir |
| Lowfat Strawberry Kefir |
| Nonfat Raspberry Kefir |
| Organic Lowfat Blueberry Kefir |
| Organic Lowfat Strawberries n' Cream Kefir |
| Organic Whole Milk Strawberries n' Cream Kefir |
| Organic Whole Milk Wildberries Kefir |
| Organic Green Kefir – Pomegranate Acai Blueberry |
| Green Kefir – Kiwi Passion Fruit |
| ProBugs – Goo-berry Pie Organic Kefir for Kids |
| ProBugs – Orange Creamy Crawler Organic Kefir for Kids |
| ProBugs – Sublime Slime Lime Organic Kefir for Kids |
| ProBugs – Strawnana Split Organic Kefir for Kids |
| Frozen Kefir – Tart and Tangy Original |
| Frozen Kefir – Tart and Tangy Mango |
| Frozen Kefir – Tart and Tangy Pomegranate |
| Frozen Kefir – Tart and Tangy Strawberry |
| Frozen Kefir – Tart and Tangy – Chocolate |
| Frozen Kefir – Tart and Tangy Duice de Leche |
| Frozen Kefir – Tart and Tangy Pumpkin |
| ProBugs – Frozen - GooBerry Pie |
| ProBugs – Frozen – Orange Creamy Crawler |
| ProBugs – Frozen – Strawnana Split |
| Lassi Mango |
| Lassi Strawberry |

| |
|---|
| Lowfat Pomegranate Kefir |
| Lowfat Raspberry Kefir |
| Lowfat Peach Kefir |
| Lowfat Strawberry-Banana Kefir |
| Lowfat Blueberry Kefir |
| Lowfat Cherry Kefir |
| Lowfat Madagascar Vanilla Kefir |
| Lowfat Mango Kefir |
| Lowfat Cappuccino Kefir |
| Lowfat Chocolate Truffle Kefir |
| Lowfat Coconut Chia Kefir |
| Nonfat Blueberry Kefir |
| Nonfat Strawberry Kefir |
| Nonfat Strawberry-Banana Kefir |
| Nonfat Strawberry Greek Style Kefir |
| Helios Organic Greek Nonfat Strawberry & Honey Kefir |
| Helios Organic Greek Nonfat Raspberry & Honey Kefir |
| Helios Organic Greek Nonfat Coconut & Honey Kefir |
| Helios Organic Greek Nonfat Vanilla Kefir |
| Helios Organic Nonfat Pomegranate/Blueberry & Honey Kefir |
| Helios Nutrition Organic Nonfat Kefir with Omega 3s – Passion Fruit |
| Helio Nutrition Organic Greek Nonfat Kefir - Strawberry & Honey |
| Helios Nutrition Organic Nonfat Kefir with Omega 3s – Pomegranate / Acai |
| Helios Nutrition Organic Greek Nonfat Pear & Honey Kefir. |
| Honey Swirl Greek Style Fro-Yo |
| Chocolate Swirl Greek Style Fro-Yo |
| Blood Orange Greek Style Fro-Yo |

16.     Exemplar labels of the products purchased by Plaintiff ROBERT E. FIGY are provided below in Exhibits 1-5. These exhibits are true, correct and accurate photographs of LIFEWAY's ECJ package labels.

17.     Each of the above LIFEWAY products list Evaporated Cane Juice" or "Organic Cane Juice" as an ingredient.

18.     At all times during the Class Period, the above listed LIFEWAY products listed Evaporated Cane Juice" or "Organic Cane Juice" as an ingredient.

19.     The ingredient LIFEWAY lists as Evaporated Cane Juice" or "Organic Cane Juice" is not derived from a fruit or vegetable.

