1  David T. Biderman (Cal. Bar No. 101577)
   DBiderman@perkinscoie.com
2  Joren S. Bass (Cal. Bar No. 208143)
   JBass@perkinscoie.com
3  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
4  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
5  Facsimile:  415.344.7050

6  Joseph J. Jacobi (*Pro Hac Vice*)
   JJacobi@mcdonaldhopkins.com
7  Richard N. Kessler (*Pro Hac Vice*)
   RKessler@mcdonaldhopkins.com
8  MCDONALD HOPKINS LLC
   300 North LaSalle Street, Suite 2100
9  Chicago, IL  60654
   Telephone:  312.280.0111
10 Facsimile:  312.280.8232

11 Attorneys for Defendant
   LIFEWAY FOODS, INC.
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  ROBERT E. FIGY, individually and on behalf of all others similarly situated, | Case No. 3:13-CV-04828 TEH |
| 17                     Plaintiff, | **DEFENDANT LIFEWAY FOODS, INC.'S NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 18  v. | |
| 19  LIFEWAY FOODS, INC., | |
| 20                     Defendant. | Action Filed:  October 17, 2013 |
| 21 | Date:       March 10, 2014<br>Time:       10:00 a.m. |
| 22 | Courtroom: 2<br>Before:     Honorable Thelton E. Henderson |

1 **NOTICE OF MOTION AND MOTION**

2 **TO PLAINTIFF ROBERT FIGY AND HIS ATTORNEYS OF RECORD:**

3 **PLEASE TAKE NOTICE THAT** on March 10, 2014, at 10:00 a.m., or as soon

4 thereafter as the matter may be heard in the above-referenced court, before the Honorable Thelton

5 E. Henderson, Defendant Lifeway Foods, Inc. ("Lifeway") will and does hereby move the Court

6 for an order dismissing the First Amended Complaint filed by plaintiff Robert Figy.

7 This motion is made pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of

8 Civil Procedure on the grounds that Plaintiff has failed to state a plausible claim upon which

9 relief can be granted and because there is no basis for Plaintiff's allegations that a national class

10 can be certified.

11 This motion is based on this Notice of Motion and Motion, the accompanying

12 Memorandum of Points and Authorities, and on any other written or oral arguments as may be

13 presented to the Court.

14 **RELIEF SOUGHT**

15 Dismissal of all of Plaintiff's claims and striking of claims made on behalf of a putative

16 nationwide class.

17 **STATEMENT OF ISSUES TO BE DECIDED**

18 Does the First Amended Complaint state any claim for relief?

19 Is there any basis for California's consumer protection statutes and food regulation

20 framework to apply to purchases by consumers who reside outside of California?

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

| | | |
|---|---|---|
| 1 | DATED: January 17, 2104 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By:   /s/ Joren S. Bass |
| 4 | | David T. Biderman (Cal. Bar No. 101577)<br>DBiderman@perkinscoie.com |
| 5 | | Joren S. Bass (Cal. Bar No. 208143)<br>JBass@perkinscoie.com |
| 6 | | PERKINS COIE LLP<br>Four Embarcadero Center, Suite 2400 |
| 7 | | San Francisco, CA  94111-4131<br>Telephone:  415.344.7000 |
| 8 | | Facsimile:  415.344.7050 |
| 9 | | Richard N. Kessler (*Pro Hac Vice*)<br>RKessler@mcdonaldhopkins.com |
| 10 | | Joseph J. Jacobi (*Pro Hac Vice*)<br>JJacobi@mcdonaldhopkins.com |
| 11 | | 300 North LaSalle Street, Suite 2100<br>Chicago, IL  60654 |
| 12 | | Telephone:  312.280.0111<br>Facsimile:  312.280.8232 |
| 13 | | Attorneys for Defendant |
| 14 | | LIFEWAY FOODS, INC. |

2

MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 1

III. ARGUMENT ......................................................................................................................... 3

