1  Ben F. Pierce Gore (SBN 128515)
   PRATT & ASSOCIATES
2  1901 S. Bascom Avenue, Suite 350
   Campbell, CA  95008
3  Telephone: (408) 429-6506
   Fax: (408) 369-0752
4  pgore@prattattorneys.com

5  D'Juana Parks *(pro hac vice)*
   PROVOST ✯ UMPHREY LAW FIRM, LLP
6  490 Park Street
   Beaumont, TX 77701
7  Telephone: (409) 835-6000
   Fax: (409) 813-8647
8  dparks@pulf.com

9  *Attorneys for Plaintiffs*

10

11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  ROBERT E. FIGY, individually and on behalf      Case No. 3:13-CV-04828-TEH
    of himself and all others similarly situated,
16                                                  **PLAINTIFF'S MEMORANDUM IN**
                Plaintiff,                          **OPPOSITION TO DEFENDANT'S**
17                                                  **MOTION TO DISMISS FIRST**
    v.                                              **AMENDED COMPLAINT**
18
    LIFEWAY FOODS, INC.,                            Hearing Date:    March 10, 2014,
19                                                  Time:            10:00 a.m.
                Defendant.                          Courtroom:       2
20                                                  Judge:           Hon. Thelton E
                                                                     Henderson
21                                                  Action Filed:    October 17, 2013

22

23  .

24

25

26

27

28

**ABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED ............................................................ vi

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

INTRODUCTION ........................................................................................................ 1

FACTS ......................................................................................................................... 3

ARGUMENT ............................................................................................................... 4

I.    Standard of Review ......................................................................................... 4

      A.    Motion to Dismiss ................................................................................ 4

      B.    Motion to Strike .................................................................................... 5

II.   Plaintiff adequately alleged when the purchases occurred. ............................ 5

III.  Whether ECJ is deceptive or violates the "common or usual name"
      requirement is a fact issue that cannot be determined at the motion to dismiss
      stage ................................................................................................................. 7

IV.   Defendant has not carried its burden of demonstrating that differences in
      various states laws would preclude a nationwide class. .................................. 9

CONCLUSUION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).............................................................................................................. 4, 8

*Astiana v. Ben & Jerry's Homemade, Inc.,*
No. C 10-4387 PJH, 2011 U.S. Dist. LEXIS 57348 (N.D. Cal. May 26, 2011)........................ 6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007).............................................................................................................. 4, 8

*Brazil v. Dole Food Co.,*
No.: 12-CV-01831-LHK, 2013 U.S. Dist. LEXIS 136921 (N.D. Cal. Sept. 23,
2013). .................................................................................................................................... 9

*Bruton v. Gerber Prods. Co.,*
No.: 12-CV-02412-LHK, 2013 U.S. Dist. LEXIS 129241 (N.D. Cal. Sept. 6,
2013). ..............................................................................................................................6, 7, 10

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
20 Cal.4th 163 (1999).............................................................................................................. 3

*Chabner v. United Omaha Life Ins. Co.,*
225 F.3d 1042, 1048 (9th Cir. 2000)........................................................................................ 3

*Chacanaca v. Quaker Oats, Co.,*
752 F.Supp.2d 1111 (2012)...................................................................................................... 6

*Clancy v. The Bromley Tea Co.,*
No. 12-cv-03003-JST, 2013 U.S. Dist. LEXIS 112722 (N.D. Cal. Aug. 9,
2013). .................................................................................................................................. 6, 10

*Cruz v. Bank of New York Mellon,*
No.: 12-CV-00846-LHK, 2012 U.S. Dist. LEXIS 95467 (N.D. Cal. July 10,
2012) ...................................................................................................................................... 5

*Doe v. United States,*
58 F.3d 494 (9th Cir. 1995)..................................................................................................... 11

*Donohue v. Apple, Inc.,*
871 F. Supp. 2d 913 (N.D. Cal. 2012)...................................................................................... 9

*Finuliar v. BAC Home Loans Servicing, L.P.,*
No. C-11-02629 JCS, 2011 U.S. Dist. LEXIS 107324 (N.D. Cal. Sep. 21,
2011). ...................................................................................................................................... 3

*Forcellati v. Hyland's Inc.,*
876 F. Supp. 2d 1155 (C.D. Cal. 2012). ................................................................................ 10

*Garamendi v. Mission Ins. Co.,*
131 Cal. App. 4th 30 (2005).................................................................................................... 11

