1   David T. Biderman, State Bar No. 101577
    DBiderman@perkinscoie.com
2   Joren S. Bass, State Bar No. 208143
    JBass@perkinscoie.com
3   PERKINS COIE LLP
    Four Embarcadero Center, Suite 2400
4   San Francisco, CA  94111-4131
    Telephone:  415.344.7000
5   Facsimile:  415.344.7050

6   Joseph J. Jacobi (*Pro Hac Vice*)
    JJacobi@mcdonaldhopkins.com
7   Richard N. Kessler (*Pro Hac Vice*)
    RKessler@mcdonaldhopkins.com
8   MCDONALD HOPKINS LLC
    300 North LaSalle Street, Suite 2100
9   Chicago, IL  60654
    Telephone:  312.280.0111
10  Facsimile:  312.280.8232

11  Attorneys for Defendant
    LIFEWAY FOODS, INC.

12

13                  UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16  ROBERT E. FIGY, individually and on       Case No. 3:13-CV-04828 TEH
    behalf of all others similarly situated,
17                                            **DEFENDANT LIFEWAY FOODS, INC.'S**
                    Plaintiff,                **REPLY IN SUPPORT OF MOTION TO**
18                                            **DISMISS FIRST AMENDED COMPLAINT**
          v.                                  **AND MEMORANDUM OF POINTS AND**
19                                            **AUTHORITIES IN SUPPORT**
    LIFEWAY FOODS, INC.,
20                                            Action Filed:  October 17, 2013
                    Defendant.
21                                            Date:        March 10, 2014
                                              Time:        10:00 a.m.
22                                            Courtroom:  2
                                              Before:      Honorable Thelton E. Henderson
23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE(S)

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ...................................................................................................... 2

    A.   Plaintiff Has Not Met the Requirement Under Rule 9(b) That He Plead With Particularity the Date of His Purchase of Lifeway's Products.........................2

    B.   Plaintiff's FAC Establishes That Lifeway's Products Were Not "Misbranded" or "Illegal" Because of Lifeway Listed ECJ as an Ingredient, and as a Result, Plaintiff's Claims for Relief are Fatally Defective and Subject to Dismissal. ........................................................7

    C.   There is No Legal Basis to Support Plaintiff's Nationwide Class Allegations, and Because it is Clear From the FAC That This Class Cannot be Maintained as to the Claims First Asserted, Resolution of This Issue Should be Addressed Now and Not at Class Certification.................................10

III. CONCLUSION ................................................................................................ 12

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Bell Atlantic Corp. v. Twombley,*
    550 U.S. 544 (2007) ......................................................................................... 7

*Bruton v. Gerber Prods. Co.,*
    Civil Action No. 13-cv-2412, 2014 WL 172111 (N.D. Cal., Jan. 15, 2014) ................... 3, 4, 5

*Cytosport, Inc. v. Vital Pharmaceuticals, Inc.,*
    894 F. Supp. 2d 1285 (E.D. Cal. 2012) ................................................................. 9

*Epstein v. Wash. Energy Co.,*
    83 F.3d 1136 (9th Cir. 1996) ............................................................................... 7

*Figy v. Amy's Kitchen, Inc.,*
    Civil Action No. 13-cv-3816-SI (N.D. Cal., filed August 16, 2013) ........................ 5

*Figy v. Amy's Kitchen, Inc.,*
    Civil Action No. 13-cv-3816-SI, 2013 WL 6169503 (N.D. Cal., Nov. 25, 2013) ................. 3

*Figy v. Lifeway Foods, Inc.,*
    Civil Action No. 13-cv-4828-THE (N.D. Cal., filed Oct. 17, 2013) ........................ 5

*General Telephone Co. of Southwest v. Falcon,*
    457 U.S. 147 (1982) ......................................................................................... 11

*Gitson v. Clover Stornetta Farms,*
    Civil Action No. 13-cv-1517, 2014 WL 172338 (N.D. Cal., Jan. 15, 2014) ........................ 4

*In re Actimmune Marketing Litigation,*
    Civil Action No. 08-cv-2376-MHP, 2010 WL 3463491 (N.D. Cal., Sept. 1, 2010),
    *aff'd* 463 Fed.Appx. 651 (9th Cir. 2011) ........................................................... 3

*Jones v. ConAgra Foods, Inc.,*
    912 F. Supp. 2d 889 (N.D. Cal. 2012) ......................................................... 3, 4, 10

*Kane v. Chobani, Inc.,*
    Civil Action No. 12-cv-2425, 2013 WL 3703981 (N.D. Cal., July 12, 2013) .................... 4

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ............................................................................. 2

