1  David T. Biderman (Cal. Bar No. 101577)
   DBiderman@perkinscoie.com
2  Joren S. Bass (Cal. Bar No. 208143)
   JBass@perkinscoie.com
3  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
4  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
5  Facsimile:  415.344.7050

6  Joseph J. Jacobi (*Pro Hac Vice*)
   JJacobi@mcdonaldhopkins.com
7  Richard N. Kessler (*Pro Hac Vice*)
   RKessler@mcdonaldhopkins.com
8  MCDONALD HOPKINS LLC
   300 North LaSalle Street, Suite 2100
9  Chicago, IL  60654
   Telephone:  312.280.0111
10 Facsimile:  312.280.8232

11 Attorneys for Defendant
   LIFEWAY FOODS, INC.
12

13                      UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15

16 | ROBERT E. FIGY, individually and on behalf of all others similarly situated, | Case No. 3:13-CV-04828 TEH |

17 Plaintiff, | **DEFENDANT LIFEWAY FOODS, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

18 v.

19 LIFEWAY FOODS, INC.,

20 Defendant. | Action Filed: October 17, 2013

21 | Date:        April 14, 2014
22 | Time:        10:00 a.m.
    | Courtroom: 2
23 | Before:      Honorable Thelton E. Henderson

24

25

26

27

28

As a basis for his claims against Defendant Lifeway Foods, Inc. ("Lifeway"), Plaintiff Robert E. Figy ("Plaintiff") alleges that Lifeway engaged in unlawful and deceptive conduct in violation of California law by failing to list evaporated cane juice ("ECJ") as an ingredient by what Plaintiff deems to be its common and ordinary name.  In support of his claims, Plaintiff relies almost exclusively on the *Draft Guidance for Industry on Ingredients Declared as Evaporated Cane Juice*, published by the U.S. Food and Drug Administration ("FDA") on October 7, 2009 ("October 2009 *Draft Guidance*"), which he alleges (albeit in mere conclusory fashion devoid of factual support) constitutes a final and enforceable position by the FDA that listing ECJ as an ingredient in food and beverage products is unlawful because ECJ is not the common and usual name for this ingredient.  (*See, e.g.*, Dkt. No. 23, ¶¶ 46-48.)

However, on March 4, 2014, the FDA reopened the period for submission of comments regarding its October 2009 *Draft Guidance*, requesting additional comments from interested persons, and especially seeking scientific and technical information and data regarding the nature, properties, and methods of manufacture of ECJ.  (*See* Dkt. No. 32-1, 79 Fed. Reg. 12,507 (March 5, 2014).)  In connection with this request, the FDA stated that it has "not reached a final decision on the common or usual name for [ECJ]," demonstrating unequivocally that, contrary to Plaintiff's unsupported conclusory allegations, ECJ has no common and ordinary name, and that there is nothing improper or unlawful about Lifeway listing that ingredient as ECJ.  (*Id.*)  For this reason alone, the Court should dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety.

Plaintiff has pleaded no competent facts to establish any basis for each of his claims against Lifeway; the FAC includes no factual allegations to support Plaintiff's conclusion that, because Lifeway listed ECJ as an ingredient in certain of its products, those products were "misbranded" or "illegal."  (*See, e.g.*, Dkt. No. 24, at pp. 5-7; Dkt. No. 30, at pp. 7-10.)  The FDA's recent publication reopening the comment period for the October 2009 *Draft Guidance* definitively puts to rest any question as to whether Plaintiff's conclusory allegations regarding the import and effect of the October 2009 *Draft Guidance* have any basis in fact – they do not, and they cannot properly be credited to support any of Plaintiff's claims in this lawsuit.

-1-

Perhaps more significantly, though, by reopening the comment period for the October 2009 *Draft Guidance*, the FDA has confirmed that, while it has not yet reached a final decision as to the common and usual name for declaring ECJ as an ingredient, it is actively working to address this issue.  In light of this fact, and considering the highly scientific and technical nature of the FDA's inquiry and concern, the Court should invoke the doctrine of primary jurisdiction to dismiss this lawsuit, without prejudice, or in the alternative, should stay this case until such time as the FDA publishes its final position as to the proper declaration of ECJ.

