David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Joren S. Bass (Cal. Bar No. 208143)
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050

Joseph J. Jacobi (*Pro Hac Vice*)
JJacobi@mcdonaldhopkins.com
Richard N. Kessler (*Pro Hac Vice*)
RKessler@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, IL  60654
Telephone:  312.280.0111
Facsimile:  312.280.8232

Attorneys for Defendant
LIFEWAY FOODS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. FIGY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFEWAY FOODS, INC.,<br><br>Defendant. | Case No. 3:13-CV-04828 TEH<br><br>**DEFENDANT LIFEWAY FOODS, INC.'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Action Filed: October 17, 2013<br><br>Date:        April 14, 2014<br>Time:        10:00 a.m.<br>Courtroom: 2<br>Before:      Honorable Thelton E. Henderson |

1    For his Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss First Amended Complaint (Dkt. No. 38, "Supplemental Opposition"), Plaintiff argues against application of the doctrine of primary jurisdiction for dismissal of his claims against Lifeway. Plaintiff continues to rely upon his unfounded allegations that the FDA has previously determined that listing "evaporated cane juice" ("ECJ") on food and beverage products violates the requirement that manufacturers list ingredients according to the "common and usual name" for each, and that ECJ is not a common and usual name for that ingredient. But the FDA has *not* previously, finally determined whether listing ECJ is improper or unlawful. Indeed, the Honorable Susan Illston specifically considered – *and rejected* – each of the arguments Plaintiff makes in his Supplemental Opposition when she dismissed another of Plaintiff's complaints, in which he asserted identical claims based upon essentially the same allegations in Plaintiff's FAC here. *See Swearingen v. Santa Cruz Natural Inc.*, No. C 13-04291 SI, 2014 WL 1339775 (N.D. Cal. Apr. 2, 2014). In *Swearingen*, Judge Illston did not credit any of the arguments asserted by Plaintiff in its Supplemental Opposition, and this Court should likewise reject those arguments and dismiss Plaintiff's FAC, without prejudice, pursuant to the doctrine of primary jurisdiction in deference to the FDA's authority and decision to address and resolve the central question of whether ECJ is properly listed as an ingredient in food and beverage products.

The FDA's 2009 *Draft Guidance* and any warning letters issued by the FDA do not, as Plaintiff argues, establish a "longstanding and consistently held position that the use of the term [ECJ] on food ingredient lists is illegal because it is misleading and violates the 'common or usual name' requirement." (Dkt. No. 38, at p. 1.) The FDA has made clear that its 2009 *Draft Guidance* represented only its *preliminary* thinking on this issue, and did not constitute a final position as to whether ECJ can properly be listed as an ingredient. (*See* Dkt. No. 24, at pp. 4-7; Dkt. No. 30, at pp. 7-10.) And the FDA's March 5, 2014, notice "confirms that the 2009 draft guidance merely represents the FDA's 'preliminary thinking regarding the use of the term' ECJ, and the FDA has 'not reached a final decision on the common or usual name of the ingredient.'" *Swearingen*, 2014 WL 1339775, at *3. Contrary to Plaintiff's argument, the FDA has no "longstanding and consistently held position" that listing ECJ as an ingredient is illegal,

-1-

misleading, or improper.  The FDA will only determine such a position after the conclusion of the re-opened comment period, after which it will only then issue a final guidance.  (*See* Dkt. No. 32-1, 79 Fed. Reg. 12,507 (March 5, 2014).)  For this reason, application of the doctrine of primary jurisdiction by the Court in deference to the FDA's activity to resolve this central question of Plaintiff's claims is proper and appropriate, with the added benefit of saving this Court's and the parties' resources while the FDA resolves the question.

"Food labeling is within the special competence of the FDA."  *Swearingen*, 2014 WL 1339775, at *2.  *See also Reese v. Odwalla, Inc.*, No. 13-CV-947 YGR, — F. Supp. 2d —, 2014 WL 1244940, at *4 (N.D. Cal. Mar. 25, 2014) ("The issue of proper declaration of ingredients on food labels is one as to which Congress vested the FDA with comprehensive regulatory authority.")  Thus, the central issue of all of Plaintiff's claims against Lifeway – *i.e.*, the determination of the common and usual name for ECJ – is uniquely within the authority and expertise of that agency, and the Court should properly defer to the FDA for resolution of this question.  "Resolution of these issues requires the expertise of the FDA.  Deferring to the FDA for resolution of these issues 'will enhance decisionmaking and efficiency by allowing the court to take advantage of administrative expertise.'"  *Swearingen*, 2014 WL 1339775, at *3, citing *United States v. W. Pac. R. Co.*, 352 U.S. 59, 64 (1956), and quoting *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1051 (9th Cir. 2000).

