UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. FIGY,<br><br>   Plaintiff,<br><br>   v.<br><br>LIFEWAY FOODS, INC.,<br><br>   Defendant. | Case No. 13-cv-04828-TEH<br><br>**ORDER VACATING HEARING AND SETTING CASE MANAGEMENT CONFERENCE** |

On May 5, 2014, the Court stayed proceedings in this case under the primary jurisdiction doctrine because the Food and Drug Administration ("FDA") reopened public comment on the use of the term Evaporated Cane Juice ("ECJ"), the ingredient at issue in this case. May 5, 2014 Order at 10 (Docket No. 44). At that time, the Court set a compliance hearing on November 3, 2014, to determine whether the stay should be lifted. *Id.* As instructed, the parties provided a joint statement outlining their positions on this matter. Joint Statement (Docket No. 45). For the reasons set forth below, the November 3 compliance hearing is VACATED and the stay remains in effect.

**DISCUSSION**

The FDA has not yet issued its final guidance on this issue. Joint Statement at 1. The Court concludes that the same reasons for applying the primary jurisdiction doctrine in May still apply at this time. In short, by staying this case until the FDA issues final guidance, the Court enhances its decision-making efficiency and ensures the uniform application of regulatory law. Order at 7.

The Court is not persuaded by Plaintiff's argument that the Supreme Court decision (much less *amicus* briefs) in *POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228 (2014), requires lifting the stay at this time. In that case, the Court held that an unfair competition claim under the Lanham Act was not precluded by the FDA's regulatory

authority under the Food, Drug and Cosmetic Act ("FDCA"). *Id.* at 2238-41. The Court did not discuss the primary jurisdiction doctrine. *See id.* The question of whether a case can be brought is separate from whether it should be heard right now. The Supreme Court's preclusion holding does not alter this Court's prudential application of the primary jurisdiction doctrine in order to promote judicial efficiency and uniformity.

Nonetheless, the Court recognizes that the parties do not yet know with certainty when, or even if, the FDA will promulgate final guidance on this issue. Although the Court previously concluded that the FDA is likely to make a final pronouncement, that conclusion is somewhat undermined by the passage of time. A prolonged delay may prejudice Plaintiff, weighing against applying the primary jurisdiction doctrine in the future. *See Swearingen v. Amazon Pres. Partners, Inc.*, No. 13-cv-04402-WHO, 2014 WL 3934000 at *2 (Aug. 11, 2014) ("[I]t seems possible that the FDA will issue final guidance this year. A modest stay at this time will not prejudice plaintiffs."). However, the Court sees no reason to conclude that Plaintiff faces a risk of prejudice at this point.

**CONCLUSION**

Accordingly, the hearing set for November 3, 2014 is VACATED and the action remains STAYED. A case management conference shall be held on **January 26, 2015**, at **1:30 PM** to apprise the Court of the status of this matter. The parties shall file a joint statement of no more than six pages by **January 19, 2015**, updating the Court on the status of the FDA's action with respect to the ECJ guidance and the parties' positions as to whether the stay shall remain in effect.

**IT IS SO ORDERED.**

Dated:   10/21/2014

_____
THELTON E. HENDERSON
United States District Judge

2