Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone:     (408) 429-6506
Fax:     (408) 369-0752
pgore@prattattorneys.com

D'Juana Parks (*pro hac vice*)
John Keith Hyde (*pro hac vice*)
PROVOST*UMPHREY LAW FIRM, L.L.P.
490 Park Street
Beaumont, TX  77701
Telephone: (409) 835-6000
Fax: (409) 813-8647
dparks@pulf.com

*Attorneys for Plaintiff Robert E. Figy*

David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Joren S. Ayala-Bass (Cal. Bar No. 208143)
JBass@perkinscoie.com
PERKINS COIE, LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Richard N. Kessler (*pro hac vice*)
RKessler@mcdonaldhopkins.com
Joseph J. Jacobi (*pro hac vice*)
JJacobi@mcdonaldhopkins.com
300 North LaSalle Street, Suite 2100
Chicago, IL  60654
Telephone:  312.280.0111
Facsimile:  312.280.8232

Attorneys for Defendant,
LIFEWAY FOODS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. FIGY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>LIFEWAY FOODS, INC.<br><br>Defendant. | CASE NO. 3:13-cv-004828-TEH<br><br>**JOINT STATEMENT IN ADVANCE OF THE COURTS JANUARY 26, 2015 CASE MANAGEMENT CONFERENCE**<br><br>Action Filed:  October 17, 2013 |

{5310869:}  JOINT STATEMENT OF THE PARTIES
(Case No. 13-cv-04828-TEH)

Plaintiff Robert Figy ("Plaintiff") and Defendant Lifeway Foods, Inc. ("Defendant" or "Lifeway Foods") respectfully submit this joint statement in accordance with the Order of the Court dated October 21, 2014 [Dkt. #46] (the "Order"). The Order vacated the November 3, 2014 compliance hearing and ordered the stay to remain in effect.

The Order also set a Case Management Conference for January 26, 2015, and directed the parties to submit a joint statement "updating the Court on the status of the FDA's action with respect to the ECJ guidance and the parties' positions as to whether further briefing concerning whether the stay shall remain in effect."

The parties do not believe that a hearing is necessary at this time and request that the Case Management Conference hearing on January 26, 2015 be taken off the calendar. Should the Court keep the hearing on the calendar, lead counsel for Plaintiff and Defendants, both of whom are located in Texas and Illinois, respectively, request that they be permitted to appear telephonically.

**A. Plaintiff's Position on the Stay Remaining in Effect**

Respectfully, Plaintiff has previously provided his position regarding Plaintiff's assertion that the Court should lift the stay and deny Defendant's Motion to Dismiss. To update the Court, Plaintiff would submit the following information:

On December 24, 2014, the FDA published on its website its "Update for Industry on Certain Proposed Rules, Draft Guidance and Petitions Related to Food Product Labeling." The update was published in response to inquiries regarding the status of certain proposed rules, draft guidance, and petitions related to food product labeling. Regarding the ECJ guidance, the FDA said:

> In October 2009, FDA published draft guidance for industry titled, "Ingredients Declared as Evaporated Cane Juice" (74 FR 51610). In March of 2014, we reopened the comment period to request further comments, data, and information about the basic nature and characterizing properties of the ingredient sometimes declared as

"evaporated cane juice," how this ingredient is produced, and how it compares with other sweeteners (79 FR 12507). At this time, we are evaluating the submitted comments and considering appropriate actions.

(http://www.fda.gov/food/ingredientspackaginglabeling/labelingnutrition/ucm427968.htm.)

As there is no timeline provided as to when this process may be completed, Plaintiff would again assert that the Court should lift the stay and deny Defendant's Motion to Dismiss.

**B.  Lifeway Foods' Position**

Plaintiff acknowledges that, according the FDA's statement published on its website on December 24, 2014, the FDA is continuing to actively consider the question central to Plaintiff's claims in this case, *i.e.*, whether the ingredient at issue in this case is properly characterized and declared as "evaporated cane juice."  The FDA has expressly stated that it is presently evaluating comments submitted after its reopened the comment period in March 2014 regarding the FDA's 2009 draft guidance for industry entitled "Ingredients Declared as Evaporated Cane Juice," and is "considering appropriate actions."  FDA Update for Industry on Certain Proposed Rules, Draft Guidance and Petitions Related to Food Product Labeling, December 24, 2014, published on FDA website, at http://www.fda.gov/food/ingredientspackaginglabeling/labelingnutrition/ucm427968.htm (last accessed January 19, 2015).  Accordingly, Defendant Lifeway Food respectfully submits that the Court should continue its stay of proceedings to allow the FDA to reach a conclusion as to whether to publish the draft guidance in final form.

In light of the FDA's decision to reopen the comment period for its ECJ draft guidance, and considering that the FDA is continuing to evaluate those comments submitted and has stated its intention to take appropriate action in light of those, numerous courts in this judicial district have entered and extended stays of proceeding in cases involving the same underlying question at issue in the instant lawsuit.  *See, e.g.*, *Swearingen, et al. v. Amazon Preservation Partners, Inc.*, Case No. 13-cv-4402-WHO, Dkt. No. 55 (N.D. Cal. Jan. 8, 2015) (extending

