1  Ben F. Pierce Gore (SBN 128515)
   PRATT & ASSOCIATES
2  1871 The Alameda, Suite 425
   San Jose, CA 95126
3  Telephone:   (408) 429-6506
   Fax:   (408) 369-0752
4  pgore@prattattorneys.com

5  D'Juana Parks (*pro hac vice*)
   John Keith Hyde (*pro hac vice*)
6  PROVOST*UMPHREY LAW FIRM, L.L.P.
   490 Park Street
7  Beaumont, TX  77701
   Telephone: (409) 835-6000
8  Fax: (409) 813-8647
   dparks@pulf.com

9  *Attorneys for Plaintiff*
   ROBERT E. FIGY
10

11 David T. Biderman (Cal. Bar No. 101577)
   DBiderman@perkinscoie.com
12 Joren S. Ayala-Bass (Cal. Bar No. 208143)
   JBass@perkinscoie.com
13 PERKINS COIE, LLP
   505 Howard Street, Suite 1000
14 San Francisco, CA  94105-3204
   Telephone: 415.344.7000
15 Facsimile: 415.344.7050

16 Richard N. Kessler (*pro hac vice*)
   RKessler@mcdonaldhopkins.com
17 300 North LaSalle Street, Suite 2100
   Chicago, IL  60654
18 Telephone:  312.280.0111
   Facsimile:  312.280.8232
19

20 Attorneys for Defendant
   LIFEWAY FOODS, INC.

                    UNITED STATES DISTRICT COURT
21
                  NORTHERN DISTRICT OF CALIFORNIA
22

23 ROBERT E. FIGY, individually and on      CASE NO. 3:13-cv-004828-TEH
   behalf of all others similarly situated,
24                                          **JOINT CASE MANAGEMENT
                    Plaintiff,              STATEMENT**
25        v.
                                            Action Filed:  August 16, 2013
26 LIFEWAY FOODS, INC.,
                                            CMC:  1:30 p.m., December 14, 2015
27                  Defendant.                    Courtroom 12, 19th Floor

28

1    Plaintiff  Robert Figy ("Plaintiff" or "Mr. Figy") and Defendant Lifeway Foods,

2    Inc. ("Defendant" or "Lifeway Foods") respectfully submit this joint statement in

3    accordance with the Clerk's Notice dated August 18, 2015.  [*See* Dkt. No. 53].

### I.     Background

5    The operative pleading in this action is Plaintiff's First Amended Class Action and

6    Representative Action Complaint for Equitable and Injunctive Relief.  [Dkt. No. 23.]

7    Generally, Plaintiff alleges that Lifeway Foods violated California consumer protection

8    statutes by listing "Evaporated Cane Juice" ("ECJ") on the ingredient list for its products.

9    Plaintiff supports his claims by reference to the *Draft Guidance for Industry: Ingredients*

10   *Declared as Evaporated Cane Juice*, published by the U.S. Food and Drug Administration

11   ("FDA") on October 7, 2009.[1]

12   On May 5, 2015, this Court issued an order granting in part Lifeway's motion to

13   dismiss Plaintiff's First Amended Complaint, staying this action pending final guidance

14   from the FDA on whether  ECJ is an appropriate name for the ingredient as a matter of the

15   FDA's food-labeling regulations.  [*See* Dkt. No. 44 at 10.]  The Court stated that it

16   "applies the primary jurisdiction doctrine and stays the case pending the FDA's resolution

17   of its ECJ guidance as contemplated in the 2014 FDA Notice."  [*Id.*]  The Court

18   subsequently continued the stay in this action, as well as the case management conference.

19   [Dkt. Nos. 46, 48, 50 & 53.]  Most recently, on  August 18, 2015, this Court continued the

20   case management conference scheduled for late August to December 14, 2015, and

21   directed the parties to file a case management statement with "an update on the status of

22   the FDA's action" by no later than December 7, 2015.  [Dkt. No. 53.]

### II.     Status of the FDA's action

24   The status of the FDA's action is unchanged since the parties' Joint Statement in

25   Response to Order on Stipulation Concerning Case Management Conference.  [Dkt. No.

26   52.]  Specifically, on July 8, 2015, in response from a letter from the Honorable Edward

28   [1] *See* 74 Fed. Reg. 51610-01, hereinafter "October 2009 Draft Guidance."