20.     The ingredient LIFEWAY calls "Evaporated Cane Juice" or "Organic Cane Juice" is "sugar" or "dried cane sirup."

21.     LIFEWAY's product labeling fails to accurately identify sugar as an ingredient of its products. Rather, the label identifies Evaporated Cane Juice" or "Organic Cane Juice" as an ingredient, despite the fact that the Sherman Law requires that the ingredient be called "sugar" or "dried cane syrup." The ingredient is not "juice," but is "sugar" or "syrup." 21 C.F.R. § 101.4 (a)(1) provides "[i]ngredients required to be declared on the label or labeling of a food…shall be listed by common or usual name…" 21 C.F.R.  § 102.5 requires that the common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be "confusingly similar to the name of any other food that is not reasonably encompassed within the same name." ECJ is not the common or usual name of the ingredient on LIFEWAY's labels. LIFEWAY is required to use "sugar" or "dried cane sirup" as the name for that ingredient on those labels.

22.     The ingredient LIFEWAY calls Evaporated Cane Juice" or "Organic Cane Juice" is not a juice as defined by the federal regulations. It is "sugar." 21 C.F.R. § 120.1 (a) defines "juice" as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree… ." LIFEWAY's "Evaporated Cane Juice" or "Organic Cane Juice" ingredient does not meet that definition.

23.     The ingredient listed as Evaporated Cane Juice" or "Organic Cane Juice" on Defendant's labels is really "sucrose" as defined in 21 C.F.R. § 184.1854 which is required to be listed as sugar. While FDCA regulations generally provide that "[t]he name of an ingredient shall be a specific name and not a collective (generic) name," the regulations expressly provide that "[f]or purposes of ingredient labeling, the term sugar shall refer to sucrose, which is obtained from sugar

1  `cane or sugar beets in accordance with the provisions of 184.1854 of this chapter." 21 C.F.R. §

2  101.4(b)(20)(emphasis in original).

3  24.    21 C.F.R. § 184.1854 lists the chemical names, CAS number and structure of

4  sugar/sucrose (C12 H22 O11, CAS Reg. No. 57-50-11-1, β-D-fructofuranosyl-α-D-glucopyranoside)

5  as well as its common names (sugar, sucrose, cane sugar, or beet sugar). 21 C.F.R. § 184.1854 also

6  confirms that the definition of sugar/sucrose covers products "obtained by crystallization from sugar

7  cane or sugar beet juice that has been extracted by pressing or diffusion, then clarified and

8  evaporated." Defendant cannot call its ingredient ECJ but must call it "sugar."

9  25.    Those federal regulations, as well as the others discussed infra, have been adopted by

10  California pursuant to the Sherman Law. LIFEWAY's labeling of the ingredient as Evaporated Cane

11  Juice" or "Organic Cane Juice" violates the plain terms of those regulations.

12  26.    A label containing the term ECJ to describe sugar (1) is "false" (e.g., states the

13  product is a juice when it is not); and (2) violates a number of labeling regulations designed to

14  ensure that manufacturers label their products with the common and usual names of the ingredients

15  they use and accurately describe the ingredients they utilize. The term ECJ fails to reveal the basic

16  nature of the food and its characterizing properties, *i.e.* the ingredient is sugar or syrup and not juice.

17  27.    FDCA regulations (which the Sherman Law incorporates into California law) provide

18  that "Evaporated Cane Juice" is not a proper name for an ingredient.

19  28.    The federal regulations are clear. ECJ is an unlawful term because it is not the

20  common or usual name for sugar. It is not a juice.

21  29.    Defendant could easily have complied with the labeling regulations by simply calling

22  its sweetener "sugar" (or "dried cane sirup") instead of ECJ. The use of the term "Evaporated Cane

23  Juice" makes those labelings illegal.

24  30.    Consumers paid a premium price for products that fail to comply with mandatory

25  labeling requirements and standards established by law such that the products are misbranded and

26  rendered unfit for sale. These products contain ingredients not listed on the label and are thus illegal

27  to sell or possess. In fact, the products were worthless due to their illegality and thus the unjustified

28  premium paid for these products equaled their purchase price.