    A. Applicable Legal Standard. ...................................................................................... 3

    B. Mr. Figy's Failure To Allege The Dates On Which He Purportedly Purchased Lifeway Products Is Fatal To All Of His Claims In This Case. ............ 4

    C. Because Lifeway's Products at Issue Were *Not* Improperly Or Deceptively Labeled, And Were *Not* "Misbranded," Mr. Figy's Claims Against Lifeway Are Defective And Cannot State A Claim for Relief. .............................. 5

    D. Mr. Figy's Putative Nationwide Class Allegations Are Not Supported By The FAC And Should be Stricken. ........................................................................... 8

IV. CONCLUSION ...................................................................................................................... 9

i

MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 3

*Cytosport, Inc. v. Vital Pharmaceuticals, Inc.*,
    894 F. Supp. 2d 1285 (E.D. Cal. 2012) ................................................................... 7

*Figy v. Amy's Kitchen*,
    No. 13cv3816 (N.D. Cal.), Dkt. No. 38 at 7 .......................................................... 5

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982) ................................................................................................. 8

*Gentges v. Trend Micro Inc.*,
    2012 WL 2792442 (N.D. Cal., July 9, 2012) ......................................................... 8

*Horvath v. LG Electronics Mobilecomm U.S.A., Inc.*,
    2012 WL 2861160 (S.D. Cal., Feb. 13, 2012) ....................................................... 8

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ......................................................................... 3, 4, 5

*LeDuc v. Kentucky Central Life Ins. Co.*,
    814 F.Supp. 820 (N.D. Cal. 1992) ........................................................................... 9

*Mazza v. American Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) ............................................................................. 8, 9

*Morgan v. Harmonix Music Sys.*,
    2009 WL 2031765 (N.D. Cal., July 7, 2009) ......................................................... 8

*Pardini v. Unilever United States, Inc.*,
    --- F. Supp. 2d ---, 2013 WL 3456872 (N.D. Cal., July 9, 2013) .......................... 8

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ................................................................................... 8

*Summit Tech., Inc. v. High–Line Med. Instruments Co.*,
    922 F.Supp. 299 (C.D.Cal.1996) ............................................................................. 7

*Swearingen, et al. v. Amazon Preservation Partners Inc. dba Zola Acai*,
    No. 13cv4402 (N.D. Cal.) ....................................................................................... 5

*Swearingen, et al. v. Attune Foods Inc.*,
    No. 13cv4541 (N.D. Cal.) ....................................................................................... 5

*Swearingen, et al. v. Late July Snacks*,
   No. 13cv4324 (N.D. Cal.) .................................................................................................. 5

*Swearingen, et al. v. Pacific Foods of Oregon Inc.*,
   No. 13cv4157 (N.D. Cal.) .................................................................................................. 5

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................................... 3

**STATUTES**

California Health & Safety Code § 110390 ................................................................................ 2

California Health & Safety Code § 110395 ................................................................................ 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ............................................................................................................. 3, 5, 6

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... passim

Fed. R. Civ. P. 12(f) ............................................................................................................ 8, 9, 10

Fed. R. Civ. P. 23 ........................................................................................................................ 9

ii

## I. INTRODUCTION

For his First Amended Class Action and Representative Action Complaint for Equitable and Injunctive Relief (Dkt. No. 23, "FAC") against Lifeway Foods, Inc. ("Lifeway"), Plaintiff Robert E. Figy ("Plaintiff" or "Mr. Figy") alleges that Lifeway has engaged in deceptive and unlawful conduct in connection with labeling for a variety of its probiotic beverage products, the significant majority of which Mr. Figy does not even allege that he has ever purchased.  Mr. Figy asserts twelve causes of action against Lifeway, all of them predicated upon Plaintiff's contention that Lifeway deceptively and unlawfully listed among the ingredients included in 54 of its beverage products (of which Mr. Figy allegedly purchased only 5) "evaporated cane juice" ("ECJ").  However, because Mr. Figy has failed to sufficiently plead in his FAC certain factual elements essential to his claims against Lifeway, the FAC is fatally defective and this Court should dismiss the FAC in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. FACTUAL BACKGROUND