*Gitson v. Trader Joe's Co.*,
    No. 13-cv-01333-WHO, 2013 U.S. Dist. LEXIS 144917 (N.D. Cal. Oct. 4,
    2013) ................................................................................................................................ 9

*In re Ferrero Litig.*,
    794 F. Supp. 2d 1107 (S.D. Cal. 2011)............................................................................. 4

*In re Marriage of Moore*,
    113 Cal. App. 3d 22 (1980)............................................................................................. 11

*Johnson v. Lucent Techs. Inc.*,
    653 F.3d 1000 (9th Cir. 2011). ........................................................................................ 4

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009). ........................................................................................ 5

*Khasin v. Hershey Co.*,
    No.: 5:12-CV-01862 EJD, 2012 U.S. Dist. LEXIS 161300 (N.D. Cal. Nov. 9,
    2012). ................................................................................................................................ 6

*Martin v. Dahlberg, Inc.*,
    156 F.R.D. 207 (N.D. Cal. 1994)..................................................................................... 11

*Mazza v. American Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012),.......................................................................................9, 10

*Morgan v. Wallaby Yogurt Company, Inc.*,
    No. 13-cv-00269-WHO, 2013 U.S. Dist. LEXIS 144959 (N.D. Cal. Oct. 4,
    2013). ................................................................................................................................ 8

*Paulus v. Bob Lynch Ford, Inc.*,
    139 Cal. App. 4th 659, 681 (2006)................................................................................... 3

*Platte Anchor Bolt, Inc. v. IHI, Inc.*,
    352 F. Supp. 2d 1048 (N.D. Cal. 2004)............................................................................ 5

*Pokorny v. Quixtar, Inc.*,
    601 F.3d 987 (9th Cir. 2010)........................................................................................... 11

*Polich v. Burlington Northern, Inc.*,
    942 F.2d 1467 (9th Cir. 1991). ....................................................................................... 11

*Samet v. P&G*,
    No.: 5:12-CV-01891 PSG, 2013 U.S. Dist. LEXIS 86432 (N.D. Cal. June 18,
    2013). ................................................................................................................................ 8

*San Rafael Compania Naviera, S. A. v. American Smelting & Refining Co.*,
    327 F.2d 581 (9th Cir. 1964)........................................................................................... 11

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983)............................................................................................ 5

*Swearingen v. Yucatan Foods, L.P.*,
    No C 13-3544 RS, 2014 U.S. Dist. LEXIS 18094 (N.D. Cal. Feb. 7, 2014). ................ 8

*Tooley v. Napolitano*,
    586 F.3d 1006 (2009)......................................................................................................... 8

*Trazo v. Nestlé USA, Inc.*,
    No.: 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534 (N.D. Cal. Aug. 9,
    2013). ................................................................................................................................. 9

*Washington Mut. Bank, FA v. Superior Court*,
    24 Cal. 4th 906 (2001). ................................................................................................... 11

*Werdebaugh v. Blue Diamond Growers*,
    No.: 12-CV-02724-LHK, 2013 U.S. Dist. LEXIS 144178 (N.D. Cal. Oct. 2,
    2013). ............................................................................................................................. 6, 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010). ........................................................................................... 5

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008).............................................................................................. 4

*Won Kyung Hwang v. Ohso Clean, Inc.*,
    No. C-12-06355 JCS, 2013 U.S. Dist. LEXIS 54002 (N.D. Cal. Apr. 16, 2013). ................. 9, 10

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009)............................................................................................. 4

**Statutes**

21 U.S.C. § 301 *et seq.* ........................................................................................................... 2

21 U.S.C. § 331............................................................................................................................ 2

21 U.S.C. § 333............................................................................................................................ 2

21 U.S.C. § 343............................................................................................................................ 2

21 U.S.C. § 343–1........................................................................................................................ 2

28 U.S.C. § 1332....................................................................................................................... 10

CAL. BUS. & PROF. CODE § 17200 .......................................................................................... 3

CAL. BUS. & PROF. CODE § 17500, *et seq.* ............................................................................ 3

CAL. CIV. CODE §1750, *et seq.*................................................................................................ 3

CAL. HEALTH & SAF. CODE § 109875, *et seq.*...................................................................... 2