*Kwikset Corp. v. Superior Court of Orange County,*
    51 Cal.4th 310 (2011) ....................................................................................... 3

i

*Sullivan v. Oracle Corp.*,
   51 Cal.4th 1191 (2011) ................................................................................ 11

*Summit Tech., Inc. v. High–Line Med. Instruments Co.*,
   922 F.Supp. 299 (C.D.Cal.1996) .................................................................. 9

*Swearingen, et al. v. Amazon Preservation Partners, Inc.*,
   Civil Action No. 13-cv-4402-WHO (N.D. Cal., filed Sept. 23, 2013) .................... 5

*Swearingen, et al. v. Attune Foods, Inc.*,
   Civil Action No. 13-cv-454-KAW (N.D. Cal., filed Sept. 30, 2013) ...................... 5

*Swearingen, et al. v. Healthy Beverage LLC, et al.*,
   13-cv-4385-EMC (N.D. Cal., filed Sept. 20, 2013) .......................................... 5

*Swearingen, et al. v. Late July Snacks, LLC*,
   Civil Action No. 13-cv-4324-JSC (N.D. Cal., filed Sept. 18, 2013) ...................... 5

*Swearingen, et al. v. Pacific Foods of Oregon, Inc.*,
   Civil Action No. 13-cv-4157-JSC (N.D. Cal., filed Sept. 9, 2013) ....................... 5

*Swearingen, et al. v. Santa Cruz Natural Inc.*,
   Civil Action No. 13-cv-4291-SI (N.D. Cal., filed Sept. 16. 2013) ....................... 5

*Swearingen v. Yucatan Foods, L.P.*,
   — F. Supp. 2d —, 2014 WL 553537 (N.D. Cal., Feb. 7, 2014) ........................... 7

*Vess v. Ciba-Geigy Corp., USA*,
   317 F.3d 1097 (9th Cir. 2003) ...................................................................... 2

*Wilson v. Frito-Lay North America, Inc.*,
   Civil Action No. 12-cv-1586-SC, — F. Supp. 2d —, 2013 WL 5777920 (N.D. Cal.,
   Oct. 24, 2013) ........................................................................... 3, 10, 11

**STATUTES**

Federal Rule of Civil Procedure 9(b) ................................................... passim

Federal Rule of Civil Procedure 12(b)(6) ............................................ 6, 8, 12

Federal Rule of Civil Procedure 12(f) .................................................. 13

ii

1    **I.      INTRODUCTION**

2          Instead of addressing head-on the issues and arguments presented by Defendant Lifeway

3    Foods, Inc. ("Lifeway") for its Motion to Dismiss (Dkt. No. 24) the First Amended Complaint

4    ("FAC," Dkt. No. 23) in this case, Plaintiff Robert E. Figy ("Plaintiff") hopes to persuade the

5    Court to deny Lifeway's well-taken Motion not because Plaintiff supports his positions by

6    substantive argument, but rather on the bases of hyperbole and repetition.  Indeed, the central

7    thesis for his opposition is set out clearly in Plaintiff's "Statement of Issues to be Decided," each

8    of which promise that "[n]umerous courts in this district" have rejected Lifeway's positions, and

9    culminate with the query:  "Were these cases all wrongly decided?"  (Dkt. No. 29, at p. iv.)

10         But Plaintiff's reliance upon these "[n]umerous cases" accomplishes little.  Plaintiff fails

11   throughout his brief to show the Court that the circumstances in those cases were the same as

12   those present here, or that those courts' reasoning appropriately applies here.  Consistent with his

13   approach throughout the FAC, Plaintiff instead relies merely on his opinions and conclusions,

14   asserting for his opposition to the Motion to Dismiss that all of these "[n]umerous cases" could

15   not have been wrongly decided, but never providing any detail or explanation to show that the

16   bases and reasoning relied upon by the courts deciding those cases are analogous or applicable to

17   the facts and circumstances present here.

18         Moreover, Plaintiff's recitation of cases involving similar issues is inexplicably

19   incomplete, and consistently ignores cases in which courts in this district have agreed with the

20   positions advocated by Lifeway, despite the fact that at least one of Plaintiff's attorneys

21   represented plaintiffs in each of those cases that Plaintiff omitted from his opposition.  As

22   demonstrated herein, the circumstances underlying these cases are factually analogous to

23   Plaintiff's claims and allegations here, and the reasoning adopted by the courts properly applies to

24   support dismissal of Plaintiff's FAC in its entirety.  Accordingly, Lifeway respectfully requests

25   that the Court grant its Motion to Dismiss.