**A.     Because the Central Issue of All Claims of Plaintiff's FAC Concerns a Question Properly Committed to the Authority of the FDA, and Because the FDA is Actively Addressing that Question, the Court Should Dismiss the FAC Under the Doctrine of Primary Jurisdiction.**

The central issue underlying all of Plaintiff's claims against Lifeway in this lawsuit is whether listing ECJ as an ingredient in food and beverage products constitutes misbranding, and thus, renders Lifeway's inclusion of this ingredient on labels for certain of its products unlawful, or otherwise "misleading, deceptive, unfair, and fraudulent."  (*See, e.g.*, FAC, Dkt. No. 23, ¶¶ 5, 6.)  Plaintiff premises these claims upon allegations that the FDA policy requires that manufacturers in the food industry must employ the "common and usual names" for ingredients listed in their products, and alleges that Lifeway violated this policy by listing ECJ, which Plaintiff contends is an "illegal term."  (*Id.*, ¶¶ 48, 49, citing October 2009 *Draft Guidance*.)  Plaintiff further alleges that the FDA's October 2009 *Draft Guidance* reflects the agency's "clear" position that listing ECJ as an ingredient is "false and misleading," and that "ECJ is an unlawful term" because it is not a common or usual name for sugar (notwithstanding that the FDA's purpose in promulgating that draft document was to solicit comments, and that the document stated on its face that it described only the FDA's current thinking).  (*Id.*, ¶¶ 46, 47.)

As Lifeway previously explained, the FDA's October 2009 *Draft Guidance* is not binding authority for *any* proposition; the FDA has *never* implemented any regulation, or even issued a final guidance declaring that ECJ cannot be listed as an ingredient in any product.  (*See* Dkt. No. 24, at pp. 4-7; Dkt. No. 30, at pp. 7-10.)  Plaintiff's allegations regarding the FDA's "clear position" regarding listing ECJ as an ingredient are factually inaccurate and are nothing more

-2-

1  than bare conclusions not entitled to any deference by the Court when considering Lifeway's
2  motion to dismiss.

3  However, the FDA has now reopened of the comment period for the October 2009 *Draft*
4  *Guidance*, seeking specific scientific and technical information and supporting data directed to
5  "the basic nature and characterizing properties of the ingredient sometimes declared as
6  'evaporated cane juice,' how the ingredient is produced, and how it compares with other
7  sweeteners made from sugar cane," and is actively considering the predicate question of all of
8  Plaintiff's claims against Lifeway in this case.  (79 Fed. Reg, 12,507.)  After reviewing all
9  comments and technical data submitted during the pending comment period (continuing through
10 May 5, 2014), the FDA intends to reach a final decision as to the common and usual name for
11 ECJ and, for the first time, issue its guidance to the industry in final form.  (*Id.*)

12 The doctrine of primary jurisdiction exists to address the very conflict that arises in case.
13 It "applies where a claim is originally cognizable in the courts, and comes into play whenever
14 enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have
15 been placed within the special competence of an administrative body; in such a case the judicial
16 process is suspended pending referral of such issues to the administrative body for its views."
17 *United States v. Western Pacific R.R.*, 352 U.S. 59, 63-64 (1956).  "The main justifications for the
18 doctrine are the expertise of the agency and the need for a uniform interpretation of a statute or
19 regulation."  *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1310 (2d Cir. 1990),
20 citing *Western Pacific R.R.*, 352 U.S. at 64 and *Great Northern Railway v. Merchants Elevator*
21 *Co.*, 259 U.S. 285, 291 (1922).

22 The doctrine allows courts to dismiss a complaint, without prejudice, or stay proceedings
23 while awaiting the resolution of an issue that is properly committed to, and within the particular
24 competence of, an administrative agency.  It is "committed to the sound discretion of the court
25 when 'protection of the integrity of a regulatory scheme dictates preliminary resort to the agency
26 which administers the scheme.'"  *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d
27 775, 781 (9th Cir. 2002), quoting *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362
28 (9th Cir. 1987).  Courts in this jurisdiction have identified that the doctrine of primary jurisdiction

-3-

1  properly applies in cases involving: "(1) the need to resolve an issue that (2) has been placed in
2  Congress within the jurisdiction of an administrative body having regulatory authority (3)
3  pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority
4  that (4) requires expertise or uniformity in administration." *Syntek*, 307 F.3d at 781. *Accord*
5  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1115 (9th Cir. 2008).

6  Application of these factors to the circumstances of the present case compels the
7  conclusion that, in light of the FDA's active consideration of the proper declaration of ECJ as an
8  ingredient in food products, its exclusive regulatory authority in that field (conferred upon it by
9  Congress), and its particular expertise and competence for determining such questions, dismissal
10 of Plaintiff's FAC is warranted and appropriate, at least until such time as the FDA issues its final
11 guidance addressing this central question of Plaintiff's claims. Indeed, application of the doctrine
12 of primary jurisdiction is necessary in order to ensure uniformity of the Court's decision with the
13 FDA's eventual determination, so that manufacturers such as Lifeway are not placed in a position
14 where compliance with the findings of courts might force them to violate labeling guidance or
15 requirements imposed by the FDA.