Furthermore, as Judge Illston recognized in *Swearingen*, "deferring to the FDA will allow for uniformity in administration on this issue" and prevent the possibility that a decision by a court in this action might conflict with the FDA's formal position on ECJ, thereby "disrupt[ing] the uniform application of the FDA's regulatory rules."  *Swearingen*, 2014 WL 1339775, at *3.  Applying the doctrine of primary jurisdiction to dismiss Plaintiff's FAC, without prejudice, ensures that the Court can benefit from the expertise of the FDA and avoid circumstances in which decisions rendered here are inconsistent with or contradict the framework that the FDA has committed to determining and implementing upon the close of the comment period for its long-dormant 2009 *Draft Guidance*.

1    Plaintiff further argues that, by re-opening the comment period for the 2009 *Draft Guidance*, the FDA has not "signal[ed] a reversal" in its position regarding listing ECJ, and that each of those courts in this jurisdiction who have dismissed complaints under the doctrine of primary jurisdiction in light of the FDA's re-opening of the comments period have erred because they disregarded the alleged longstanding position of the FDA. (Dkt. No. 38, at pp. 3-5.) In fact, each of those courts have fully considered this argument, and ultimately rejected it because the FDA expressly acknowledged in its 2009 *Draft Guidance* and its publication on March 5, 2014, that it had *no* final position as to use of the term ECJ. *E.g.*, *Swearingen*, 2014 WL 1339775, at *2-3; *Reese*, 2014 WL 1244940, at *3-4; *Hood v. Wholesoy & Co.*, No. 12-cv-5550-YGR, 2013 WL 3553979, at *11 (N.D. Cal. Jul. 12, 2013) (Dismissing because doctrine of primary jurisdiction required deference to the FDA's authority over product labeling, including claims that ECJ was not properly declared as an ingredient due to the October 2009 *Draft Guidance*.).

Plaintiff's argument that the doctrine of primary jurisdiction cannot properly be invoked where there is no administrative remedy available to him at the FDA likewise fails. The FDA has initiated administrative proceedings related to the question of whether ECJ can be listed, and Plaintiff is free to participate in those proceedings, as well as to seek relief in this Court if the FDA makes a final determination that the term ECJ cannot properly be listed as an ingredient. *See, e.g.*, *Swearingen*, 2014 WL 1339775, at *4 n.2.

Lastly, Plaintiff argues ineffectively that any determination by the FDA on this central issue will not affect the claims in this case because Lifeway will be bound by FDA regulations regarding listing of "sugar." (Dkt. No. 38, at 5-6.) Rejecting this identical argument, the court in *Swearingen* recognized that this Plaintiff has previously admitted that sweeteners derived from sugar cane can be listed by names other than "sugar," and consequently, it is possible that the FDA might determine that ECJ is a common and usual name for the ingredient at issue, and as such, comports with regulations governing the listing of "sugar." *See id.*, at *4n.3.

For the foregoing reasons, and for the reasons stated in Lifeway's Supplemental Memorandum, Lifeway respectfully requests that the Court dismiss Plaintiff's FAC, without prejudice, pursuant to the doctrine of primary jurisdiction.

-3-

| | | |
|---|---|---|
| 1 | DATED: April 7, 2014 | **PERKINS COIE LLP** |

By: /s/ Richard N. Kessler
David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Joren S. Bass (Cal. Bar No. 208143)
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California  94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Richard N. Kessler (*Pro Hac Vice*)
RKessler@mcdonaldhopkins.com
Joseph J. Jacobi (*Pro Hac Vice*)
JJacobi@mcdonaldhopkins.com
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 2100
Chicago, Illinois  60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

Attorneys for Defendant
LIFEWAY FOODS, INC.

Legal120439083

-4-

SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 3:13-CV-04828 TEH