stay until April 14, 2015); *Swearingen, et al. v. Pacific Foods of Oregon, Inc.*, Case No. 13-cv-4157-JD, Dkt. No. 51 (N.D. Cal. Dec. 17, 2014) (extending stay to April 5, 2015); *Swearingen, et al. v. Santa Cruz Natural, Inc.*, Case No. 13-cv-4291-SI, Dkt. No. 49 (N.D. Cal. Dec. 5, 2015) (extending stay to March 12, 2015); *Gitson v. Clover-Stornetta Farms, Inc.*, Case No. 13-cv-01517-EDL, Dkt. No. 67 (N.D. Cal. Dec. 4, 2014) (extending stay to June 15, 2015); *Figy v. Amy's Kitchen, Inc.*, Case No. 13-cv-3816-SI, Dkt. No. 75 (N.D. Cal. Nov. 26, 2014) (extending stay for an additional 90 days); *Leonhart v. Nature's Path Foods Inc.*, Case No. 13-cv-492-BLF, Dkt. No. 59 (N.D. Cal. Nov. 21, 2014) (staying ECJ claims; the parties subsequently jointly requested an extension of the stay (Dkt. No. 63, Jan. 8, 2015); *Swearingen, et al. v. Late July Snacks LLC*, Case No. 13-cv-4324-EMC, Dkt. No. 71 (N.D. Cal. Nov. 10, 2014) (extending stay by an additional 90 days); *Swearingen, et al. v. Healthy Beverage LLC*, Case No. 13-cv-4385-EMC, Dkt. No. 60 (N.D. Cal. Nov. 10, 2014) (extending stay for an additional 90 days); *Morgan v. Wallaby Yogurt Co., Inc.*, Case No. 13-cv-296-JD, Dkt. No. 72 (N.D. Cal. Nov. 5, 2014) (staying case); *Reese v. Odwalla, Inc.*, Case No. 13-cv-947-YGR, Dkt. No. 66 (N.D. Cal. Nov. 4, 2014) (extending stay to May 8, 2015).

Indeed, in several of these cases, Plaintiff in the present lawsuit, Robert Figy, *agreed* that a stay of proceedings "should be extended to allow FDA time to reach a conclusion." *See Swearingen, et al. v. Amazon Preservation Partners, Inc.*, Case No. 13-cv-4402-WHO, Dkt. No. 54, at p. 7 (N.D. Cal. Jan. 7, 2015) (parties, including Plaintiff Robert Figy, filed their Joint Case Management Statement reflecting their express agreement that stay should be extended by three months until April 2015 to allow the FDA to "reach a conclusion" as to declaration of "evaporated cane juice" as an ingredient in food products at issue). *See also Swearingen, et al. v. Pacific Foods of Oregon, Inc.*, Case No. 13-cv-4157-JD, Dkt. No. 50, at p. 2 (N.D. Cal. Dec. 16, 2014) (plaintiffs do not oppose defendant's request that stay be continued pending FDA determination); *Swearingen, et al. v. Santa Cruz Natural, Inc.*, Case No. 13-cv-4291, Dkt. No.

49, at p. 4 (N.D. Cal. Dec. 5, 2014) (parties jointly request extension of stay until March 12, 2015); *Figy v. Amy's Kitchen, Inc.*, Case No. 13-cv-3816-SI, Dkt. No. 74, at p. 2 (N.D. Cal. Nov. 24, 2014) (parties jointly request extension of stay for an additional 90 days); *Swearingen, et al. v. Late July Snacks, LLC*, Case No. 13-cv-4324-EMC, Dkt. No. 70, at p. 2 (N.D. Cal. Nov. 6, 2014) (parties jointly request that stay be continued to February 12, 2015); *Swearingen, et al. v. Healthy Beverage, LLC*, Case No. 13-cv-4385-EMC, Dkt. No. 59, at p. 2 (N.D. Cal. Nov. 6, 2014) (parties jointly request that stay be extended by 90 days). In each of these cases, the courts adopted the parties' suggestion, extending the respective stays in each case in recognition of "the likely relevance of the FDA's contemplated actions concerning 'evaporated cane juice.'" *Id.*, Dkt. No. 55 (N.D. Cal. Jan. 8, 2015).

Because there has been no change to the underlying factual circumstances or controlling law on which this Court predicated its initial entry of the stay in this case, and its subsequent extension of that stay (Dkt. No. 46), Defendant Lifeway Foods respectfully requests that the Court continue the stay until such time as the FDA completes its ongoing evaluation and analysis of the central question underlying all of Plaintiff's claims, and issues a final guidance or takes such other action as the FDA deems appropriate under the circumstances. Plaintiff has identified no prejudice he will imminently suffer as a consequence of a further extension of the stay, and Defendant is aware of none.

However, in the event that the Court determines to lift the stay at Plaintiff's urging, Defendant Lifeway Food respectfully requests that the Court consider its motion to dismiss all claims in its entirety, including those arguments and bases for dismissal that the parties previously briefed but were not specifically addressed by the Court in light of the entry of this stay. Defendant Lifeway Foods does not believe that the Court would benefit from additional briefing on these arguments and bases raised in the motion to dismiss, but would gladly

provide the Court with supplemental briefing in the event that such additional briefing would assist the Court in its analysis of the motion.

DATED: January 20, 2015

By: *D'Juana Parks* (signature)
D'Juana Parks (*pro hac vice*)
PROVOST ✯ UMPHREY LAW FIRM, LLP
490 Park St.
Beaumont, TX 77701
Telephone: (409) 835-6000
Fax: (409) 813-8647
dparks@pulf.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA  95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorneys for Plaintiffs*

DATED:  January 20, 2015

By:   /s/ *Richard N. Kessler*
Richard N. Kessler (*pro hac vice*)
RKessler@mcdonaldhopkins.com
Joseph J. Jacobi (*pro hac vice*)
JJacobi@mcdonaldhopkins.com
300 North LaSalle Street, Suite 2100
Chicago, IL  60654
Telephone:  312.280.0111
Facsimile:  312.280.8232

David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Joren S. Ayala-Bass (Cal. Bar No. 208143)
JBass@perkinscoie.com
PERKINS COIE, LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant,
LIFEWAY FOODS, INC.