1   Chin of this Court, the FDA wrote that it is "actively working" on the final

2   guidance on the use of "ECJ" on product labels, but because of competing priorities, the

3   FDA could not commit to completing its work any sooner than the end of 2016.  *See*

4   *Swearingen v. Late July Snacks, LLC*, No. 13-cv-4324-EMC (N.D. Cal.), ECF No. 80

5   (Letter to the Hon. Edward M. Chen, U.S. District Court, N.D. Cal., from Leslie Kux,

6   Assoc. Comm'r for Policy, U.S. Dep't of Health & Human Servs. (July 8, 2015)); *see also*

7   Dkt. No. 52, Ex. A (attaching letter).

8   Since the FDA responded to Judge Chen's request for a status update, the parties

9   have learned no further information about the pace of the FDA's work or when it will

10   finalize the ECJ guidance.  In a recent order in *Swearingen v. Late July Snacks*, Judge

11   Chen noted that he intended to issue an order seeking a status update from the FDA in

12   early March 2016.  *See* Civil Minutes, *Swearingen v. Late July Snacks, LLC*, No. 13-cv-

13   4324-EMC (N.D. Cal. Oct. 16, 2015), ECF No. 85.

14   In advance of the Case Management Conference scheduled for December 14, 2015,

15   the parties submit this statement to inform the Court of their positions on whether, or for

16   how long, the stay should be maintained.  The parties do not agree on whether to maintain

17   the stay of this action.  Plaintiffs' position is that the stay that has been in place since

18   August 8, 2015 should be lifted allowing the case to proceed.  Defendant's position is that

19   this action should remain stayed, in deference to the FDA's process, which the FDA has

20   now confirmed it intends to conclude by the end of 2016.  The positions of Plaintiffs and

21   Defendant are more fully set out below.

22   **A.     Plaintiff's Position**

23   Substantial delays in an agency taking action are reason enough for courts to

24   decline to wait on the agency to take action. See, e.g., *Reiter v. Cooper*, 507 U.S. 258, 270

25   (1993) (rejecting referral to an agency where the "referral . . . could produce substantial

26   delay…."); *National Commc'n Ass'n v. American Tele. & Tele. Co.*, 46 F.3d 220, 225 (2d

27   Cir. 1995) ("Since the district court can conclude this matter far more expeditiously, a

28

1    potential delay of even two years more than outweighs any benefit that might be achieved

2    by having the FCC resolve this relatively simple factual dispute." ); *N.Y. State Thruway*

3    *Auth. v. Level 3 Communs., LLC*, 734 F. Supp. 2d 257, 270 (N.D.N.Y 2010) ("However,

4    the valid litigation already in this Court should not be held hostage to an administrative

5    process that is not proceeding with all deliberate speed, especially when there is a public

6    interest in prompt adjudication of a plaintiff's claims…. More than a year has elapsed and

7    the FCC has not opined on it [sic] own jurisdiction.").

8         The FDA's Draft Guidance on "evaporated cane juice" ("ECJ") was released in

9    2009 and for five years after that, the FDA sent out warning letters telling the food

10   industry not to use the term ECJ on food labels. Then in March of 2014, the FDA

11   announced that it was reopening the comment period until May 5, 2014, after which, at

12   some undetermined point in the future, it intended to issue a final guidance document.

13   After more than a year of nothing from the FDA, on May 15, 2015, in *Mary Swearingen*

14   *v. Healthy Beverage, L.L.C., et al, C-13-4385 EMC (N.D. Cal),* Judge Chen issued an

15   Order requesting the FDA to inform the Court whether to expect a final guidance

16   document within the next 180 days. On July 8, 2015, the FDA responded that it could not

17   "commit to issuing a decision within 180 days," although it "anticipates that a final

18   guidance will issue before the end of 2016." But even that is a mere "anticipation," not an

19   actual commitment.

20        Following the FDA's response, on August 18, 2015, Judge Chhabria lifted the stay

21   in *Gitson et al v. Trader Joe's Company*, 3:13-cv-01333-VC (N.D. Cal. Aug. 18, 2015)

22   (Minute Entry, ECF 123).  As in this case, Trader Joe's involves ECJ claims, and had

23   been stayed based on the FDA's reopening of the comment period. Judge Chhabria made

24   the right decision.