31.    Plaintiff and the Class paid a premium price for LIFEWAY products with the illegal term ECJ listed on their labels.

32.    Plaintiff and the Class have been damaged by LIFEWAY's illegal conduct in that they purchased misbranded and worthless products that were illegal to sell or possess based on Defendant's illegal labeling of the products.

## DEFENDANT'S CONDUCT IS UNLAWFUL

33.    Plaintiff's case is brought pursuant to the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). Plaintiff alleges that Defendant packaged and labeled the Purchased Products and Class Products in violation of California's Sherman Law which adopts, incorporates, and is, in all relevant aspects, identical to the federal Food Drug & Cosmetics Act, 21 U.S.C. § 301 *et. seq.* ("FDCA"). Purchased Products and Class Products with this identical type of ECJ labeling violations are "misbranded."

34.    21 C.F.R. §§ 101.3 and 102.5, which have been adopted by California, prohibit manufacturers from referring to foods by anything other than their common and usual names.

35.    21 C.F.R. § 101.4, which has been adopted by California, prohibits manufacturers from referring to ingredients by anything other than their common and usual names. It specifically provides in subsection (b)(20) that "[f]or purposes of ingredient labeling, the term sugar shall refer to sucrose, which is obtained from sugar cane or sugar beets in accordance with the provisions of 184.1854 of this chapter." 21 C.F.R. § 101.4(b)(20).

36.    LIFEWAY has violated the regulatory provisions detailed above by failing to use the common or usual name for sugar as mandated by law. In particular, LIFEWAY used the unlawful term ECJ on its products in violation of numerous federal and state labeling regulations designed to protect consumers from illegal misbranded products. The ingredient it identifies as "ECJ" is not a "juice." It is "sugar" as per the federal regulations adopted by the Sherman Law.

37.    Defendant LIFEWAY violated 21 CFR §§ 101.4 and 102.5 (adopted and incorporated by reference by Sherman Law § 110100) and Sherman Law § 110725. Sherman Law § 110725 mandates that a product is misbranded if the common and usual ingredient names are not used.

1    Therefore, LIFEWAY violated the UCL's unlawful prong by misbranding its products with ECJ
2    instead of using the term "sugar."

3         38.     LIFEWAY's act of selling an illegally misbranded product violates Sherman Law §
4    110760 which makes it unlawful for any person to manufacture, sell, deliver, hold, or offer for sale
5    any food that is misbranded. The sale of a misbranded product results in an independent violation of
6    the unlawful prong of the UCL that is separate from any labeling violation.

7         39.     Pursuant to Sherman Law § 11825, the sale of such a misbranded product (*i.e.* one
8    whose label fails to use the common and usual ingredient name as required by law) constitutes a
9    criminal act punishable by up to twelve months in jail. As a result, the injury to the Class arises
10   from the Defendant illegally selling a product it misbranded, the sale of which is a criminal act.
11   Plaintiff and the Class have been unlawfully deprived of money because the Defendant sold them a
12   worthless, illegal product that could not be legally sold or possessed. Due to the law's prohibition of
13   possession of such a product, consumers have been unwittingly placed, solely and directly by
14   LIFEWAY's conduct, in a legal position that no reasonable consumer would choose. Consumers
15   have thus been directly injured by the Defendant's illegal act of unlawfully selling them an illegal
16   product.

17        40.     The term ECJ is unlawful because the term does not represent the common or usual
18   name of a food or ingredient. Foods that bear labels that contain the term ECJ are misbranded. Such
19   unlawful conduct by Defendant LIFEWAY is actionable under California law irrespective of any
20   reliance by consumers such as Plaintiff.