At the core of Mr. Figy's claims against Lifeway are his allegations that he purchased certain products manufactured and sold by Lifeway on some unidentified date(s) within the alleged "Class Period" of October 17, 2009, through October 17, 2013, the date on which he filed his original complaint against Lifeway.  (Dkt. No. 23, ¶¶ 1 and 1 [*sic*].)  Specifically, Mr. Figy alleges that he purchased five (5) Lifeway products:  Organic Lowfat Peach Kefir, Organic Lowfat Pomegranate/Acai Kefir, Organic Lowfat Raspberry Kefir, Nonfat Strawberry Kefir, and Nonfat Raspberry Kefir.  (Dkt. No. 23, ¶ 1.)  Plaintiff allegedly paid a premium price for these Lifeway products, and would not have purchased them at all had he known that the products "contained sugar as an added ingredient," and "were illegal to sell and possess."  (FAC, Dkt. No. 23, ¶ 53.)  Mr. Figy is, according to his allegations, a health conscious consumer who seeks to avoid purchasing products that include "added sugars" among their ingredients.  (FAC, Dkt. No. 23, ¶¶ 70, 131-32.)  Despite professing to be a health conscious consumer, his knowledge of naturally occurring sugars, and his specific desire to avoid "added sugars," when Mr. Figy allegedly read the labels of the Lifeway products he claims to have purchased, he did not

1

MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1  recognize that ECJ is a form of "added sugar," and relied, allegedly to his detriment, on those
2  labels. (FAC, Dkt. No. 23, ¶¶ 70, 71, 123-25.)
3       These five Lifeway products, along with 49 other allegedly "Substantially Similar
4  Products" constitute the Lifeway products that Plaintiff seeks to put at issue in this case. (FAC,
5  Dkt. No. 23, ¶ 4.) According to Mr. Figy, all of these 54 products are "misbranded" or are
6  otherwise deceptively labeled because they list ECJ among their ingredients, rather than "sugar,"
7  which Plaintiff contends should be the common and usual name for this substance. Mr. Figy
8  alleges that, because the Lifeway products at issue are "misbranded," they are "legally worthless"
9  and making them illegal to manufacture, advertise, distribute, hold, or sell under California State
10 law. (Dkt. No. 23, ¶ 5.) He further alleges that, solely by listing ECJ as an ingredient on the
11 labels of these 54 products, Lifeway has engaged in conduct that is "misleading, deceptive, unfair
12 and fraudulent," in violation of California law. (Dkt. No. 23, ¶ 6.)
13      In support of these allegations, Mr. Figy recites that the United States Food and Drug
14 Administration ("FDA") has promulgated policy requiring that manufacturers within the food
15 industry should always use common and usual names for ingredients identified for their products.
16 (FAC, Dkt. No. 23, ¶ 48, citing FDA October 2009 *Guidance for Industry: A Food Labeling*
17 *Guide (6. Ingredient Lists)*, at
18 http://www.fda.gov/Food?GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/Label
19 ing/Nutrition/ucm064880.htm#common.) Mr. Figy further alleges the FDA promulgated a
20 guidance document – albeit, admittedly in draft form only – in October 2009 providing *Guidance*
21 *for Industry: Ingredients Declared as Evaporated Cane Juice, Draft Guidance*, and available at
22 http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/Foo
23 dLabelingNutrition/ucm181491.html [*sic*]. (FAC, Dkt. No. 23, ¶ 46.) According to Plaintiff's
24 allegations, this October 2009 draft guidance makes clear the FDA's position that listing ECJ as
25 an ingredient for a food product is "false and misleading," and that "ECJ is an unlawful term"
26 because ECJ is not a common or usual name for sugar. (FAC, Dkt. No. 23, ¶ 47.)
27      Mr. Figy contends that, by its use of ECJ as an ingredient on the labels for the products at
28 issue, Lifeway has knowingly violated California Health & Safety Code §§ 110390, 110395,

2

110398, 110400, 110760, 110765, 110770, and 110725.  (FAC, Dkt. No. 23, ¶¶ 115-22.)  Mr. Figy asserts, on his own behalf and on behalf of a nationwide class of consumers of the Lifeway products at issue, twelve causes of action, all under California statutory and common law.