CAL. HEALTH & SAF. CODE § 110100.................................................................................. 2, 3

CAL. HEALTH & SAF. CODE § 110725...................................................................................... 2

CAL. HEALTH & SAF. CODE § 110760.................................................................................. 2, 3

CAL. HEALTH & SAF. CODE § 110765...................................................................................... 2

1

CAL. HEALTH & SAF. CODE § 110770.................................................................................2

2

CAL. HEALTH & SAF. CODE § 111825.................................................................................2

3

**Regulations**

4

21 C.F.R. § 101.4..............................................................................................................2

5

21 C.F.R. § 102.5..............................................................................................................7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **STATEMENT OF ISSUES TO BE DECIDED**

2

3       1.  Numerous courts in this district have held in cases of this type that allegations that the plaintiff purchased the products at issue during the class period set out in the compliant sufficiently pleads when the conduct complained of occurred, without any requirement that the plaintiff plead further details of the transaction.  Were these cases all wrongly decided?

4

5       2.  Numerous courts in this district have held in cases of this type that plaintiffs adequately stated a claim based on the deceptive and illegal use of the term "evaporated cane juice" on food ingredient lists, despite the allegedly non-binding nature of the FDA's pronouncements on the illegality of the term.  Were these cases all wrongly decided?

6

7

8       3.  Numerous courts in this district have ruled that it is inappropriate to strike nationwide class allegations at the pleadings stage when there has been no case-specific choice-of-law analysis. Were these cases all wrongly decided?

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

For the reasons set out below, Plaintiff Robert E. Figy opposes Defendant Lifeway Foods, Inc.'s (hereinafter "Lifeway" or "Defendant"),. motion to dismiss the Plaintiff's First Amended Complaint ("FAC").

**INTRODUCTION**

A lot of people prefer to avoid added sugar when they can, and it would come as a revelation to no one that a substantial portion of the consuming public reacts negatively to words like "sugar" and "syrup" on food ingredient lists. It certainly would not come as a surprise to the food industry. In 1999 an industry consultant sent a letter to the FDA seeking the FDA's blessing for alternate names for various sweeteners, including the term "evaporated cane juice" (often abbreviated to "ECJ" herein). The FDA responded that such representations are false and misleading because they convey the impression that the ingredient is "juice," which it is not, and that the ingredient is not sugar or syrup, which it is. *See* FAC ¶50. Since then, the FDA has consistently taken the position that it is illegal to use the term "evaporated cane juice" on food ingredient labels because "evaporated cane juice" is not the common or usual name of any ingredient, and because it is false and misleading in that it conceals the true nature of the ingredient. *See* FAC ¶51. In 2009, the FDA issued its *Guidance for Industry: Ingredients Declared as Evaporated Cane Juice, Draft Guidance*, ("2009 Draft Guidance"), in which it reiterated its longstanding position that labels using ECJ in the ingredient list are "false and misleading." ECJ is an unlawful term because it is not the common or usual name for sugar or any other sweetener.  *See* FAC ¶¶46-47.  Both before and after issuing the 2009 Draft Guidance, the FDA has issued warning letters to the industry warning that it is illegal to use ECJ on food ingredient lists, and all have expressly stated that ECJ is not the common or usual name of any type of sweetener and that it is not "juice." *See* FAC ¶51.  Warning letters are issued on matters that the EPA considers to be of regulatory significance, *See* FAC ¶¶ 51, 63.

The FDA has been warning the food industry for over a decade that the use of ECJ on ingredient labels is illegal because it is misleading and violates the common or usual name requirements because it fails to identify the characterizing property of the ingredient (i.e., that it is a sugar or syrup, not a "juice).  The ingredient that a certain segment of the food industry likes to

mislabel as ECJ is actually a refined sugar--"sucrose" as defined in 21 C.F.R. § 184.1854; *see* FAC ¶¶47, 57, 58.  In reality, this "sugar," masquerading as a healthy-sounding "juice," is a refined, 99% sucrose product amounting only to empty calories, with no beneficial nutritional value. *See* FAC ¶¶72, 112. Under FDCA regulations, for ingredient labeling purposes, the ingredient Defendant calls ECJ is properly labeled simply as "sugar."  21 C.F.R. § 101.4(b)(20); *see* FAC ¶47.

Despite the FDA's clear and consistent interpretation of its regulations, some food manufacturers, particularly those pitching their products as "natural" or "healthy," have chosen to disregard the FDA's repeated warnings to the industry and have increasingly mislabeled sugar as ECJ. Apparently the manufacturers feel they have more to gain from misleading consumers than they have to fear from the FDA, with its limited enforcement budget.