26

27

28

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1    **II.    ARGUMENT**

2         **A.    Plaintiff Has Not Met the Requirement Under Rule 9(b) That He Plead With
3              Particularity the Date of His Purchase of Lifeway's Products.**

4         Plaintiff does not dispute that his claims in this case are subject to the heightened pleading

5    standard required under Rule 9(b) of the Federal Rules of Civil Procedure.  To survive Lifeway's

6    Motion to Dismiss, then, Plaintiff's allegations must include the "who, what, when, where, and

7    how of the misconduct charged." *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir.

8    2003) (internal quotation marks omitted).  *Accord Kearns v. Ford Motor Co.*, 567 F.3d 1120,

9    1125 (9th Cir. 2009).

10        With regard to the "when" component of Plaintiff's claims against Lifeway, he has

11   alleged only that he purchased certain of Lifeway's products at issue at unspecified times during

12   the "Class Period" associated with his FAC, which is defined as the four-year period preceding

13   the filing of the original complaint in this case – *i.e.*, sometime during the period from October

14   17, 2009, through October 17, 2013.  (FAC, Dkt. No. 23, ¶¶ 1, 1 [*sic*], 123.)  Plaintiff argues that,

15   under the alleged facts at issue for his claims against Lifeway, this general allegation meets the

16   requirement of Rule 9(b) that he plead with particularity the circumstances surrounding the

17   alleged fraudulent conduct of Lifeway.  His conclusion is based entirely upon his assertion that

18   "[n]umerous courts in this district have held that it is sufficient in cases of this sort to allege that

19   the products were purchased 'during the class period,' and that no further elaboration is required."

20   (Dkt. No. 29, at p. 6.)  Nothing in Plaintiff's memorandum in opposition to Lifeway's Motion to

21   Dismiss establishes (or even suggests) that the circumstances underlying the decisions of the

22   courts in his cited cases were similar to those present here.  To the extent that there was no

23   information available to the courts in those cases to raise even a question as to whether, during

24   the "class periods" in which those plaintiffs alleged to have purchased the products at issue, the

25   plaintiffs could reasonably and plausibly have relied on labels for those products to establish the

26   bases for the claims asserted, the allegations that they had purchased such products at any time

27   during the alleged class periods is sufficient to meet the requirements of Rule 9(b), and those

28   courts properly rejected the defendants' arguments for dismissal.

However, in the present case, there *is* information available to the Court that demonstrates that, at some time during the Class Period, Plaintiff possessed information that undermines his allegation that he was misled or deceived by Lifeway's listing of ECJ on its labels, and consequently, could not plausibly meet the requirement that any alleged injury resulted from reasonable reliance upon Lifeway's alleged misrepresentations.  *See, e.g.*, *Kwikset Corp. v. Superior Court of Orange County*, 51 Cal.4th 310, 326-27 (2011) (holding that reliance is an essential element of claims brought under UCL's "unlawful" prong, where the claim is premised on allegations of misrepresentation or deception).  *See also Bruton v. Gerber Prods. Co.*, Civil Action No. 13-cv-2412, 2014 WL 172111, at *6 (N.D. Cal., Jan. 15, 2014); *Figy v. Amy's Kitchen, Inc.*, Civil Action No. 13-cv-3816-SI, 2013 WL 6169503, at *3-4 (N.D. Cal., Nov. 25, 2013); *Wilson v. Frito-Lay North America, Inc.*, Civil Action No. 12-cv-1586-SC, — F. Supp. 2d —, 2013 WL 5777920, at *7-8 (N.D. Cal., Oct. 24, 2013); *In re Actimmune Marketing Litigation*, Civil Action No. 08-cv-2376-MHP, 2010 WL 3463491, at *8 (N.D. Cal., Sept. 1, 2010), *aff'd* 463 Fed.Appx. 651 (9th Cir. 2011).

In fact, contrary to Plaintiff's argument, where the circumstances underlying a plaintiff's claims in cases involving allegations of misbranded or mislabeled food products changed during the alleged class periods, courts in this district *have* held plaintiffs to a higher standard, requiring that they plead with greater specificity the "when" component of their claims.  For example, in *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889 (N.D. Cal. 2012), [1] the court dismissed the plaintiff's claims as to one of the defendant's products at issue because the defendant had changed the information appearing on that product's label during the alleged class period.  As to other products of the defendant for which there had been no changed circumstances during the class period, the court agreed with the position asserted by Plaintiff, deciding that pleading generally that those products were purchased "throughout the class period" satisfied the

---

[1] Although one of Plaintiff's attorneys in this case was also one of the attorneys for the plaintiff is *Jones v. ConAgra Foods, Inc.*, and notwithstanding that Plaintiff cited *Jones* in connection with another issue in his memorandum in opposition to Lifeway's Motion to Dismiss, Plaintiff inexplicably did not call this Court's attention to the decision in *Jones* among those cases he cites regarding whether his general allegations about the dates of purchase satisfied the requirements of Rule 9(b).