16 Lifeway acknowledges that other courts in this judicial district have previously declined to
17 invoke the primary jurisdiction doctrine to dismiss or stay claims similar to those asserted by
18 Plaintiff in this case. *See, e.g.*, *Swearingen v. Yucatan Foods, L.P.*, Case No. C 13-3544 RS,
19 2014 WL 553537, at *4-5 (N.D. Cal. Feb. 7, 2014); *Morgan v. Wallaby Yogurt Co., Inc.*, Case
20 No. 13-cv-00296-WHO, 2013 WL 5514563, at *4 (N.D. Cal. Oct. 4, 2013); *Werdebaugh v. Blue
21 Diamond Growers*, Case No. 12-cv-02724-LHK, 2013 WL 5487236, at *11-12 (N.D. Cal. Oct. 2,
22 2013); *Samet v. Proctor & Gamble Co.*, Case No. 12-cv-01891 PSG, 2013 WL 3124647, at *7-8
23 (N.D. Cal. Jun. 18, 2013). *But see Hood v. Wholesoy & Co.*, Case No. 12-cv-5550-YGR, 2013
24 WL 3553979 (N.D. Cal. Jul. 12, 2013) (dismissing plaintiff's claims without prejudice because
25 the doctrine of primary jurisdiction required that the court defer to the FDA's determination of
26 labeling requirements underlying plaintiff's claims of misbranding, including claims that ECJ was
27 not properly declared as an ingredient in light of the October 2009 *Draft Guidance*).
28

-4-

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FAC
CASE NO. 3:13-CV-04828 TEH

These decisions were largely predicated upon conclusions that the FDA's October 2009 *Draft Guidance* constituted a conclusive articulation of the FDA's position as to the listing of ECJ as an ingredient in food and beverage products – conclusions that Lifeway respectfully submits are incorrect because the October 2009 *Draft Guidance* was never more than a statement of the FDA's preliminary thinking on the listing of ECJ and did not establish legally enforceable obligations. In any event, though, all of these decisions were rendered *before* the FDA reopened the comment period, by which it intends to finalize its guidance document.

To Lifeway's knowledge, since the FDA's March 5, 2014, publication, there has been only one decision by a court in this judicial district to analyze the application of the doctrine of primary jurisdiction in the context of claims substantively identical to those of the Plaintiff here. The plaintiff in *Reese v. Odwalla, Inc.*, Case No. 13-cv-00947-YGR (N.D. Cal.), asserted claims under California's Sherman Law, UCL, FAL, CLRA, as well as a common law claim for unjust enrichment, alleging that, by listing ECJ as an ingredient, the defendant's products were misbranded, legally worthless, and deceptively labeled. *See* Declaration of Joren S. Bass in Support of Motion to Dismiss, Exh. A at 2-3 (Order Granting Mot. to Dismiss in Part and Staying Case, *Reese v. Odwalla, Inc.*, Case No. 13-cv-00947-YGR (N.D. Cal. Mar. 25, 2014.)[1] Especially in light of the FDA's recent action, the court in *Reese* determined that the doctrine of primary jurisdiction applied under the facts of that case: Congress vested the FDA with comprehensive regulatory authority over the issue of the proper declaration of ingredients on food product labels, and the FDA is clearly exercising that authority as to the use of ECJ. (*See id.*, at pp. 6-8.)

The analysis in *Reese* applies fully to the facts at bar, and the Court should dismiss Plaintiff's FAC, without prejudice, under the doctrine of primary jurisdiction. The FDA is the regulatory authority to which determination of the proper declaration of ECJ is committed, and

---

[1] One other decision briefly addresses but does not analyze the FDA's decision to reopen the comments period for the October 2009 *Draft Guidance*. *See* Order Granting Def.'s Mot. to Dismiss at 6 n.3, *Swearingen v. Amazon Preservation Partners, Inc.*, No. 13-cv-4402-WHO (N.D. Cal.) (ECF Doc. No. 33).

-5-

the Court should allow the FDA to complete its exercise of that authority rather than addressing the identical question in connection with Plaintiff's claims.

DATED: March 27, 2014

**PERKINS COIE LLP**

By: /s/ Richard N. Kessler
David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Joren S. Bass (Cal. Bar No. 208143)
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California  94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Richard N. Kessler (*Pro Hac Vice*)
RKessler@mcdonaldhopkins.com
Joseph J. Jacobi (*Pro Hac Vice*)
JJacobi@mcdonaldhopkins.com
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois  60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

Attorneys for Defendant
LIFEWAY FOODS, INC.