25        It has now been more than a year and a half since the FDA reopened the comment

26   period on ECJ, and the FDA has indicated that it will not be issuing a final guidance any

27   time soon. This case has already been stayed for more than a year, and if the FDA sticks

28

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-cv-04828-TEH

1  to its current timetable, it will likely be at least another year before a final guidance
2  document comes out. And even then, there is nothing indicating that the FDA might
3  reverse itself as regards the particular ingredient that Defendant lists as ECJ.

4  When the FDA reopened the comment period, it asked for information regarding
5  "how this ingredient is produced, and how it compares with other sweeteners derived from
6  sugar cane," and specifically asked how ECJ is different from other sweeteners that are
7  derived from sugar cane that use the term "sugar" or "syrup" as a part of their name, and
8  "what would be the rationale for establishing a common or usual name that identifies this
9  ingredient as a 'juice' rather than as a 'sugar' or 'syrup,' and how would such an approach
10  square with the principle that common or usual names should be uniform and consistent
11  among similar foods?" See Notice, 79 FED. REG. at 12508. If there is some ingredient
12  marketed as ECJ that is not sucrose (there isn't), or that is sufficiently different from
13  ingredients whose common name contains the word "sugar" or "syrup" (there isn't), the
14  ingredient that Defendant calls ECJ isn't it.

15  In addition to the unreasonable delay that continuing the stay would entail, the stay
16  should be lifted because the Ninth Circuit's recent decision in *Reid v. Johnson & Johnson*,
17  780 F.3d 952 (9th Cir. 2015), dictates that, regardless of what action FDA ultimately takes
18  (if any), Plaintiffs' claims cannot be preempted. Here, FDA stated in the Notice that, at
19  most, it will issue final guidance. See Notice, 79 FED. REG. at 12508. *Reid* held that
20  agency pronouncements such as guidance documents "do not carry the force of law" and
21  cannot have preemptive effect. 780 F.3d at 964. *Reid* further affirmed the denial of a stay,
22  under the primary jurisdiction doctrine, of claims under the UCL, FAL, and CLRA for
23  food mislabeling in violation of California law and FDA regulations. *Reid* at 966-67.

24  Furthermore, there is no indication that FDA might change its position—provided
25  by the applicable regulations—that the term "evaporated cane juice" may not be used to
26  identify ingredients that fall under the broad definition of "sucrose" in 21 C.F.R. §
27  184.1854. FDA regulations make clear that any such ingredient must be referred to as
28  "sugar." 21 C.F.R. § 101.4(b)(20). Even if the FDA does issue a final guidance document

1    in another year or so, it is clear that FDA will not be issuing a proposed or final rule or

2    regulation. See Notice, 79 FED. REG. at 12508 (stating that FDA may issue guidance

3    pursuant to 21 C.F.R. § 10.115, but not initiating any rulemaking process under 21 C.F.R

4    § 10.40).

5         Unlike a regulation, whether in draft or final form, "[g]uidance documents do not

6    establish legally enforceable rights or responsibilities. They do not legally bind the public

7    or FDA." 21 C.F.R. § 10.115(d)(1). Parties are permitted "to use an approach other than

8    the one set forth in a guidance document . . . [but still] must comply with the relevant

9    statutes and regulations." 21 C.F.R. § 10.115(d)(2). Therefore, if the FDA does issue final

10   ECJ guidance, it will not displace the binding requirements of the sucrose regulations.

11        In *Reid*, the Ninth Circuit joined the Third Circuit in "declining to afford

12   preemptive effect to agency actions that do not carry the force of law under [*United States

13   v. Mead Corp*., 533 U.S. 218, 234 (2001)] and its progeny." 780 F.3d at 964. "Because the

14   Supremacy Clause privileges only '[l]aws of the United States,' an agency pronouncement

15   must have the force and effect of federal law to have preemptive force." Id. Guidance

16   documents issued under 21 C.F.R. § 10.115, by their own terms and lack of binding

17   effect, and do not have the requisite force of law set forth in *Mead* and *Reid*. *Reid* at 965

18   (under Mead, an agency pronouncement must have the "binding and exclusive effect of

19   federal law"). "The fact that the FDA did not invoke [its rulemaking] authority . . . also

20   indicates that the FDA did not intend to issue a standard with the force of law that would

21   foreclose the public protections under state law food labeling and false advertising

22   claims." Id. Accordingly, no future action by FDA could render Plaintiffs' claims

23   preempted. Therefore, there would be no benefit in waiting for FDA to act.