21        41.     Under California law, a food product that is misbranded cannot be legally
22   manufactured, advertised, distributed, possessed or sold. Because these products are illegal to
23   possess, they have no economic value and are legally worthless. Indeed, the sale or possession of
24   misbranded food is a criminal act in California. When Plaintiff and the Class purchased an illegally
25   misbranded product there is causation and injury even absent reliance on the ECJ misrepresentation
26   that misbranded the product.

27   //
28   //

## THE UCL's UNLAWFUL PRONG DOES NOT REQUIRE CONSUMER RELIANCE ON AN ILLEGAL LABEL

42. The unlawful sale of misbranded food products that are illegal to sell or possess—standing alone without any allegations of deception by Defendant other than the implicit misrepresentation that its products are legal to sell or possess, or any review of or reliance on the particular labeling claims by Plaintiff – gives rise to Plaintiff's cause of action under the UCL. In short, Defendant's injury-causing unlawful conduct is the only necessary element needed for UCL liability. All Plaintiff needs to show is that he bought an unlawful product that he would not have otherwise purchased absent the Defendant's failure to disclose the material fact that the product was unlawful to sell or possess. Therefore, this claim does not sound in fraud; instead, it alleges strict liability pursuant to the above cited provisions of the federal law and Sherman Law.

43. Under California law, which is identical to federal law, the sale of Defendant's products listed above are unlawful, because they are misbranded in violation of the Sherman Law.

44. LIFEWAY's unlawful, identical ingredient lists render these products misbranded under California law.

45. In addition to the violations of law listed above, the Defendant has violated a number of additional California laws.

46. Defendant's Purchased Products and Class Products are misbranded under California Health & Safety Code § 110705 because words, statements and other information required by the Sherman Law to appear on their labeling either are missing or not sufficiently conspicuous.

47. Defendant's Purchased Products and Class Products are misbranded under California's Health & Safety Code § 110725 because they fail to use the common or usual name for ingredients.

48. Defendant violated California Health & Safety Code § 110760 which makes it unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.

49. Defendant violated California Health & Safety Code § 110765 which makes it unlawful for any person to misbrand any food.

50.  Defendant violated California Health & Safety Code § 110770 which makes it unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for deliver any such food.

51.  Defendant violated 21 CFR §§ 101.4 and 102.5 (adopted and incorporated by reference by Sherman Law § 110100) and Sherman Law § 110725 (mandating common and usual ingredient names) and thus violated the unlawful prong.

52.  Products such as Defendant's that use the term ECJ are misbranded under Sherman Law § 110725 (failure to use common and usual ingredient names misbrands a product).

53.  Defendant's act of selling a misbranded product violates Sherman Law § 110760 (unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded). The sale of a misbranded product results in an independent violation of the unlawful prong that is separate from the labeling violations listed above. When Plaintiff purchased Defendant's misbranded products there was causation and injury even absent reliance on the misrepresentation/omission that misbranded the product. This injury arises from the unlawful sale of an illegal product that is a crime to sell and a crime to possess. Plaintiff was deprived of money in an illegal sale and given a worthless illegal product in return. In addition, due to the law's prohibition of possession of such a product, consumers have been unwittingly placed by the Defendant's conduct in a legal position that no reasonable consumer would agree to be placed.

54.  Thus, in this case, where Defendant unlawfully sold products containing the unlawful term ECJ there is 1) a violation of specific labeling regulations and 2) a violation of the unlawful prong due to the Defendant's sale of an illegal product that is unlawful to possess.

55.  Plaintiff would not have bought the misbranded food products if Defendant had disclosed the material fact that the misbranded food products were illegal to sell and possess. Plaintiff was injured by the Defendant's unlawful act of selling him an illegal product that was illegal to sell or possess.