### III.     ARGUMENT

#### A.     Applicable Legal Standard.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a claim based upon the well-pleaded facts.  The Court must dismiss any action that "fail[s] to state a claim on which relief can be granted" based solely on those pleaded facts.  Fed. R. Civ. P. 12(b)(6).  To state a claim, then, the pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff states a plausible claim only if it "pleads factual content that allows he court to draw the reasonable inference that the defendant is liable."  *Id.*

While the court must presume at the pleading stage that all factual allegations are true, it will not apply such a presumption of truth to conclusory allegations, legal conclusions couched as factual allegations, or implausible inferences.  *See, e.g.*, *id.*, at 677-78; *see also Twombly*, 550 U.S. at 555-56.  The pleading must provide more than merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Claims like Plaintiff's, which sound in fraud, must also comply with the heightened pleading requirements established by Rule 9(b) by pleading with particularity the circumstances surrounding the alleged fraud.  *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Plaintiff's allegations must provide allegations "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge."  *Id.*  To meet the particularity requirement for purposes of Rule 9(b) a plaintiff must allege "the who, what, when, where, and how of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess*, 317 F.3d

3

1   at 1106)). This is true for claims brought under the UCL's "fraudulent" prong as well as some

2   claims—such as Plaintiff's claims here—which are brought under the FAL, the CLRA or the

3   UCL's "unlawful" or "unfair" prongs. *Id.*

    **B.** **Mr. Figy's Failure To Allege The Dates On Which He Purportedly Purchased Lifeway Products Is Fatal To All Of His Claims In This Case.**

6     For his claims against Lifeway, Mr. Figy alleges that he is a "health conscious consumer

7   who wishes to avoid 'added sugars' in the food products he purchases." (FAC, Dkt. No. 23,

8   ¶¶ 70, 131-133.) According to Plaintiff, his desire to avoid "added sugars" and his failure to

9   recognize the nature of the ECJ incorporated in the Lifeway products led him to purchase those

10  products. (FAC, Dkt. No. 23, ¶¶ 123, 131-133.)

11    Mr. Figy further alleges that, at some time during the Class Period from October 17, 2009

12  through and including October 17, 2013, he purchased five of the Lifeway products at issue.

13  (FAC, Dkt. No. 23, ¶¶ 1, 1 [*sic*], 123.) He allegedly read and relied upon Lifeway's labeling, and

14  based his decision to purchase these products, "in substantial part," upon the information on the

15  labels, and would not have purchased the Lifeway products had he known that they were

16  allegedly "misbranded" (and thus, according to Plaintiff, illegal to purchase or possess. (FAC,

17  Dkt. No. 23, ¶¶ 123, 124.)

18    Significantly, though, Mr. Figy does not allege anywhere in his FAC exactly *when* he

19  purchased these products, nor does he attach as exhibits any copies of receipts for his alleged

20  purchases to establish the date(s) on which he purchased the Lifeway products. This is not a mere

21  formality. The date(s) on which Mr. Figy allegedly purchased Lifeway products is the missing

22  key stone to all of his claims here because he alleges that he did not know that the ECJ listed

23  among the ingredients of those products constituted "added sugars" or that the products were

24  allegedly "misbranded," and he allegedly relied on Lifeway's labeling to his detriment and was

25  injured as a result.