While the FDA promulgated its regulations pursuant to the federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.,* ("FDCA"), these regulations are not, however, matters committed exclusively to the FDA, and federal law leaves the states free to impose and enforce parallel requirements, *see* 21 U.S.C. § 343–1.  California has elected to do this through the Sherman Food Drug & Cosmetic Law, Cal. Health & Saf. Code § 109875, *et seq.* (the "Sherman Law").  In addition to expressly imposing parallel requirements, such as the "common or usual name" requirement for food ingredients *see* Cal. Health & Saf. Code § 110725, the Sherman Law incorporates federal labeling regulations promulgated by the FDA pursuant to federal FDCA. *See* Cal. Health & Saf. Code § 110100.

The Sherman Law, and the FDCA regulations it incorporates, require that ingredients on food labels be identified by their "common or usual name." *See* 21 U.S.C. § 343(g) & (i), 21 C.F.R. § 101.4(a), Cal. Health & Saf. Code § 110725(a). If an ingredient is not identified by its common or usual name, the food is misbranded. *See id.* If a food is misbranded, under the Sherman Law it cannot legally be manufactured, sold, held, or received in commerce. *See* Cal. Health & Saf. Code §§ 110760, 110765, 110770. Any violation of the Sherman Law is potentially punishable by not more than a year in the county jail, or a fine, or both. *See* Cal. Health & Saf. Code § 111825.[1]

---

[1] The Sherman Law parallels the FDCA in this respect. *See* 21 U.S.C. §§ 331(a)&(c); 333(a).

Plaintiff brought this case under the "unlawful" prong of California's Unfair Competition Law ("UCL"), [2] CAL. BUS. & PROF. CODE § 17200, alleging that Defendant sold these products in violation of the Sherman Law, and also under the "fraudulent" and "unfair" prongs of the UCL. Plaintiffs also alleged claims under the False Advertising Law, ("FAL") CAL. BUS. & PROF. CODE § 17500, *et seq.*; the Consumers Legal Remedies Act ("CALA"), CAL. CIV. CODE §1750, *et seq.*; and several other theories.  Defendant has now filed a motion to dismiss which, for the reasons set out below, should be denied.

## FACTS

The FAC details Defendant's practice of illegally using the phrase "evaporated cane juice" on its labels to describe an ingredient that is not materially different from ordinary table sugar, and that is properly labeled simply as "sugar" under federal regulations that have been adopted as California law.[3] Plaintiff hereby incorporates by reference all the allegations in the Complaint.

During the Class Period (defined as October 17, 2009 to the present), Plaintiff purchased several of Defendant's products with ECJ on their ingredient list (sometimes with the word "organic" in place of "evaporated," but that difference is not relevant to the misbranding), including Organic Lowfat Peach Kefir, Organic Lowfat Pomegranate/Acai Kefir, Organic Lowfat Raspberry Kefir, Nonfat Strawberry Kefir, and Nonfat Raspberry Kefir.  *See* FAC ¶¶1, 4, 15, 16 & Exhibits 1-5.

---

[2] An unlawful business practice is "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Comm'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). The unlawful prong incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). "[V]irtually any law or regulation—federal or state, statutory or common law—can serve as a predicate for a [Section] 17200 'unlawful' violation." *Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 681 (2006) (internal citations and quotations omitted). "To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Finuliar v. BAC Home Loans Servicing, L.P.*, No. *Finuliar v. BAC Home Loans Servicing, L.P.*, No. C-11-02629 JCS, 2011 U.S. Dist. LEXIS at *23 (N.D. Cal. 2011).

[3] Pursuant to the Sherman Law, California has expressly adopted the federal labeling requirements as its own and indicated that "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state." CAL. HEALTH & SAF. CODE § 110100.

In addition to its blanket adoption of federal labeling requirements, California has also enacted a number of laws and regulations that adopt and incorporate specific enumerated federal food laws and regulations.

Plaintiff seeks to represent a class consisting of people in the United States who purchased the Purchased Products, as well as those who purchased identically misbranded products with ECJ on their ingredient list sold by Defendant during the Class Period ("Substantially Similar Products"). *See* FAC ¶¶ 2, 4, 136.  All of these products—the Purchased Products and the Substantially Similar Products alike—are misbranded in the exact same way and are sold in violation of the Sherman Law because they are improperly labeled with the ingredient ECJ (or some immaterially different variation thereof).  Under California law, these misbranded products cannot be legally bought or sold, have no economic value, and are legally worthless. Indeed, the sale, purchase or receipt in commerce of misbranded food is a criminal act in California and the FDA even threatens food companies with seizure of misbranded products.