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1   heightened pleading requirement under Rule 9(b) as to the "when" component of the asserted

2   claims.  912 F. Supp. 2d at 902.  "However, the Court does agree with Defendant with respect to

3   the [remaining product] because Defendant has recently changed the label," and as a result of that

4   changed circumstance, "[i]t is necessary to know more specifically when Plaintiffs purchased"

5   that product.  *Id.* at 902-03.  Accordingly, the court dismissed the claims as to that product "for

6   failure to plead with particularity the 'when and where' required by Rule 9(b)."  *Id.* at 903.

7          Similarly, in *Kane v. Chobani, Inc.*, Civil Action No. 12-cv-2425, 2013 WL 3703981

8   (N.D. Cal., July 12, 2013), although the court denied the defendant's motion to dismiss plaintiffs'

9   claims for failure with plead with specificity the dates on which plaintiffs had purchased

10  defendant's products, it expressly acknowledged that its determination was appropriate because

11  there had been no change in circumstances during the general periods alleged for the purchases.

12  That is, the court in *Kane* suggested that if, for example, the defendant had discontinued use of

13  the term ECJ on its labels at some time during the alleged class period, there would be need for

14  more detailed allegations regarding the dates of purchase.

15         In *Kane*, one of the named plaintiffs alleged that she began purchasing the products at

16  issue approximately one year before the complaint was filed, while the remaining two named

17  plaintiffs had started purchasing the defendant's products approximately two years before the

18  complaint was filed.  All of the named plaintiffs alleged that they continued to purchase those

19  products until shortly before the complaint was filed.  Rejecting the defendant's argument that the

20  claims must be dismissed because the dates of purchase were not specifically alleged, the court

21  stated that "Defendant has not shown that Defendant used a term other than ECJ during the period

22  in which Plaintiffs purchased [defendant's products].  Accordingly, the Court is not persuaded

23  that, *in this case*, Plaintiffs should be required to allege with more specificity each time they"

24  purchased those products.  2013 WL 3703981, at *18.  *Accord Gitson v. Clover Stornetta Farms*,

25  Civil Action No. 13-cv-1517, 2014 WL 172338, at * 14 (N.D. Cal., Jan. 15, 2014).  *But see*

26  *Bruton v. Gerber Prods. Co.*, Civil Action No. 12-cv-2412, 2014 WL 172111, at *13 (N.D. Cal.,

27  Jan. 15, 2014) (denying motion to dismiss for failure to plead with particularity dates of purchase

28  because, "[a]lthough [defendant] argues that the instant case is distinguishable because

4

1   [defendant's] labels have purportedly changed during the class period, . . . the Court has already

2   concluded that whether and when [defendant's] product label changed during the class period is a

3   factual issue not appropriately resolved at this stage of the proceedings").[2]

4           On August 16, 2013, Plaintiff filed the first of eight class action lawsuits in which he is a

5   named plaintiff,[3] each alleging in nearly identical terms that he purchased products that were

6   "illegally" misbranded because they listed ECJ as ingredients.  As in the present case, for his first

7   such complaint (against Amy's Kitchen, Inc. (Civil Action No. 13-cv-3816-SI, pending in the

8   U.S. District Court for the Northern District of California)), Plaintiff alleged that he did not know

9   that ECJ constituted "added sugar" until after he purchased that defendant's products.  Because

10  Plaintiff's complaint against Amy's Kitchen, Inc. was filed more than two months earlier than his

11  original complaint against Lifeway, though, he clearly had knowledge about the nature of ECJ at

12  least as early as August 16, 2013.  If he did not purchase the Lifeway products at issue until after

13  that date, his allegations and claims against Lifeway are demonstrably false, and all of his claims

14  for relief here fail as a matter of law.  The specific date(s) on which Plaintiff allegedly purchased

15  the Lifeway products at issue is critical to whether Plaintiff has sufficiently – and plausibly –

16  pleaded any cause of action against Lifeway for which relief can be granted.