24        *Reid* also affirmed the denial of a stay pursuant to the primary jurisdiction

25   doctrine.  Among other things, in *Reid*, although FDA previously stated that it may issue a

26   final rule potentially relevant to plaintiff's claims, such a final rule would not constitute an

27   "issue of first impression" where FDA already issued an interim rule on the subject. Here,

28

too, there is no issue of first impression. FDA has promulgated regulations precluding the use of the phrase "evaporated cane juice" as a euphemism for sugar or sucrose.

Moreover, in *Reid*, as in this case, a stay under the primary jurisdiction doctrine was inappropriate where "there is no indication that the FDA is contemplating authorizing" the labeling practice currently prohibited by applicable regulations. Reid, 780 F.3d at 967. Indeed, the notice reopening the comment period suggests the exact opposite. See Notice, 79 FED. REG. at 12507. (reiterating FDA's consistent "view that the term 'evaporated cane juice' is not the common or usual name of any type of sweetener, including sweeteners derived from cane syrup").

*Reid* further indicated that the primary jurisdiction doctrine is inapplicable because, as here, "[t]he issue that this case ultimately turns on is whether a reasonable consumer would be misled by [defendant's] marketing, which the district courts have reasonably concluded they are competent to address in similar cases." *Reid*, 780 F.3d at 967. Based on the foregoing, the Ninth Circuit determined that notions of efficiency militated against a stay under the primary jurisdiction doctrine.

While in the past stays have been issued and extended in this and in several other cases, there comes a time when it is no longer reasonable to delay the litigation. Plaintiffs respectfully submit, as Judge Chhabria concluded, that the parties have waited long enough for FDA guidance which, in any form, will not displace binding regulations. This Court should lift the stay.

**B.    Lifeway Foods' Position**

Lifeway Foods believes that the stay of this action should be maintained until the FDA issues its final guidance on the use of "ECJ" on product labels, or until it is clear that the FDA will not meet its target to complete the final guidance before the end of 2016. Lifeway Foods also proposes that the Court set a further status conference for April 2016, when it is possible that the FDA will have responded to a letter Judge Chen intends to send the FDA in early March 2016. If the Court will not continue the stay, Lifeway Foods requests that the Court allow additional briefing on the issues raised in its motion to

1   dismiss Plaintiff's First Amended Complaint [Dkt. No. 24], and set a hearing on that

2   motion.

3        The issues raised by Plaintiff's First Amended Complaint present the quintessential

4   application of the primary jurisdiction doctrine, where "an otherwise cognizable claim

5   implicates technical and policy questions that should be addressed in the first instance by

6   the agency with regulatory authority over the relevant industry rather than by the judicial

7   branch." *See Astiana v. The Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015)

8   (citation omitted); *see also* Dkt. No. 44 at 3 (applying primary jurisdiction doctrine).

9        As Judge Donato recently recognized in another case brought by Plaintiff's

10   attorneys, the stay should be continued out of deference to the FDA's expertise:

11        Deciding whether and when the term "evaporated cane juice"
         can properly be used on a food label is an issue within the
12        FDA's expertise, and it is a question that the FDA is expressly
         and "actively" considering and as to which it anticipates
13        issuing a final guidance within the next 14 months or so. This
         is a situation where "agency expertise would be helpful," and
14        not one in which "the agency is aware of but has expressed no
         interest in the subject matter of the litigation."

15

16   Order re Stay and Setting Status Conference ("Order re Stay") at 2, *Morgan v. Wallaby*

17   *Yogurt Co.* ("*Morgan*"), No. 13-cv-0296-JD (N.D. Cal. Oct. 14, 2015), ECF No. 76

18   (quoting *Astiana*, 783 F.3d at 761).  Judge Donato's observation mirror this Court's

19   reasoning when it first stayed this action:

20        application of the primary jurisdiction doctrine with respect to
         the FDA's position on ECJ will enhance the Court's decision-
21        making efficiency by allowing the Court to benefit from the
         FDA's definitive guidance on the issue and assure uniform
22        application of regulatory law by preventing the Court from
         potentially issuing a decision contrary to the FDA's formal
23        position on ECJ, which it is currently and actively in the
         process of revising.