//

//

## CLASS ALLEGATIONS

56.    Plaintiff bring this action as a class action pursuant to Federal Rule of Procedure 23(b)(2) and 23(b)(3) on behalf of the following "Class:" All persons in the United States who, within the Class Period, purchased one or more of the following LIFEWAY products:

| LIFEWAY Products |
| --- |
| Organic Lowfat Peach Kefir |
| Organic Lowfat Pomegranate/Acai Kefir |
| Organic Lowfat Raspberry Kefir |
| Lowfat Strawberry Kefir |
| Nonfat Raspberry Kefir |
| Organic Lowfat Blueberry Kefir |
| Organic Lowfat Strawberries n' Cream Kefir |
| Organic Whole Milk Strawberries n' Cream Kefir |
| Organic Whole Milk Wildberries Kefir |
| Organic Green Kefir – Pomegranate Acai Blueberry |
| Green Kefir – Kiwi Passion Fruit |
| ProBugs – Goo-berry Pie Organic Kefir for Kids |
| ProBugs – Orange Creamy Crawler Organic Kefir for Kids |
| ProBugs – Sublime Slime Lime Organic Kefir for Kids |
| ProBugs – Strawnana Split Organic Kefir for Kids |
| Frozen Kefir – Tart and Tangy Original |
| Frozen Kefir – Tart and Tangy Mango |
| Frozen Kefir – Tart and Tangy Pomegranate |
| Frozen Kefir – Tart and Tangy Strawberry |
| Frozen Kefir – Tart and Tangy – Chocolate |
| Frozen Kefir – Tart and Tangy Duice de Leche |
| Frozen Kefir – Tart and Tangy Pumpkin |
| ProBugs – Frozen - GooBerry Pie |
| ProBugs – Frozen – Orange Creamy Crawler |
| ProBugs – Frozen – Strawnana Split |
| Lassi Mango |
| Lassi Strawberry |
| Lowfat Pomegranate Kefir |
| Lowfat Raspberry Kefir |
| Lowfat Peach Kefir |

| |
|---|
| Lowfat Strawberry-Banana Kefir |
| Lowfat Blueberry Kefir |
| Lowfat Cherry Kefir |
| Lowfat Madagascar Vanilla Kefir |
| Lowfat Mango Kefir |
| Lowfat Cappuccino Kefir |
| Lowfat Chocolate Truffle Kefir |
| Lowfat Coconut Chia Kefir |
| Nonfat Blueberry Kefir |
| Nonfat Strawberry Kefir |
| Nonfat Strawberry-Banana Kefir |
| Nonfat Strawberry Greek Style Kefir |
| Helios Organic Greek Nonfat Strawberry & Honey Kefir |
| Helios Organic Greek Nonfat Raspberry & Honey Kefir |
| Helios Organic Greek Nonfat Coconut & Honey Kefir |
| Helios Organic Greek Nonfat Vanilla Kefir |
| Helios Organic Nonfat Pomegranate/Blueberry & Honey Kefir |
| Helios Nutrition Organic Nonfat Kefir with Omega 3s – Passion Fruit |
| Helio Nutrition Organic Greek Nonfat Kefir - Strawberry & Honey |
| Helios Nutrition Organic Nonfat Kefir with Omega 3s – Pomegranate / Acai |
| Helios Nutrition Organic Greek Nonfat Pear & Honey Kefir. |
| Honey Swirl Greek Style Fro-Yo |
| Chocolate Swirl Greek Style Fro-Yo |
| Blood Orange Greek Style Fro-Yo |

57.   The following persons are expressly excluded from the Class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

58.   This action can be maintained as a Class Action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

59.   Numerosity: Based upon Defendant's publicly available sales data with respect to the misbranded products at issue, it is estimated that the Class numbers in the thousands, and that joinder of all Class members is impracticable.

60.     Common Questions Predominate: This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include, for example:

   a.  Whether Defendant engaged in unlawful business practices by failing to properly label its Purchased and Class Products sold to consumers;

   b.  Whether Defendant unlawfully sold illegal misbranded food products that were illegal to sell or possess;

   c.  Whether the Purchased and Class Products were misbranded as a matter of law;

   d.  Whether Defendant labeled and distributed food with identical unlawful "Evaporated Cane Juice" labels;

   e.  Whether Defendant violated California Bus. & Prof. Code § 17200 *et seq.*, and the Sherman Law;

   f.  Whether Plaintiff and the Class are entitled to equitable and injunctive relief; and

   g.  Whether Defendant's unlawful practices harmed Plaintiff and the Class such that they would be entitled to restitution.