26    However, on August 16, 2013, Mr. Figy filed a class action lawsuit against Amy's

27  Kitchen, Inc. in this Court (Civil Action No. 13-cv-3816-SI) asserting essentially identical claims

28  and alleging that products manufactured and sold by Amy's Kitchen, Inc. were "misbranded"

4

MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

because they listed ECJ among their ingredients.[1]  As in the present case, Mr. Figy alleged that he was not aware that ECJ constituted "added sugars."  Thus, at least as early as August 16, 2013 – two months before he filed this lawsuit against Lifeway – Mr. Figy has admitted that he was well aware of the nature of ECJ and to the extent that his purchase(s) of the Lifeway products at issue occurred *after* at least August 16, 2013, his allegations against Lifeway are demonstrably false.[2]  Those allegations, central to all of his claims against Lifeway, fall and his claims in this case should be dismissed pursuant to Rule 12(b)(6).  At a minimum, Mr. Figy should be required to include allegations in his complaint against Lifeway establishing the date(s) on which he supposedly purchased the Lifeway products prior to the date upon which he alleges he learned that "evaporated cane juice" is "sugar".  *E.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120 at 1125 ((To satisfy Rule 9(b), a plaintiff must allege "the who, what, *when*, where, and how of the misconduct charged.") (emphasis added).)

        **C.**    **Because Lifeway's Products at Issue Were *Not* Improperly Or Deceptively Labeled, And Were *Not* "Misbranded," Mr. Figy's Claims Against Lifeway Are Defective And Cannot State A Claim for Relief.**

All of Mr. Figy's claims against Lifeway in this case are premised upon his conclusory allegations that Lifeway's identification of ECJ as an ingredient in its products at issue is unlawful or deceptive because ECJ is not a common and usual name for the substance included in those products.  However, Mr. Figy makes no competent factual allegations to support that conclusion, and his naked opinion alone is not sufficient to establish any bases for his causes of action.

---

[1] Mr. Figy is a named plaintiff in at least four other cases containing essentially identical allegations against other packaged food manufacturers.  *See Swearingen, et al. v. Pacific Foods of Oregon Inc*., No. 13cv4157 (N.D. Cal.); *Swearingen, et al. v. Late July Snacks*, No. 13cv4324 (N.D. Cal.); *Swearingen, et al. v. Amazon Preservation Partners Inc. dba Zola Acai*, No. 13cv4402 (N.D. Cal.); *Swearingen, et al. v. Attune Foods Inc.*, No. 13cv4541 (N.D. Cal.).

[2] Plaintiff previously asserted that reliance was not required to establish the violations he alleges and his original Complaint did not allege he saw or relied on the labels for Lifeway's products.  (*See* Complaint, Dkt. No. 1 ¶¶ 42-55.)  However, after Judge Illston rejected that interpretation of California's consumer protection statutes when she dismissed Plaintiff's complaint in the *Amy's Kitchen* case, Plaintiff amended his complaint here to allege he actually saw and relied upon Lifeway labels.  *See Figy v. Amy's Kitchen*, No. 13cv3816 (N.D. Cal.), Dkt. No. 38 at 7 (Order Granting Defendant's Motion to Dismiss).

5

In fact, this predicate "fact" underlying all of Mr. Figy's claims here is wrong; ECJ is well established to be a common and usual name and description for the ingredient identified by Lifeway for its products. Mr. Figy acknowledges as much, admitting that, for more than a decade, the food industry generally has been listing ECJ as an ingredient. (*See, e.g.*, FAC, Dkt. No. 23, ¶¶ 50-52.) ECJ is a solid derived from the sugar cane plant. As the FDA acknowledges, ECJ is made from the juice of the sugar cane plant, from which the liquid is subsequently evaporated, leaving the solid ingredient. (October 2009 Draft Guidance at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm181491.htm.)