## ARGUMENT

### I.  <u>Standard of Review</u>

#### A.  **Motion to Dismiss**

In considering a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted). However, assessing plausibility does not involve analysis of the merits. *Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *, Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009) ("We accept the plaintiffs' allegations as true and construe them in the light most favorable to the plaintiffs."). "[I]t is a 'rare situation' where granting a motion to dismiss claims under the UCL is appropriate." *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1115 (S.D. Cal. 2011). "California courts… have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

### B.   Motion to Strike

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon,* No.: 12-CV-00846-LHK, 2012 U.S. Dist. LEXIS 95467 at *7 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

### II.   <u>Plaintiff adequately alleged when the purchases occurred.</u>

The Class Period set out in the FAC is October 17, 2009, to the present.  FAC ¶ 1.  Plaintiff alleged that he purchased the Purchased Products "during the Class Period."  FAC ¶ 1.  Plaintiff further alleged that he read and relied on Defendant's  labels, and that at the point of sale, "did not know, and had no reason to know" that the products were false and misleading and misbranded, and that after he learned that the Purchased Products were falsely labeled, he stopped purchasing them. FAC ¶¶ 7, 124-126.  Plaintiff further alleged that had he known the Purchased Products contained added sugar, he would not have purchased them, and that "[a]t the time of purchase he did not realize this ingredient was sugar, let alone a refined sugar or an added sugar."  FAC ¶¶ 131-132.

Rule 9(b) requires that claims founded in fraud,  state "the who, what, when, where, and how of the misconduct alleged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Without bothering to cite any authority (apart from the general rule stated in *Kearns*), Defendant asserts that Plaintiff failed to adequately allege the "when," and claims, contrary to the overwhelming (if not unanimous) weight of authority from this district, that it is not sufficient to allege that the purchases

occurred during the class period, and that Plaintiff is required to specify the exact dates of the purchases.

Numerous courts in this district have held that it is sufficient in cases of this sort to allege that the products were purchased "during the class period," and that no further elaboration is required.  As Judge Koh recently ruled in *Bruton v. Gerber Prods. Co.*, No.: 12-CV-02412-LHK, 2014 U.S. Dist. LEXIS 5493 (N.D. Cal. Jan. 15, 2014):

> Gerber contends that the SAC must be dismissed because Bruton does not plead when she purchased the Purchased Products with sufficient particularity for purposes of Federal Rule of Civil Procedure 9(b)…. The Court disagrees. The SAC alleges that Bruton bought the Purchased Products throughout the class period, which runs from May 11, 2008 to the present…. As this Court and numerous other courts in this district have concluded in other food misbranding cases, the SAC's allegations are sufficient to place Gerber on notice as to the time period in which Bruton's allegations arise.

*Id.* at *47 (record citations omitted).  Pleading that the purchases were made during the class period is sufficient, and Plaintiff is not required to specify exactly when within the class period the purchases were made, or how many times.  *Werdebaugh v. Blue Diamond Growers*, No.: 12-CV-02724-LHK, 2013 U.S. Dist. LEXIS 144178 at *49-51 (N.D. Cal. Oct. 2, 2013); *see also, e.g., Clancy v. The Bromley Tea Co.*, 12-CV-03003-JST, 2013 U.S. Dist. LEXIS 112722 at *34-35 (N.D. Cal. Aug. 9, 2013) (unadorned pleading purchases occurred during the class period ruled sufficient); *Khasin v. Hershey Co.*, No.: 5:12-CV-01862 EJD, 2012 U.S. Dist. LEXIS 161300 at *21-23 (N.D. Cal. Nov. 9, 2012) (same); *Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10-4387 PJH, 2011 U.S. Dist. LEXIS 57348 at *15 (N.D. Cal. May 26, 2011) (same); *Chacanaca v. Quaker Oats Co.*, 752 F.Supp.2d 1111, 1126 (N.D.Cal.2010) (same).