17

18  _____

19  [2] The court's reasoning in *Bruton* rests upon facts that are readily distinguishable from the circumstances of this case.  While the question of "whether and when" the defendant's labels

20  changed in *Bruton* would have required a factual determination, as Lifeway explains herein, no such determination is necessary in the present case.  The ultimate question of whether Plaintiff

21  can establish the requisite reliance to make out his claims against Lifeway is immediately apparent based upon the date(s) of his alleged purchases of Lifeway's products at issue.  Unless

22  Plaintiff can establish that he purchased those products prior to the time he first learned that ECJ constitutes "added sugar," which time must be earlier than his August 16, 2013, complaint against

23  Amy's Kitchen, Inc., his claims against Lifeway must be dismissed.

24  [3] *See Figy v. Amy's Kitchen, Inc.*, Civil Action No. 13-cv-3816-SI (N.D. Cal., filed August 16, 2013); *Swearingen, et al. v. Pacific Foods of Oregon, Inc.*, Civil Action No. 13-cv-4157-JSC

25  (N.D. Cal., filed Sept. 9, 2013); *Swearingen, et al. v. Santa Cruz Natural Inc.*, Civil Action No. 13-cv-4291-SI (N.D. Cal., filed Sept. 16. 2013); *Swearingen, et al. v. Late July Snacks, LLC*,

26  Civil Action No. 13-cv-4324-JSC (N.D. Cal., filed Sept. 18, 2013); *Swearingen, et al. v. Healthy Beverage LLC, et al.*, 13-cv-4385-EMC (N.D. Cal., filed Sept. 20, 2013); *Swearingen, et al. v.*

27  *Amazon Preservation Partners, Inc.*, Civil Action No. 13-cv-4402-WHO (N.D. Cal., filed Sept. 23, 2013); *Swearingen, et al. v. Attune Foods, Inc.*, Civil Action No. 13-cv-454-KAW (N.D. Cal.,

28  filed Sept. 30, 2013); and *Figy v. Lifeway Foods, Inc.*, Civil Action No. 13-cv-4828-THE (N.D. Cal., filed Oct. 17, 2013).

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1    Plaintiff alleges here (as he did in each of the seven other ECJ-related class action lawsuits

2    he filed before this case) that he had no information about the nature of ECJ at the time that he

3    purchased the Lifeway products, and that, had he known differently, he would never have made

4    those purchases.  But Plaintiff cannot dispute that, at some time during the four-year class period

5    alleged in this case, and at least as early as August 16, 2013, he acquired such knowledge.  The

6    question of when he acquired that knowledge is essential to his allegations about reliance upon

7    Lifeway's supposed misrepresentation, which allegations are, in turn, essential to each and every

8    cause of action in this case.  The Court and Lifeway are entitled to this information, which

9    necessarily must have been pleaded with particularity under Rule 9(b), and frankly, it should have

10   been simple enough for Plaintiff to have alleged the dates of his purchases of the Lifeway

11   products at issue with sufficient specificity.

12   Plaintiff argues that the dates when he allegedly made the purchases in question is a

13   factual question that need not be resolved at the pleading stage, but rather, is properly the subject

14   of a deposition.  (Dkt. No. 29, at p. 7.)  But this argument ignores that Rule 9(b) expressly

15   requires that Plaintiff plead with particularity the factual allegations of all of his causes of action

16   sounding in fraud, and Plaintiff cannot satisfy this pleading requirement merely by stating that the

17   information sought by Lifeway and required by Rule 9(b) would be available in discovery.  Such

18   a position eviscerates and undermines altogether Rule 9(b).  To be sure, Plaintiff's knowledge

19   about ECJ, and in particular, what he knew and when he knew it, will be explored thoroughly in

20   discovery, as will all of the essential elements of Plaintiff's claims against Lifeway.  However,

21   the purposes of Rules 9(b) and 12(b)(6) are to ensure that Plaintiff has adequately and sufficiently

22   stated plausible claims upon which relief can be granted, and thus, before this case should be

23   allowed to proceed forward into discovery, Plaintiff must be held to the standards set out by the

24   Federal Rules of Civil Procedure requiring that he state in his FAC causes of action for which

25   relief can be granted.  Requiring that Lifeway incur the significant expense of discovery and

26   defending against Plaintiff's claims where he has failed to sufficiently set forth all of the bases of

27   those claims is improper.  Accordingly, Lifeway respectfully requests that this Court grant

28

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1  Lifeway's Motion and dismiss all of Plaintiff's claims for his failure to have pleaded with

2  requisite particularity the "when" component of those claims.

3  **B.    Plaintiff's FAC Establishes That Lifeway's Products Were Not "Misbranded" or "Illegal" Because of Lifeway Listied ECJ as an Ingredient, and as a Result, Plaintiff's Claims for Relief are Fatally Defective and Subject to Dismissal.**

4

5  Plaintiff confuses fact with repetition and hyperbole, and employs the latter in an effort to

6  distract from the reality that his FAC is devoid of the former.  Merely repeating his opinions and

7  conclusions throughout the FAC and his memorandum in opposition to Lifeway's Motion to

8  Dismiss does not elevate these deficient allegations to "facts" sufficient to state a plausible claim

9  that Lifeway's conduct is illegal, and as a result, Plaintiff is entitled to relief.  Because Plaintiff

10  has not alleged sufficient *facts* to support his claims against Lifeway in this case, the Court should

11  dismiss Plaintiff's FAC.