24   *See* Dkt. No. 44 at 7.

25        This reasoning continues to apply with full force, notwithstanding the fact that the

26   FDA might not finalize its ECJ guidance until late 2016.  Plaintiff alleges that Lifeway's

27   products violated the FDA's draft ECJ guidance.  [*E.g.*, Dkt. No. 23, First Amended

28   Compl. ("FAC") ¶¶ 46, 47.]  The FDA has set a timeframe by which it expects to

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-cv-04828-TEH

1   complete its review.  Indeed, the fact that the FDA solicited additional comments and data

2   suggests that the FDA may change the draft guidance upon which Plaintiff bases his case.

3   As when this Court stayed the action, "it is possible that future FDA action could find the

4   term ECJ is the common and usual name of that ingredient and is in compliance with the

5   relevant statutes and regulations governing 'sugar.'  Thus, the future FDA determination

6   on ECJ may affect the claims in this case."  Dkt. No. 44 at 9-10 (quoting *Swearingen v.*

7   *Santa Cruz Nat., Inc.*, No. 13-cv-04291-SI, 2014 WL 1339775, at *4 n.3 (N.D. Cal. Apr.

8   2, 2014) (internal quotation marks omitted)).

9         As Lifeway Foods has previously argued, Plaintiff will not suffer any prejudice if

10  the stay is continued.  [*Cf.* Dkt. No. 46 at 2.]  Lifeway Foods discontinued use of

11  "evaporated cane juice" on its product labels before Plaintiff filed this lawsuit, and has no

12  intention of reintroducing the term to its product labels.  Thus, the injunctive relief sought

13  by Plaintiff is moot and there is no need for the Court to order Lifeway Foods to alter its

14  product labeling or advertising.  The only question for this Court, therefore, is whether

15  Plaintiff has suffered any damage resulting from his purchase of five of Lifeway Food's

16  products.  [*See* Dkt. No. 23, FAC ¶ 16.]  Plaintiff's ability to obtain redress for his alleged

17  injuries will not be compromised by a continued stay.

18        On the other hand, were this Court to lift the stay, it could interfere with the

19  Congressional directive that decisions such as these be made in the first instance based on

20  the FDA's expertise, which decisionmaking could potentially be compromised by a

21  judicial decision contrary to the FDA's final ECJ guidance.  "The deciding factor in

22  determining whether the primary jurisdiction doctrine should apply is efficiency."  *Reid v.*

23  *Johnson & Johnson*, 780 F.3d 952, 967 (9th Cir. 2015) (internal quotation marks and

24  citation omitted).  Here, as discussed above, all efficiencies point to maintaining the stay

25  while the FDA finalizes its ECJ guidance.

26        As Lifeway previously explained, Plaintiff is wrong to rely on the Ninth Circuit's

27  discussion of the primary jurisdiction doctrine in *Reid*, which Judge Donato recently noted

28  "contrast[s] starkly" with the issues presented by the FDA's ECJ determination.  *See*

1    Order re Stay at 2 n.1, *Morgan*, No. 13-cv-0296-JD (N.D. Cal. Oct. 14, 2015), ECF No.

2    76.  In *Reid*, "the FDA has already addressed the substantive issues raised [there]. . . .

3    [T]here is already an interim final rule on the books.  Plus, it has been over a decade since

4    the FDA indicated that it would issue a new final . . . rule." *Reid*, 780 F.3d at 966.  Here,

5    in contrast, there is no final rule regarding ECJ, but rather only a draft guidance that the

6    FDA is actively re-examining after re-opening the issue for additional comments.

7    Furthermore, the FDA has stated that it expects to finalize the guidance by no later than

8    the end of 2016, so the delay present in *Reid* is not an issue here.

9         Similarly, Judge Chhabria's Minute Entry in *Gitson v. Trader Joe's Co.*, 13-cv-

10   1333-VC (N.D. Cal. Aug. 18, 2015), ECF No. 123, has no bearing on the stay in this

11   action.  The text-only docket entry includes no reasoning explaining why the Court

12   decided to lift the stay.  *See id.* Dkt. No. 53.  However, plaintiffs' allegations in Gitson are

13   very different from this case:  plaintiffs in *Gitson* allege that the defendants there

14   committed multiple violations of California law *in addition* to their ECJ claims, and those

15   other claims are not impacted by the FDA's decision to reopen the comments on ECJ.