61.     Typicality: Plaintiff's claims are typical of the claims of the Class because Plaintiff bought Defendant's Purchased Products during the Class Period. Defendant's unlawful actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct in violation of California law. The injuries of each member of the Class were caused directly by Defendant's wrongful conduct. In addition, the factual underpinning of Defendant's misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

62.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class members. Plaintiff has retained highly competent and experienced Class action

1    attorneys to represent his interests and those of the members of the Class. Plaintiff and Plaintiff's

2    counsel have the necessary financial resources to adequately and vigorously litigate this Class action,

3    and Plaintiff and his counsel are aware of their fiduciary responsibilities to the Class members and

4    will diligently discharge those duties by vigorously seeking the maximum possible recovery for the

5    Class.

6        63.    Superiority: There is no plain, speedy or adequate remedy other than by maintenance

7    of this Class action. The prosecution of individual remedies by members of the Class will tend to

8    establish inconsistent standards of conduct for Defendant and result in the impairment of Class

9    members' rights and the disposition of their interests through actions to which they were not parties.

10    Class action treatment will permit a large number of similarly situated persons to prosecute their

11    common claims in a single forum simultaneously, efficiently and without the unnecessary

12    duplication of effort and expense that numerous individual actions would engender. Further, as the

13    damages suffered by individual members of the Class may be relatively small, the expense and

14    burden of individual litigation would make it difficult or impossible for individual members of the

15    Class to redress the wrongs done to them, while an important public interest will be served by

16    addressing the matter as a Class action. Class treatment of common questions of law and fact would

17    also be superior to multiple individual actions or piecemeal litigation in that Class treatment will

18    conserve the resources of the Court and the litigants, and will promote consistency and efficiency of

19    adjudication.

20        64.    The prerequisites to maintaining a Class action for injunctive or equitable relief

21    pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds

22    generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with

23    respect to the Class as a whole.

24        65.    The prerequisites to maintaining a Class action pursuant to Fed. R. Civ. P. 23(b)(3)

25    are met as questions of law or fact common to Class members predominate over any questions

26    affecting only individual members, and a Class action is superior to other available methods for

27    fairly and efficiently adjudicating the controversy.

28

1    66.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be

2    encountered in the management of this action that would preclude its maintenance as a Class action.

3                                    **CAUSE OF ACTION**

4                            **Business and Professions Code § 17200, *et seq.***
5                            **Unlawful Business Acts and Practices**

6    67.    Plaintiff incorporates by reference each allegation set forth above.

7    68.    Defendant's conduct constitutes unlawful business acts and practices.

8    69.    Under California law, unlawful injury causing conduct, such as Defendant's unlawful

9    sale of an illegal product, is the only element necessary for the UCL claim. No reliance is necessary.

10   Plaintiff's claims are based on California law identical to the federal law that California adopted.

11   70.    Defendant sold Purchased Products and Class Products in California during the Class

12   Period.

13   71.    Defendant is a corporation and, therefore, is a "person" within the meaning of the

14   Sherman Law.

15   72.    Defendant's business practices are unlawful under § 17200, *et seq.* by virtue of

16   Defendant's violations of the advertising provisions of Article 3 of the Sherman Law and the

17   misbranded food provisions of Article 6 of the Sherman Law.

18   73.    Defendant sold to Plaintiff and the Class, Purchased Products and Class Products that

19   were not capable of being sold or held legally and have no economic value and which were legally

20   worthless. Plaintiff and the Class lost money as a direct result of Defendant's unlawful conduct.