Notwithstanding the foregoing, Mr. Figy alleges that Lifeway's listing of ECJ constitutes "misbranding" of its products merely because the FDA has warned against use of that term. But Mr. Figy's support for this allegation – again, a mere conclusion or opinion without any factual bases – is purportedly based on a *draft* guidance published by the FDA solely for purposes of eliciting comments from the food industry and other interested parties. (*See, e.g.*, FAC, Dkt. No. 23, at ¶¶ 44-47[3].) This draft contains only the FDA's nonbinding recommendations, and is "[n]ot [f]or [i]mplementation." (*See id.*) The FDA makes clear that this guidance document on which Figy purports to rely – even if it were eventually finalized – merely "represent[s] FDA's current thinking on a topic," but "[t]hey do not create or confer any rights for or on any person and do not operate to bind the FDA or the public."[4] Indeed, the FDA specifically allows that "[y]ou can use an alternative approach if the approach satisfies the requirements of the applicable statutes and regulations." (*See id.*) And for all of his allegations regarding the putative "misbranding" by Lifeway, Figy does not assert – nor can he assert – that Lifeway's inclusion of the term ECJ

---

[3] Citing http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm181491.html [sic, this guidance is actually located at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm181491.htm

[4] *See* http://www.fda.gov/Food/GuidanceRegulation/default.htm and October 2009 Draft Guidance at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm181491.htm.

6

MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1    among its ingredients is a violation of any applicable statute or regulation administered by the

2    FDA.  In fact, FDA expressly states in its draft guidance:

3     FDA's guidance documents, including this guidance, do not
      establish legally enforceable responsibilities.  Instead, guidances
4     describe the Agency's current thinking on a topic and should be
      viewed only as recommendations, unless specific regulatory or
5     statutory requirements are cited.  The use of the word should in
      Agency guidances means that something is suggested or
6     recommended, but not required.[5]

7          Mr. Figy attempts to further support his assertion that Lifeway's use of ECJ on its product

8    labels constitutes "misbranding" under the federal law by his allegation that the FDA has issued

9    "numerous . . . warning letters" to undisclosed persons in undisclosed industries, which, solely in

10   Figy's opinion, demonstrates that food products bearing labels that list ECJ as ingredients is

11   actionable "misbranding."  (FAC, Dkt. No. 23, at ¶ 63.)  Such conclusory allegations are not

12   competent to establish a factual basis for Figy's claims, though, particularly because the mere

13   existence of any FDA warning letter is neither evidence of the FDA's position on a subject, nor

14   evidence of "misbranding."  *See, e.g.*, *Cytosport, Inc. v. Vital Pharmaceuticals, Inc.*, 894 F. Supp.

15   2d 1285, 1294, 1297 (E.D. Cal. 2012) ("FDA warning letters are informal and advisory, and do

16   not amount to an FDA action.  *Summit Tech., Inc. v. High–Line Med. Instruments Co.*, 922

17   F.Supp. 299, 306 (C.D.Cal.1996) (holding that FDA warning letters do not amount to an FDA

18   position on a matter because the FDA can change its final determination based on further

19   investigation")).

20          Contrary to Mr. Figy's improper conclusory allegations, this draft guidance does not

21   establish misbranding of Lifeway's products.  The facts is that Lifeway's products are not

22   incorrectly or improperly labeled in any way, and as a result, Mr. Figy's claims against Lifeway

23   are not supported by competent factual allegations and are should be  dismissed pursuant to Rule

24   12(b)(6) of the Federal Rules of Civil Procedure.

---

[5] *See* FDA October 2009 Draft Guidance at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm181491.htm.

7

### D.  Mr. Figy's Putative Nationwide Class Allegations Are Not Supported By The FAC And Should be Stricken.

Mr. Figy purports to represent a nationwide class of all purchasers of Lifeway's products at issue during the four-year period preceding his filing of the original complaint in this case on October 17, 2013.  (FAC, Dkt. No. 23, ¶¶ 1, 136-146.)  In this regard, Mr. Figy apparently seeks to vindicate the rights of this broad national class, without regard to where each member resides and purchased any of the products at issue, *under California law*.  But where the issues are sufficiently clear from the pleadings to establish that the interests of unnamed absent putative class members are *not* encompassed by the claims of the named plaintiff, it is appropriate that a court use its inherent authority under Rule 12(f) of the Federal Rules of Civil Procedure to strike the named plaintiff's class allegations.  *See, e.g.*, *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).