Defendant asserts that Plaintiff knew that ECJ was really just sugar by August 16, 2013, so if he purchased the Purchased products after that date, his allegations against Lifeway would be "demonstrably false."  However, while not providing specific dates, the allegations in the FAC preclude the possibility that Plaintiff purchased the Purchased Products after he learned the true nature of ECJ because he specifically alleged that at the time he purchased the Purchased Products, he did not know what ECJ really was.  Essentially, Defendant is arguing that the FAC should be dismissed because Plaintiff did not plead in so many words that he bought the Purchased Products

prior to August 16, 2013, even though that is necessarily implied by what he did plead.  Basically, Defendant's position is that Plaintiffs are required to specifically plead what is already necessarily implied in order to negate a false conclusion that is specifically denied.  That is a bit more than Rule 9(b) requires.

The FAC provides Defendant with adequate notice of the claims against it, which is all that is required at the pleadings stage.  Whether the allegations are true is "a factual issue not appropriately resolved at this stage of the litigation."  *See Bruton v. Gerber*, 2014 U.S. Dist. LEXIS 5493 at *47-48.  If Defendant wants to establish that Plaintiff really did know what ECJ was at the time he bought the Purchased Products, that is what depositions are for.

**III.     Whether ECJ is deceptive or violates the "common or usual name" requirement is a fact issue that cannot be determined at the motion to dismiss stage.**

Plaintiff alleges that Defendant's use of the term "ECJ" on its food labels is deceptive and violates common or usual name requirements as set out in the Sherman Law and in FDA regulations.  Whether this is true or not is not a matter for the Court to decide at the motion to dismiss stage of these proceedings.  *See Jones v. Conagra Foods, Inc.*, 912 F. Supp. 2d 889, 897 n.2 (N.D. Cal. 2012) ("Whether 'propellants' is the common or usual name of the ingredient… is a factual dispute that can be addressed at a different stage in the proceedings.").

Defendant calls Plaintiff's allegation "conclusory,"[4] despite extensive pleadings demonstrating in excruciating detail why the use of ECJ is deceptive and misleading (like the fact that the use of "ECJ" conceals the presence of added sugar and the failure to identify the ingredient as "sugar," instead misleadingly refer to it as "juice) and why it violates the common and usual name requirement (not only because the FDA has repeatedly said so, but also and because it "fail[s] to reveal the basic nature of the food and its characterizing properties (*i.e.*, that the ingredients are sugars or syrups) as required by 21 C.F.R. § 102.5."), *see, e.g,*  FAC ¶¶  23, 38-52, 56-60, 63, 70-71, 94-114, and pretends that everything turns on whether the FDA's repeated pronouncements that the use of ECJ on food

---

[4] Defendant's other answer is to falsely assert that Plaintiff has admitted that "for more than a decade, the food industry generally has been listing ECJ as an ingredient."  Plaintiff never made any allegation about the food industry in general, and only alleged that some manufacturers have been illegal using the term for some time in defiance of the FDA's repeated warnings that the term is illegal. *See* FAC ¶¶50-52.

ingredient lists are final agency decisions.

On a motion to dismiss, the Court is charged with determining whether, under the facts alleged, the complaint states a plausible claim; not to weigh the credibility of the Plaintiffs' factual allegations. In considering dismissal, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570 (internal quotations omitted). Absent conclusive, judicially noticeable proof to the contrary, the allegation in the complaint is enough to get past a motion to dismiss on this issue. There is no such proof to the contrary; there are just the allegations in the FAC explaining why the use of the term ECJ is misleading and why it cannot comply with the common or usual name requirement, and  the FDA's long-standing position that ECJ is not the common or usual name for any food, and that it is false and misleading to use that phrase on food labels.

Judge Orrick observed in rejecting similar arguments in another food misbranding case involving ECJ:

> [A]t this juncture, the plaintiffs are not required to unequivocally establish that Wallaby has in fact broken the law--they merely need to plead sufficient facts to show that it is plausible that Wallaby broke the law. More to the point, the purpose of pleading is to put Wallaby on fair notice of the bases for the plaintiffs' claims, which the Complaint does. Thus, the plaintiffs' "unlawful" claim under the UCL survives.