12  While the Court must accept as true all of Plaintiff's well-pleaded material allegations,

13  "'[c]onclusory allegations of law and unwarranted inferences' . . . 'are insufficient to defeat a

14  motion to dismiss for failure to state a claim.'" *Swearingen v. Yucatan Foods, L.P.*, — F. Supp.

15  2d —, 2014 WL 553537, at *2 (N.D. Cal., Feb. 7, 2014), quoting *Epstein v. Wash. Energy Co.*,

16  83 F.3d 1136, 1140 (9th Cir. 1996).  And neither may the Court take as true "[t]hreadbare recitals

17  of the elements of the cause of action, supported by mere conclusory statements." *Bell Atlantic*

18  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

19  All of Plaintiff's claims against Lifeway in this case rest upon his conclusory allegations

20  that listing ECJ as an ingredient is illegal.  And notwithstanding his protestation that this

21  conclusion is "demonstrate[ed] in excruciating detail [as to] why the use of ECJ is deceptive and

22  misleading . . . and why it violates the common and usual name requirement," nothing in

23  Plaintiff's FAC establishes these facts.  Instead, Plaintiff depends on a four-year old Draft

24  Guidance promulgated by the FDA solely for purposes of eliciting comments from the industry

25  and others.  Even had this draft document been finalized and adopted – and it has not – the FDA

26  expressly states its formal, final Guidance Documents have no legal authority:  "Guidance

27  documents *do not establish legally enforceable responsibilities*," but rather, merely "describe the

28  [FDA's] current thinking on a topic and *should be viewed only as recommendations*," unless and

7

1     until such time as the FDA implements specific requirements.  (Dkt. No. 24, at p. 7, citing

2     http://www.fda.gov/Food/Guidance Regulation/default.htm and FDA October 2009 Draft

3     Guidance at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatory

4     Information/ LabelingNutrition/ucm181491.htm (emphasis added).)

5           The FDA's 2009 Draft Guidance does not establish that the use of the term ECJ on

6     product labels is "illegal" or "unlawful" as Plaintiff urges, and while Plaintiff is correct that a

7     motion to dismiss pursuant to Rule 12(b)(6) is not an appropriate forum for determination of

8     disputed factual questions, Plaintiff misses the point of Lifeway's argument on this issue.

9     Plaintiff's opinions, conclusions, and interpretations of the FDA's 2009 Draft Guidance, as well

10     as of the FDA's regulations, as alleged repeatedly throughout his FAC, are not themselves "facts"

11     entitled to any deference by this Court, and they do not establish a dispute as to the actual facts

12     necessary to support all of Plaintiff's claims against Lifeway.  Indeed, to the extent Plaintiff has

13     pleaded any factual allegations in his FAC regarding the substance and import of the FDA's 2009

14     Draft Guidance, those are entirely consistent with Lifeway's argument:  the FDA has articulated

15     its position and recommendation regarding the listing of ECJ on product labels within the food

16     industry, *but* it has *not* promulgated or implemented a single regulation establishing that the use

17     of that term is illegal or unlawful.  Plaintiff does not – and cannot – point the Court or Lifeway to

18     a single such regulation, nor does he – or can he – identify a single instance in which the FDA has

19     fined or sanctioned any entity for its use of ECJ on product labels, or otherwise articulated a

20     position that such use is "illegal" or unlawful."

21           In place of facts like these that might support Plaintiff's claims against Lifeway, Plaintiff

22     is left to allege that the 2009 Draft Guidance establishes legally enforceable obligations on

23     entities operating within the food industry – and it *does not*, as the FDA expressly acknowledges

24     – or alternatively, that any listing of ECJ violates the FDA's regulatory mandate that ingredients

25     in food products be listed according to their common and usual names.  But once again,

26     Plaintiff's allegations in this regard state nothing more than his opinions and conclusions; they are

27     not "facts," and consequently, they do sufficiently support his claims against Lifeway.  Had

28     Plaintiff been able to plead some factual bases to establish that the FDA agrees with his opinions

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1    and conclusions (as something more than merely its "current thinking on [the] topic"), and that

2    there was some statutory or regulatory framework under which the use of the term ECJ is actually

3    illegal or unlawful, that might constitute support for his claims.  There is no such framework,

4    though, and Plaintiff's allegations are woefully insufficient because he has not – and cannot –

5    allege anything more than his mere opinion and conclusion that Lifeway has violated the law by

6    listing ECJ as an ingredient on its products.