16   *See, e.g.*, Order Granting in Part and Denying in Part Partial Motion To Dismiss; Granting

17   in Part and Denying in Part Motion to Strike, *Gitson v. Trader Joe's Co.*, 13-cv-1333

18   (N.D. Cal. Dec. 1, 2015), ECF No. 139 (dismissing claims related to products labeled

19   "soy milk" but allowing case to proceed for claims based on artificial flavor or chemical

20   preservative that was not disclosed on the label.)

21        Indeed, aside from *Gitson*, Lifeway believes that every other judge of this Court

22   who has considered the issue has continued the stays entered in other ECJ cases brought

23   by Mr. Figy or his attorneys.  *E.g.*, Order Continuing Stay and Resetting Case

24   Management Conference, *Figy v. Amy's Kitchen, Inc.*, No. 13-cv-3816-SI (N.D. Cal. June

25   29, 2015), ECF No. 84 ("[T]he stay currently in effect in this action is continued

26   indefinitely[.]"); Order Vacating Status Conference, Continuing Stay and Directing

27   Further Status Report, *Swearingen v. Santa Cruz Nat., Inc.*, No. 13-cv-4291-SI (N.D. Cal.

28   June 25, 2015), ECF No. 57 (stay continued until further court order); Order re Stay at 2-

3, *Morgan*, No. 13-cv-0296-JD (N.D. Cal. Oct. 14, 2015), ECF No. 76 (staying action; "The Court will lift the stay if it appears the FDA is not moving forward on this issue or is unlikely to meet its 'end of 2016' target timeframe for issuing a final guidance."); Order Continuing Compliance Hearing, *Reese v. Odwalla, Inc.*, 13-cv-0947-YGR (N.D. Cal. Oct. 27, 2015), ECF No. 76 (After staying action, continuing compliance hearing to April 15, 2016); Docket Order, *Swearingen v. Pac. Foods of Or., Inc.*, No. 13-cv-4157-JD (N.D. Cal. Nov. 20, 2015), ECF No. 59 (continuing stay to January 4, 2016); Civil Minutes, *Swearingen v. Late July Snacks, LLC*, No. 13-cv-4324-EMC (N.D. Cal. Oct. 16, 2015), ECF No. 85 (stay continued to April 7, 2016); *Swearingen v. Healthy Beverage, LLC*, No. 13-cv-4385-EMC (N.D. Cal. Oct. 16, 2015), ECF No. 79 (same).[2]  Lifeway Foods submits that the weight of authority within this District correctly recognizes that the these matters should remain stayed to allow the FDA to finalize the ECJ guidance.

If the Court is not inclined to continue the stay until the FDA issues its final guidance, Lifeway Foods respectfully requests that the Court continue the stay in this action until April 2016.  As noted above, Judge Chen has indicated that he will seek an update from the FDA on its progress in developing the final ECJ guidance in early March 2016.  *See* Civil Minutes, *Swearingen v. Late July Snacks, LLC*, No. 13-cv-4324-EMC (N.D. Cal. Oct. 16, 2015), ECF No. 85.  By April, it is possible that the FDA will have

---

[2] Other judges have dismissed ECJ cases, either for pleadings failures or under the primary jurisdiction doctrine. *See, e.g.*, Order Granting Wholesoy's Motion to Dismiss, *Hood v. Wholesoy & Co.*, No. 12-cv-5550-YGR (N.D. Cal. July 12, 2013), ECF. No. 31 at p. 11 (Dismissing case without prejudice "to defer to the authority and expertise of the FDA to say with the appropriate rules should be with respect to . . . "evaporated cane juice."); Clerk's Notice, *Swearingen v. Amazon Preserve. Partners, Inc.*, No. 13-cv-4402-WHO (N.D. Cal. Aug. 11, 2015), ECF No. 60 (after case stayed, continuing case management conference to January 2016); Order Granting Motion to Dismiss, *Swearingen v. Attune Foods, Inc.*, No. 13-cv-4541-SBA (N.D. Cal. May 19, 2014), ECF No. 34 at 6 (dismissing case without prejudice pursuant to primary jurisdiction doctrine); Order Granting Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint With Prejudice, *Kane v. Chobani, Inc.*, No. 12-cv-2425-LHK (N.D. Cal. Feb. 20, 2014), ECF No. 168 at pp. 7-8 (dismissing plaintiff's ECJ claims with prejudice for repeated failure to satisfy Rules 8 and 9(b) of the Federal Rules of Civil Procedure); Order Extending Stay, *Gitson v. Clover-Stornetta Farms, Inc.*, No. 13-cv-1517-EDL (N.D. Cal. June 16, 2015), EFC No. 70 (continuing stay for 180 days).