21   74.    As a result of Defendant's illegal business practices, Plaintiff and the Class, pursuant

22   to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct and

23   such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains

24   and to restore to any Class Member any money paid for the Purchased Products and Class Products.

25   75.    Defendant's unlawful business acts present a threat and a reasonable continued

26   likelihood of injury to Plaintiff and the Class.

27   76.    As a result of Defendant's conduct, Plaintiff and the Class, pursuant to Business and

28   Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and

1  such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains

2  and restore any money paid for Defendant's Purchased Products by Plaintiff and any money paid for

3  Defendant's Class Products purchased by the Class.

## PRAYER FOR RELIEF

5      WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, and on

6  behalf of the general public, prays for judgment against Defendant as follows:

7      A.      For an order certifying this case as a national Class action and appointing Plaintiff

8  and his counsel to represent the Class;

9      B.      For an order awarding, as appropriate, restitution pursuant to the UCL to Plaintiff and

10  the Class;

11     C.      For an order requiring Defendant to immediately cease and desist from selling its

12  Class Products listed in violation of law; enjoining Defendant from continuing to market, advertise,

13  distribute, and sell these products in the unlawful manner described herein; and ordering Defendant

14  to engage in corrective action;

15     D.      For all equitable remedies available;

16     E.      For an order awarding attorneys' fees and costs;

17     F.      For an order awarding pre-and post-judgment interest; and

18     G.      For an order providing such further relief as this Court deems proper.

Dated: October 17, 2013

By: _Pierce Gore_____
    Ben F. Pierce Gore (SBN 128515)
    PRATT & ASSOCIATES
    1871 The Alameda, Suite 425
    San Jose, CA 95126
    Telephone: (408) 429-6506
    Fax: (408) 369-0752
    pgore@prattattorneys.com

---

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR
EQUITABLE AND INJUNCTIVE RELIEF

17



**Exhibit 1**

# Nutrition Facts

Serving Size 1 cup (240mL)
Servings Per Container About 4

**Amount Per Serving**

**Calories** 140    Calories from Fat 20

| | % Daily Value* |
|---|---|
| **Total Fat** 2g | **4%** |
| Sat Fat 1.5g | **8%** |
| *Trans* Fat 0g | **0%** |
| **Cholesterol** 10mg | **4%** |
| **Sodium** 125mg | **5%** |
| **Total Carbohydrate** 20g | **7%** |
| Sugars 20g | |
| **Protein** 11g | |

Vitamin A 10% ● Vitamin C 4%

Vitamin D 25% ● Calcium 30% ● Iron 0%

*Percent Daily Values (DV) are based on a 2,000 calorie diet.

**INGREDIENTS:** PASTEURIZED CULTURED ORGANIC LOWFAT MILK, ORGANIC NONFAT MILK, ORGANIC CANE JUICE, ORGANIC PEACH JUICE CONCENTRATE, ORGANIC ANATTO EXTRACT, VITAMIN A PA MITATE, VITAMIN D3. **CONTAINS MILK**

GRADE A

| | |
|---|---|
| *Trans* Fat 0g | 0% |
| **Cholesterol** 10mg | 4% |
| **Sodium** 125mg | 5% |
| **Total Carbohydrate** 20g | 7% |
| Dietary Fiber 0g | |
| Sugars 20g | |
| **Protein** 11g | |

Vitamin A 10% ● Vitamin C 4%

Vitamin D 25% ● Calcium 30% ● Iron 0%

*Percent Daily Values (DV) are based on a 2,000 calorie diet.