In the present case, it is certainly clear from the allegations and claims of Figy's FAC that he cannot adequately represent the interests of the nationwide class he portrays there, and the Court should properly strike his class allegations.  Lifeway is an Illinois corporation.  (FAC, Dkt. No. 23, ¶ 17.)    Mr. Figy's claims against Lifeway, on his own behalf and on behalf of the putative class members, arise under California law, and as such, they cannot reasonably extend to consumers outside the state.  *See, e.g.*, *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012) (claims for each class member under consumer protection laws should be governed by the laws of the jurisdiction in which the challenged transaction occurred); *Pardini v. Unilever United States, Inc.*, --- F. Supp. 2d ---, 2013 WL 3456872, at *9 (N.D. Cal., July 9, 2013); *Gentges v. Trend Micro Inc.*, 2012 WL 2792442, at *6-7 (N.D. Cal., July 9, 2012); *Horvath v. LG Electronics Mobilecomm U.S.A., Inc.*, 2012 WL 2861160, at *3 (S.D. Cal., Feb. 13, 2012).  *See also Morgan v. Harmonix Music Sys.*, 2009 WL 2031765, at *2 (N.D. Cal., July 7, 2009) (California's consumer protection laws do not normally apply to consumers and transactions outside the state).

1   As the Ninth Circuit has recognized, each state has its own laws and standards intended to
2   protect its consumers and to regulate sales of food and beverage products there. And where, as
3   here, the challenged consumer transactions occurred outside of California, and the party accused
4   is likewise located and manufactures its challenged products outside the state, it is not proper or
5   appropriate, as Mr. Figy contends, to invoke California law as to those consumers located
6   elsewhere. *See, e.g.*, *Mazza*, 666 F.3d at 590. The consumer protection laws of the several states
7   are different, especially as to remedies available and proofs required to establish violations. *See,*
8   *e.g.*, *id.* at 591. Notwithstanding Mr. Figy's conclusory allegation to the contrary, there is at least
9   no common question of law applicable to each and every member of the putative nationwide class
10  alleged by Mr. Figy, and certification of such a class is not warranted or appropriate under Rule
11  23 of the Federal Rules of Civil Procedure.
12  Accordingly, there is no basis for the nationwide class alleged by Mr. Figy, and Lifeway
13  respectfully submits that the Court should strike those class allegations pursuant to Rule 12(f).
14  *See, e.g.*, *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992)
15  (providing that matter may be stricken from a pleading where "it is clear that the matter . . . could
16  have no possible bearing on the subject matter of the litigation"). Permitting Mr. Figy's claim for
17  a national class to proceed at this stage will serve only to complicate discovery and all
18  proceedings before this Court, and to impose needless and undue expense to Lifeway to defend
19  Mr. Figy's class claims where it is clear from his pleadings, no such class can properly be
20  certified.

21  **IV.   CONCLUSION**
22  Plaintiff's claims are predicated upon unsubstantially based conclusions and devoid of any
23  facts that allow this court to find that colorable claims have been alleged. Further, there is no
24  basis in law for assertion of a nationwide class. For the foregoing reasons, Defendant Lifeway
25  Foods, Inc. respectfully requests that this Court dismiss all of the claims of the FAC pursuant to
26  / / /
27  / / /
28  / / /

Rule 12(b)(6) of the Federal Rules of Civil Procedure, and strike Plaintiff Robert E. Figy's class allegations under Rule 12(f).

DATED: January 17, 2104                **PERKINS COIE LLP**

By:   /s/ Joren S. Bass
David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Joren S. Bass (Cal. Bar No. 208143)
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050

Richard N. Kessler (*Pro Hac Vice*)
RKessler@mcdonaldhopkins.com
Joseph J. Jacobi (*Pro Hac Vice*)
JJacobi@mcdonaldhopkins.com
300 North LaSalle Street, Suite 2100
Chicago, IL  60654
Telephone:  312.280.0111
Facsimile:  312.280.8232

Attorneys for Defendant
LIFEWAY FOODS, INC.

LEGAL29056962