*Morgan v. Wallaby Yogurt Co.*, No. 13-cv-00296-WHO, 2013 U.S. Dist. LEXIS 144959 at *30-31 (N.D. Cal. Oct. 4, 2013); *see also, e.g.*, *Swearingen v. Yucatan Foods, L.P.*, No C 13-3544 RS, 2014 U.S. Dist. LEXIS 18094 at *24 (N.D. Cal. Feb. 7, 2014) ("Plaintiffs' allegations that "evaporated cane juice" is not a juice as defined by federal regulations nor the common or usual name for sugar are sufficient to state a plausible claim that Yucatan's use of the term "evaporated cane juice" violates the federal regulations adopted by California pursuant to the Sherman Law."); *Samet v. P&G*, No.: 5:12-CV-01891 PSG, 2013 U.S. Dist. LEXIS 86432 at *29 (N.D. Cal. June 18, 2013) ("As alleged, Defendants'

---

[5] While there are limits to what the Court must accept as true, the allegations in this case do not come within light-years of testing those limits. *See Iqbal*, 556 U.S. at 696 (Souter, J., dissenting) ("The sole exception to th[e] rule [that allegations must be credited at the pleading stage applies to] allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (2009) (quoting Justice Souter's dissent in *Iqbal*).

products contain 'sugar,' which should be cited by its "common or usual name" under the FDA regulations. This is sufficient to proceed no matter what final guidance may be issued by the agency."); *Trazo v. Nestle USA, Inc.*, 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534 at *29-30 (N.D. Cal. Aug. 9, 2013) (plaintiffs stated "unlawful" ECJ claim based on violation of common or usual name requirement even though 2009 Draft Guidance is not a "binding regulation."); *Gitson v. Trader Joe's Co.*, No. 13-cv-01333-WHO, 2013 U.S. Dist. LEXIS 144917 at *31-32 (N.D. Cal. Oct. 4, 2013) (FDA's guidance and warning letters supported conclusion that defendant violated Sherman Law); *Werdebaugh v. Blue Diamond Growers*,  2013 U.S. Dist. LEXIS 144178 at *39 ("The FDA has articulated a position on the use of evaporated cane juice that is both internally consistent and consistent with existing regulatory requirements.")   And as in *Gitson*, Defendant's "argument that the guidance and warning letters are nonbinding is beside the point." 2013 U.S. Dist. LEXIS 144917 at *31 n.9.

## IV.  Defendant has not carried its burden of demonstrating that differences in various states laws would preclude a nationwide class.

Defendant asserts that the Court should strike the nationwide class allegations from the FAC because, according to Defendant, the Ninth Circuit's decision in *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), supposedly prohibits nationwide class actions brought under California's consumer protection statutes.  Numerous courts have ruled that similar motion to strike nationwide class allegations were premature at the motion to dismiss stage.  *See e.g., Werdebaugh v. Blue Diamond Growers*, 2013 U.S. Dist. LEXIS 144178 at *54-57 ("[T]he Court finds that striking the nationwide class allegations at this stage of this case would be premature."); *Brazil v. Dole Food Co.*, No.: 12-CV-01831-LHK, 2013 U.S. Dist. LEXIS 136921 at *39-42 (N.D. Cal. Sept. 23, 2013) (motion to dismiss nationwide class claims premature at pleadings stage); *Won Kyung Hwang v. Ohso Clean, Inc.*, No. C-12-06355 JCS, 2013 U.S. Dist. LEXIS 54002 at *58-59 (N.D. Cal. Apr. 16, 2013) (motion to strike nationwide class claims premature at pleadings stage); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 923 (N.D. Cal. 2012) ("Although *Mazza* may influence the decision whether to certify the proposed class and subclass, such a determination is premature. At [the motion to dismiss] stage in the litigation— before the parties have submitted briefing regarding either choice-of-law or class

certification— plaintiff is permitted to assert claims under the laws of different states in the

alternative.").  This is so even where the defendant is not a California resident.  For instance, in *Bruton v. Gerber*, Judge Koh wrote:

> Gerber finally argues that  Bruton's nationwide class claims should be dismissed,
> because Bruton "cannot sue under California's consumer protection statutes on
> behalf of out-of-state putative class members, who made out-of-state purchases of
> products made by an out-of-state company." Mot. at 24. The Court concludes,
> however, that dismissing Bruton's nationwide class claims at this stage would be
> premature. Although Gerber may ultimately prove correct in its argument that
> California law cannot be applied to out-of-state purchases made by out-of-state
> consumers, whether or not this is so depends, in substantial part, on a case-specific
> choice-of-law analysis that the parties and the Court have yet to undertake.