7         Plaintiff's general allegation about "[n]umerous FDA warning letters, which are issued

8    only for violations of regulatory significance" likewise does not establish any basis for Plaintiff's

9    conclusion that listing ECJ as an ingredient is illegal.  (FAC, Dkt. No. 23, at ¶ 63.)  First, Plaintiff

10   provides no information about these letters, such as when they were issued, or to what person in

11   what industry they were issued, or what direction or relief the FDA provided or proscribed in

12   those letters.  Such as it is, Plaintiff's allegation does nothing to support his opinion that listing

13   ECJ on product labels is illegal, or that the FDA has ever taken that position.

14        Moreover, Plaintiff's conclusory allegation that these letters "are issued only for

15   violations of regulatory significance" is belied by the fact that Plaintiff does not allege that the

16   FDA has implemented any regulation prohibiting the use of the term ECJ, as well as by the

17   FDA's own acknowledgement that there are no such regulations.  *See also Cytosport, Inc. v. Vital*

18   *Pharmaceuticals, Inc.*, 894 F. Supp. 2d 1285, 1294, 1297 (E.D. Cal. 2012) ("FDA warning letters

19   are informal and advisory, and do not amount to an FDA action.); *Summit Tech., Inc. v. High–*

20   *Line Med. Instruments Co*., 922 F.Supp. 299, 306 (C.D.Cal.1996) (holding that FDA warning

21   letters do not amount to an FDA position on a matter because the FDA can change its final

22   determination based on further investigation").

23        Absent allegations that the FDA has taken specific actions to bar the use of ECJ as an

24   ingredient in products and to make such use illegal or unlawful (including, for example, the

25   assessment of fines or sanctions against any manufacturer for use of that term, or implementation

26   of regulations prohibiting use of ECJ on product labels) Plaintiff cannot support his conclusory

27   allegation that listing ECJ as an ingredient is "illegal."  Plaintiff has made no such allegations, nor

28   could he, and thus, Plaintiff cannot state a claim for relief against Lifeway under any of the counts

9

1    of the FAC, and Lifeway respectfully requests that the Court dismiss the FAC in its entirety for

2    this additional reason.

3           **C.**      **There is No Legal Basis to Support Plaintiff's Nationwide Class Allegations,**
                  **and Because it is Clear From the FAC That This Class Cannot be Maintained**

4                      **as to the Claims Asserted, Resolution of This Issue Should be Addressed Now**
                  **and Not at Class Certification.**

5

6           As with the other bases for Lifeway's Motion to Dismiss, Plaintiff neglects to effectively

7    address any of Lifeway's arguments for striking his nationwide class allegations of the FAC.

8    Instead, Plaintiff's sole response amounts to nothing more than a suggestion that this is not the

9    appropriate time to consider this question.  Plaintiff therefore urges the Court to ignore this issue

10   until sometime in the future when the Court is asked to consider the question of class

11   certification.  And consistent with the theme of Plaintiff's opposition to Lifeway's motion, he

12   cites a number of cases in which courts have agreed to delay consideration of nationwide class

13   allegations until class certification.  But again, Plaintiff does not make any effort to establish – or

14   even to suggest – that the circumstance on which the courts in those cases relied for their

15   decisions are identical, or even substantially the same as, the circumstances present here.

16          Once again, Plaintiff neglects to identify to the Court those cases that contradict his

17   arguments.  For example, *Wilson v. Frito-Lay North America, Inc.*, Civil Action No. 12-cv-1586-

18   SC, — F. Supp. 2d —, 2013 WL 5777920 (N.D. Cal., Oct. 24, 2013), the plaintiffs brought the

19   same claims under California law as Plaintiff pursues in this case, and purported to bring them on

20   behalf of a nationwide class of consumers.[4]  On the defendant's motion to dismiss those claims –

21   including plaintiffs' nationwide class allegations – the court in *Wilson* specifically rejected the

22   argument advanced by Plaintiff here, holding that the question of whether a nationwide class was

23   proper where only claims under California  law were asserted was properly dismissed on the

24   pleadings, and did not need to delay consideration of that question until the class certification

25   _____

26      [4] Like *Jones v. ConAgra Foods, Inc.* (*see supra*, p. 4 n.1), Plaintiff's counsel in this case
was also one of the attorneys for the plaintiffs in *Wilson v. Frito-Lay North America, Inc.*  And as

27   with *Jones*, which Lifeway submits cuts against Plaintiff's arguments, Plaintiff inexplicably failed
to identify the *Wilson* case to the Court in connection with Plaintiff's opposition to Lifeway's

28   motion regarding the putative nationwide class allegations.