1
2
responded to Judge Chen, which will provide the Court and the parties more clarity

regarding the timeline for the issuance of a final guidance.

3
4
        If the Court intends to lift the stay in this action, Lifeway Foods respectfully

requests that the Court set its motion to dismiss all claims in Plaintiffs' First Amended

5
6
Complaint for hearing.  [*See* Dkt. No. 24.]  Lifeway Foods believes that recent

developments in California law, and other courts' consideration of claims materially

7
8
identical to Plaintiffs' claims here, justify additional briefing.[3]  Lifeway proposes that

Court allow each side to file simultaneous briefs of no more than 10 pages to address

9
10
recent developments that impact Lifeway Food's Motion to Dismiss.

11
12
DATED: December 4, 2015

                                        By:  /s/ D'Juana Parks
                                             D'Juana Parks (*pro hac vice*)
13                                           John Keith Hyde (*pro hac vice*)
                                             PROVOST*UMPHREY LAW FIRM, L.L.P.
14                                           490 Park Street
                                             Beaumont, TX  77701
15                                           Telephone: (409) 835-6000
                                             Fax: (409) 813-8647
16

17                                           Ben F. Pierce Gore (SBN 128515)
                                             PRATT & ASSOCIATES
18                                           1871 The Alameda, Suite 425
                                             San Jose, CA  95126
19                                           Telephone:  (408) 429-6506
                                             Fax:  (408) 369-0752
20                                           pgore@prattattorneys.com

21                                           *Attorneys for Plaintiff*
                                             ROBERT E. FIGY
22
DATED: December 4, 2015
23

24      [3] *See, e.g.*, Order Granting Defendant's Motion to Dismiss Plaintiffs' Third
Amended Complaint With Prejudice, *Kane v. Chobani, Inc.*, No. 12-cv-2425-LHK (N.D.
25   Cal. Feb. 20, 2014), ECF No. 168 at pp. 7-8 (dismissing plaintiff's ECJ claims with
prejudice for repeated failure to satisfy Rules 8 and 9(b) of the Federal Rules of Civil
26   Procedure); Order Granting in Part and Denying in Part Defendant's Motion to Dismiss
and Motion to Strike, *Pratt v. Whole Foods Mkt., Inc.*, 12-cv-5652-EJD (N.D. Cal. Sept.
27   30, 2015), ECF No. 54 at p. 10 (rejecting Plaintiff's strict liability theory of liability); *In
re Tobacco Cases II*, 240 Cal. App. 4th 779, 801-02 (2015) (rejecting Plaintiff's proposed
28   "full refund" damages model and explaining how to calculate restitution under the
consumer protection statutes put at issue by Mr. Figy).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/ Joren S. Ayala-Bass
David T. Biderman (Cal. Bar No. 101577)
DBiderman@perkinscoie.com
Joren S. Ayala-Bass (Cal. Bar No. 208143)
JBass@perkinscoie.com
PERKINS COIE, LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Richard N. Kessler (pro hac vice)
rkessler@mcdonaldhopkins.com
300 North LaSalle Street, Suite 2100
Chicago, IL 60654
Telephone: 312.280.0111
Facsimile: 312.280.8232

*Attorneys for Defendant,*
LIFEWAY FOODS, INC.

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to General Order 45, Part X-B, the undersigned filer attests that concurrence in the filing of this document was obtained from each of the above signatories.

DATED: December 4, 2015

                                          /s/ Joren S. Ayala-Bass
                                          Joren S. Ayala-Bass

128868964

-3-

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-cv-04828-TEH