**INGREDIENTS:** PASTEURIZED CULTURED ORGANIC LOWFAT MILK, ORGANIC NON FAT MILK, ORGANIC CANE JUICE, ORGANIC POMEGRANATE FLAVOR, ORGANIC ACAI FLAVOR, NATURAL FLAVORS, ORGANIC BEET POWDER (FOR COLOR), VITAMIN A PALMITATE, VITAMIN D3. **CONTAINS MILK**

**GRADE A**
**KEEP**
**REFRIGERATED**



KOSHER
83



Certified
GF
Gluten-Free





**Exhibit 2**



**Exhibit 3**

**Calories** 140   Calories from Fat 20

| | % Daily Value* |
|---|---|
| **Total Fat** 2g | 4% |
| Sat Fat 1.5g | 8% |
| Trans Fat 0g | 0% |
| **Cholesterol** 10mg | 4% |
| **Sodium** 125mg | 5% |
| **Total Carbohydrate** 20g | 7% |
| Sugars 20g | |
| **Protein** 11g | |

Vitamin A 10% • Vitamin C 4%

Vitamin D 25% • Calcium 30% • Iron 0%

*Percent Daily Values (DV) are based on a 2,000 calorie diet.

INGREDIENTS: PASTEURIZED CULTURED ORGANIC LOWFAT MILK, ORGANIC NONFAT MILK, ORGANIC CANE JUICE, ORGANIC RASPBERRY JUICE CONCENTRATE, ORGANIC RED BEET JUICE (FOR COLOR), VITAMIN A PALMITATE, VITAMIN D3.
**CONTAINS MILK**

**GRADE A**

**KEEP**

**REFRIGERATED**

**PLEASE**

**RECYCLE**

© 2011, LIFEWAY FOODS INC.,
MORTON GROVE IL 60053
PLANT #17-111
CERTIFIED ORGANIC BY OREGON TILTH



**Exhibit 4**



Serv. Size 1 cup (240mL)
Serving About 1

Calories 140
Fat calories 20

**Amount/Serving % DV***

| | |
|---|---|
| **Total Fat** 2g | 4% |
| Sat Fat 1.5g | 8% |
| Trans Fat 0g | 0% |
| **Cholesterol** 10mg | 4% |
| **Sodium** 125mg | 5% |
| **Total Carbohydrate** 20g | 7% |
| Sugars 20g | |
| **Protein** 11g | |

Vitamin A 10% • Vitamin C 4%

Calcium 30% • Iron 0% • Vitamin D3 25%

*Percent Daily Values (DV) are based on a 2,000 calorie diet.

INGREDIENTS: PASTEURIZED CULTURED LOWFAT MILK, NONFAT MILK, EVAPORATED CANE JUICE, STRAWBERRY JUICE CONCENTRATE, NATURAL FLAVORS, RED BEET JUICE FOR COLOR, VITAMIN A PALMITATE, VITAMIN D3. **CONTAINS MILK**

**GRADE A**

**KEEP**

**REFRIGERATED**



**Exhibit 5**

*Naturally Cultured*

*Our Farmers' Pledge: We only use milk free from rBST and rBGH and is GMO free.*

# Nutrition Facts

Serving Size 1 cup (240mL)
Servings Per Container About 4

**Amount Per Serving**

**Calories** 150     Calories from Fat 0

| | % Daily Value* |
|---|---|
| **Total Fat** 0g | **0%** |
| Sat Fat 0g | **0%** |
| *Trans* Fat 0g | **0%** |
| **Cholesterol** 5mg | **2%** |
| **Sodium** 125mg | **5%** |
| **Total Carbohydrate** 27g | **9%** |
| Sugars 27g | |
| **Protein** 11g | |

Vitamin A 10% • Vitamin C 4%

Vitamin D 25% • Calcium 30% • Iron 0%

*Percent Daily Values (DV) are based on a 2,000 calorie diet.

**INGREDIENTS:** PASTEURIZED CULTURED NONFAT MILK, EVAPORATED CANE JUICE, RASPBERRY JUICE CONCENTRATE, NATURAL FLAVORS, RED BEET JUICE FOR COLOR, VITAMIN A PALMITATE, VITAMIN D3 **CONTAINS MILK**