*Bruton v. Gerber Prods. Co.*, 2014 U.S. Dist. LEXIS 5493 at *48-50.  Judge Tigar reached the same

conclusion in *Clancy v. Bromley Tea Co.*, , 2013 U.S. Dist. LEXIS 112722 at *22-24,  which also

involved non-California defendants.[6]

    As all these cases recognize, *Mazza* did not hold, as Defendant suggests, that actions alleging

violations of California's consumer protection statutes are limited to California-only classes.  *Mazza*

did not establish such a "bright-line rule," but rather contained a detailed choice-of-law analysis

which determined that "in *that case* California law should not be applied to non-California residents."

*Won Kyung Hwang v. Ohso Clean, Inc.*, 2013 U.S. Dist. LEXIS 54002 at * 59 (emphasis in original).

"*Mazza* did not purport to hold that nationwide classes are, as a matter of law, uncertifiable under

California's consumer protection laws." *Forcellati v. Hyland's Inc.*, 876 F. Supp. 2d 1155, 1159 (C.D.

Cal. 2012).

    "A federal court sitting in diversity must look to the forum state's choice of law rules to

determine the controlling substantive law." *Mazza*, 666 F.3d at 589; *see also Zinser v. Accufix Research

Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001).  "In order to persuade a California court to apply the

law of another forum, the proponent of the other forum's laws must invoke the law of the foreign

jurisdiction, show that it materially differs from California law, and demonstrate how applying that

---

[6] While the citizenship of the defendants was not stated in Clancy v. Bromley Tea Co., the
plaintiff was a citizen of California, and the court observed that it was a dispute "between citizens of
different states, satisfying the requirements of diversity jurisdiction. 28 U.S.C. § 1332(a)." *Clancy v.
Bromley Tea Co.*, 2013 U.S. Dist. LEXIS 112722 at *9.

law will further the interest of the foreign jurisdiction." *Garamendi v. Mission Ins. Co.*, 131 Cal. App. 4th 30, 41 (2005). "The fact that two or more states are involved does not in itself indicate there is a conflict of laws problem." *Washington Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 919-20 (2001).

Absent a showing to the contrary, it is presumed that foreign law is the same as the law of the forum. *San Rafael Compania Naviera, S. A. v. American Smelting & Refining Co.*, 327 F.2d 581, 587(9th Cir. 1964); *see also In re Marriage of Moore*, 113 Cal. App. 3d 22, 26 n.1 (1980) ("In the absence of proof, the laws of a foreign jurisdiction are presumed to be the same as California."). "The party advocating the application of a foreign state's law bears the burden of identifying the conflict between that state's law and California's law on the issue, and establishing that the foreign state has an interest in having its law applied." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 995 (9th Cir. 2010). "In order to avoid the automatic application of California law to a nationwide class, defendants have the 'substantial burden' of showing that (1) a 'true conflict exists' among the laws of the various states; that (2) 'each state has an interest in applying its own law,' and (3) if each state law has an interest, which state interest will be most impaired if its law is not applied." *Martin v. Dahlberg, Inc.*, 156 F.R.D. 207, 218 (N.D. Cal. 1994). Defendant has not even attempted to make the required showing, nor would it be appropriate at this stage of the litigation.

## CONCLUSUION

As set out above, the complaints raised in Defendant's motion to dismiss are wholly without merit, and the motion should be denied in its entirety.  Plaintiff therefore requests that Defendant's motion to dismiss be denied, and that Plaintiff be afforded all other relief to which he may justly be entitled.[7]

---

[7] In Plaintiff's view, the arguments made in Defendant's motion to dismiss are no longer even arguable, since they have been repeatedly rejected by courts in this district in cases of this type. However, if the Court disagrees and concludes that Plaintiff's FAC is in some way inadequate, Plaintiff should be afforded the opportunity to amend.  "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted).

Dated: February 14, 2014

Respectfully submitted,


_/s/ D'Juana Parks_
D'Juana Parks (*pro hac vice*)
PROVOST ★ UMPHREY LAW FIRM, LLP
490 Park St.
Beaumont, TX 77701
Telephone: (409) 835-6000
Fax: (409) 813-8647
dparks@pulf.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1901 S. Bascom Avenue, Suite 350
Campbell, CA  95008
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com


## CERTIFICATE OF SERVICE

I hereby certify that I have on February 14, 2014, filed and served through the Court's ECF system a true and correct copy of the foregoing.

_/s/ D'Juana Parks_
D'Juana Parks (*pro hac vice*)