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1   stage.  2013 WL 5777920, at *9-10.  To reach this decision, the *Wilson* court expressly

2   acknowledged that "the Supreme Court of California has clarified that state statutes like the UCL,

3   FAL, and CLRA presumptively do not apply to occurrences outside California," and further

4   stated that "California law presumes that the legislature did not intend a statute to be 'operative,

5   with respect to occurrences outside the state, . . . unless such intention is clearly expressed or

6   reasonably to be inferred from the act or from its purpose, subject matter or history.'"  *Id.*, citing

7   to and quoting from *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011).

8          The court in *Wilson* stated that "[c]lass allegations typically are tested on a motion for

9   class certification, not at the pleading stage," but rejected the plaintiffs' argument and agreed with

10  the defendant that, under the facts of that case, it was appropriate to address the class allegations

11  in connection with the motion to dismiss.  Specifically, the court recognized that "'[s]ometimes

12  the issues are plain enough from the pleadings to determine whether the interests of the absent

13  parties are fairly encompassed within the named plaintiff's claim.' . . .  Thus, some courts have

14  struck class allegations where it is clear from the pleadings that class claims cannot be

15  maintained."  *Id.* At *10, quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147,

16  160 (1982) (internal citations omitted).

17         *Wilson* presented just such a case, as does the Plaintiff here.  As in *Wilson*, the named

18  plaintiff "[is] located in California, Defendant is located [outside of California], and Plaintiff[

19  has] not alleged any activity within California except for [his] own purchase of the Purchased

20  Products."  *Id.*  Further, "nothing in Plaintiff['s] complaint alleges that any of the out-of-state

21  purchases were directed from California or had anything to do with California.  Plaintiff['s]

22  allegations on these points amount to nothing more than conclusions of law without any

23  supporting facts.  Non-California citizens who made purchases in California could assert the same

24  California causes of action that Plaintiff[ ] do[es], but there is no plausible way for a non-

25  California citizen who purchased Defendant's Products outside California to bring these claims."

26  *Id.*

27         For these reasons – all of which apply with equal force to Plaintiff's claims and

28  nationwide class allegations against Lifeway here – the court in *Wilson* granted the defendant's

                                            11

1   motion and dismissed – *with prejudice* – the plaintiffs' claims based upon activity that allegedly

2   occurred outside of California.  And for these reasons, Lifeway respectfully requests that this

3   Court reach the same conclusion and strike and dismiss Plaintiff's nationwide class allegations

4   and claims, with prejudice.  Plaintiff has not pleaded a plausible cause of action to support his

5   putative nationwide class, as demonstrated plainly and unequivocally by the FAC, so that

6   delaying this determination until the class certification stage, as Plaintiff urges, is unnecessary

7   and is calculated by Plaintiff to increase the cost to Lifeway and the complexity of all proceedings

8   and discovery.  Because there is no plausible way for Plaintiff's nationwide class to proceed

9   under only California State law claims, this issue is properly dispensed with now, on Lifeway's

10   Motion to Dismiss.

11   **III.     CONCLUSION**

12        As demonstrate herein and in Lifeway's Motion to Dismiss First Amended Complaint and

13   Memorandum of Points and Authorities in Support (Dkt. No. 24), Plaintiff's FAC does not

14   plausibly state any claims upon which relief can be granted.  Relying as he does on insufficient,

15   general allegations, primarily comprising opinion and conclusion (and not fact), Plaintiff has not

16   met his burden under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and

17   Lifeway respectfully requests that the Court dismiss Plaintiff's FAC in its entirety for at least

18   those reasons.  Lifeway further respectfully requests that the Court strike Plaintiff's nationwide

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH

1  class allegations pursuant to Rule 12(f); Plaintiff's FAC makes clear that there is no basis in law

2  to support his assertion of a nationwide class.

3

4  DATED:  February 21, 2014                    **PERKINS COIE** LLP

5

6                                              By:   /s/ Joren S. Bass
                                               David T. Biderman, State Bar No. 101577
7                                              DBiderman@perkinscoie.com
                                               Joren S. Bass, State Bar No. 208143
8                                              JBass@perkinscoie.com
                                               PERKINS COIE LLP
9                                              Four Embarcadero Center, Suite 2400
                                               San Francisco, California  94111-4131
10                                             Telephone: (415) 344-7000
                                               Facsimile: (415) 344-7050
11
                                               Richard N. Kessler (*Pro Hac Vice*)
12                                             RKessler@mcdonaldhopkins.com
                                               Joseph J. Jacobi (*Pro Hac Vice*)
13                                             JJacobi@mcdonaldhopkins.com
                                               McDONALD HOPKINS LLC
14                                             300 North LaSalle Street, Suite 2100
                                               Chicago, Illinois  60654
15                                             Telephone: (312) 280-0111
                                               Facsimile: (312) 280-8232
16
                                               Attorneys for Defendant
17                                             LIFEWAY FOODS, INC.

18  LEGAL29565077

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH