UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. FIGY,

        Plaintiff,

v.

LIFEWAY FOODS, INC.,

        Defendant.

Case No. 13-cv-04828-TEH

**ORDER REGARDING MOTIONS TO DISMISS AND STRIKE; REQUEST FOR JUDICIAL NOTICE**

This matter is before the Court on Defendant Lifeway Foods, Inc.'s motions to dismiss and strike Plaintiff Robert Figy's First Amended Complaint. Defendant also filed a request for judicial notice in support of its motions to dismiss and strike. After carefully considering the parties' written and oral arguments, the Court hereby DENIES Defendant's motion to dismiss, DENIES Defendant's motion to strike, and GRANTS Defendant's request for judicial notice, for the reasons set forth below.

**BACKGROUND**

The following factual allegations are taken from Plaintiff's First Amended Complaint, unless otherwise stated, and are therefore accepted as true for the purposes of this motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Defendant is a producer of retail probiotic dairy beverages and products similar to yogurt. Dkt. No. 23 ("FAC") ¶ 28. Plaintiff is a self-proclaimed "health conscious consumer who wishes to avoid 'added sugars' in the food products he purchases." *Id.* ¶ 70. Plaintiff brings this putative class action on behalf of either a nationwide class or a statewide class of California consumers who, since October 17, 2009, purchased any product produced by Defendant and labeled with the ingredient "Evaporated Cane Juice" ("ECJ"). *Id.* ¶¶ 1, 136.

1    Plaintiff purchased five such products between October 17, 2009 and the present
2  (the "Class Period"). *Id.* ¶ 1, Exs. 1-5. Specifically, Plaintiff purchased Defendant's
3  Organic Lowfat Peach Kefir, Organic Lowfat Pomegranate/Acai Kefir, Organic Lowfat
4  Raspberry Kefir, Nonfat Strawberry Kefir, and Nonfat Raspberry Kefir (the "Purchased
5  Products"). *Id.* Though Plaintiff read the labels on these products and saw ECJ listed as
6  an ingredient, *id.* ¶ 17, he was unaware at the time of purchase that ECJ indicated the
7  products contained added sugar: "While Plaintiff was aware that the Lifeway food
8  products contained some sugars, he believed these sugars were naturally occurring sugars
9  that were found naturally in the ingredients used by Lifeway." *Id.* ¶ 70. Plaintiff was so
10 unaware because Defendant "utilized the false and misleading term [ECJ] to identify the
11 *added sugar* it added as an ingredient to its food product." *Id.* Plaintiff "relied upon this
12 misleading and deceptive language . . . when making his decision to purchase" these
13 products. *Id.* ¶ 17. Plaintiff "would not have purchased these products had he known the
14 products (1) contained sugar as an added ingredient, and (2) were illegal to sell and possess
15 nor would he have expended the purchase price for products that were worthless due to
16 their illegality," and he therefore paid a premium price for these products. *Id.* ¶ 53.
17   On the basis of these allegations, Plaintiff originally filed suit in this Court on
18 October 17, 2013, Dkt. No. 1 ("Compl.") at 1, and filed the FAC on December 20, 2013,
19 FAC at 61. In the FAC, Plaintiff asserts thirteen causes of action: separate claims for
20 violation of the unlawful, unfair, and fraudulent prongs of the California Unfair
21 Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL") (first through third
22 causes of action); separate claims for violation of the misleading and untrue prongs of the
23 California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*. ("FAL") (fourth
24 and fifth causes of action); a claim for violation of the California Consumer Legal
25 Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA") (sixth cause of action); common
26 law claims for Breach of Express Warranty, Breach of Implied Warranty of
27 Merchantability, Negligent Misrepresentation, Negligence, Unjust Enrichment, and Money
28

2

1   Had and Received (seventh through twelfth causes of action); and a claim for Declaratory
2   Judgment (fourteenth[1] cause of action).
3       On January 17, 2014, Defendant filed a motion to dismiss the FAC. Dkt. No. 24
4   ("First MTD"). Before the Court ruled on this motion, however, the Court stayed this case
5   pending final guidance from the Food and Drug Administration ("FDA") regarding ECJ,
6   pursuant to the primary jurisdiction doctrine. Dkt. No. 44 ("Order Staying Case"). This
7   stay remained in effect until January 4, 2016, on which date the Court entered an order
8   lifting the stay "in light of the FDA's delay in providing final guidance on ECJ." Dkt. No.
9   57 ("Order Lifting Stay"). In that same Order, the Court denied Defendant's request for
10  additional briefing in support of the First MTD and ordered Defendant to re-file the First
11  MTD updated to reflect any developments in the law. *Id*. On February 1, 2016, Defendant
12  filed "updated" motions to dismiss and strike the FAC and a request for judicial notice in
13  support of its motions to dismiss and strike, which are presently before the Court. Dkt. No.
14  61 ("Second MTD"); Dkt. No. 62 ("RJN"). Plaintiff timely opposed Defendant's motions
15  to dismiss and strike, Dkt. No. 65 ("Opp'n"), and Defendant timely replied in support
16  thereof, Dkt. No. 67 ("Reply"). Oral argument on these motions was continued to June 13,
17  2016, per stipulation of the parties. Dkt. No. 70.
18      On May 25, 2016, the FDA issued its final guidance on ECJ. U.S. Food & Drug
19  Ass'n, *Guidance for Industry: Ingredients Declared as Evaporated Cane Juice* (May
20  2016), *available at* http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocuments
21  RegulatoryInformation/LabelingNutrition/ucm181491.htm. In the final guidance, the FDA
22  reiterated its position that "the term 'evaporated cane juice' is not the common or usual
23  name of any type of sweetener and that this ingredient should instead be declared on food
24  labels as 'sugar,' preceded by one or more truthful, non-misleading descriptors if the
25  manufacturer so chooses (e.g., 'cane sugar')." *Id.* § III. Following this final guidance, the
26  Court ordered supplemental briefing "addressing what effect, if any, the FDA's final

---

[1] The FAC does not include a thirteenth cause of action. *See* FAC at 56-59.

3

Case 3:13-cv-04828-TEH   Document 81   Filed 08/16/16   Page 4 of 12

guidance has on Defendant's pending motions to dismiss and strike." Dkt. No. 77. The parties timely complied. Dkt. Nos. 78 ("Pl.'s Suppl. Br."), 79 ("Def.'s Suppl. Br.").

**LEGAL STANDARDS**

    **I.    Motion to Dismiss: Rules 12(b)(6) and 9(b)**

Dismissal is appropriate under Federal Rule of Civil Procedure ("Rule") 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Such a showing "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In addition, fraud claims are subject to a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). To that end, allegations sounding in fraud must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however,

"bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted). Any dismissal under Rule 12(b)(6) should be with leave to amend, unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296, 1298 (9th Cir. 1998).

## II. Motion to Strike: Rule 12(f)

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead" and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (citations omitted). "Redundant matter is defined as allegations that constitute a needless repetition of other averments or are foreign to the issue" and "[s]candalous[] includes allegations that cast a cruelly derogatory light on a party or other person." *Swanson v. Yuba City Unified Sch. Dist.*, No. 2:14-cv-01431-KJM-DAD, 2015 WL 2358629, at *4 (E.D. Cal. May 15, 2015). Moreover, "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

When ruling on a motion to strike, the court must view the pleading in the light most favorable to the pleader. *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *2 (N.D. Cal. Aug. 19, 2014).

## III. Request for Judicial Notice: FRE 201

"[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), [r]eview is limited to the complaint." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). There are, however, two exceptions to this general rule. First, a court may consider "material which is properly

5

submitted as *part of the complaint*." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (emphasis in original). Second, a court may consider judicially noticeable facts. *Lee*, 250 F.3d at 688-690. Federal Rule of Evidence ("FRE") 201 allows courts to take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute." Fed. R. Evid. 201(a), (b). A fact may be considered not subject to reasonable dispute if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*.

## DISCUSSION

### I. Motions to Dismiss and Strike

The First MTD argues the FAC is deficient in three respects: (1) the FAC does not comply with Rule 9(b) because Plaintiff fails to plead the specific dates on which he purchased Defendant's products, First MTD at 4-5; (2) the FAC fails to state a claim because Defendant's products were not deceptively labeled or "misbranded," *id.* at 5-7; and (3) the FAC's nationwide class allegations should be stricken because California consumer protection laws do not apply extraterritorially, *id.* at 8-9.

The Second MTD, on the other hand, identifies five issues for resolution: (1) whether Plaintiff lacks standing for his UCL, FAL, and CLRA claims because the FAC fails to allege a plausible basis for reliance, as required by those statutes, and/or because Plaintiff's claim of "strict liability" lacks merit, Second MTD at 1, 8-12; (2) whether Plaintiff lacks standing for injunctive relief because he fails to allege any possibility of future injury, *id*. at 1, 12; (3) whether Plaintiff fails to plead his claims with the particularity required by Rule 9(b), *id*. at 1, 13-14; (4) whether Plaintiff fails to plead essential elements of his claims for breach of express warranty, breach of the implied warranty of merchantability, negligent misrepresentation, negligence, unjust enrichment, money had and received, and declaratory judgment, *id*. at 1, 14-18; and (5) whether Plaintiff lacks a basis for certifying a nationwide class under California law, *id.* at 1, 18-20.

**a. The Court will not now consider issues raised only in the Second MTD.**

As a threshold matter, Plaintiff argues the Court should disregard the new issues raised in Defendant's Second MTD, on the theory that they are barred both by Rule 12(g)(2) and by this Court's Order Lifting Stay. Opp'n at 2, 2 n.2, 3. Under Rule 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

Plaintiff is incorrect that Rule 12(g)(2) bars the new issues raised in the Second MTD. *See Kilopass Tech. v. Sidense Corp.*, No. 10-cv-2066-SI, 2010 WL 5141843, at *3 (N.D. Cal. Dec. 13, 2010) ("[T]his rule applies to situations in which a party files successive motions under Rule 12 for the sole purpose of delay. . . . .") (internal quotation marks omitted). Plaintiff is correct, however, that the Second MTD is "an entirely new motion that went far beyond refiling the [First] MTD 'updated to reflect any developments in the law' as the Court directed in its [Order Lifting Stay]." Pl.'s Suppl. Br. at 2.

In the Joint Case Management Statement submitted just prior to the Order Lifting Stay, Defendant "request[ed] that the Court allow additional briefing *on the issues raised* in its [First MTD], and set a hearing on *that motion*." Dkt. No. 54 ("Joint CMC Statement") at 7-8 (emphasis added). Defendant explained that additional briefing was warranted due to "developments in California law" and proposed that "the Court allow each side to file simultaneous briefs of no more than 10 pages to address recent developments that impact [the First MTD]." *Id.* at 12. The Court denied this request. Instead, the Court held "Defendant may *re-file* the [First MTD], *updated to reflect any developments in the law* . . . ." Order Lifting Stay at 1 (emphasis added).

What Defendant actually filed in the Second MTD is a far cry from an "updated" First MTD. The Second MTD's "standing" and "essential elements" arguments (issues 1, 2, and 4) were raised in neither the First MTD nor the Joint CMC Statement requesting additional briefing on the First MTD; indeed, neither document makes any mention of "standing" or the "essential elements" of Plaintiff's common law claims. Though

7

1   Defendant argues expanding the scope of the Second MTD was a "reasonable
2   interpretation" of the Order Lifting Stay, Reply at 2, it is hard to imagine how Defendant
3   could have read the Court's denial of its request for additional briefing *on the issues raised*
4   *in the First MTD* and order permitting a *refiling of the First MTD* as authorization to more
5   than double the scope of the First MTD.  And reasonable belief or not, this is neither what
6   Defendant requested nor what the Order Lifting Stay actually authorized.
7       Accordingly, the Court will limit its review of the Second MTD to issues raised in
8   the First MTD.  The Second MTD remains the operative motion because the Court did
9   order Defendant to "re-file" the First MTD.  But the Court will consider only the issues
10  raised in the First MTD, as "updated" in the Second MTD.  In effect, then, only issues 3
11  and 5 from the Second MTD – whether Plaintiff fails to plead his claims with the
12  particularity required by Rule 9(b) and whether Plaintiff lacks any basis for certifying a
13  nationwide class under California law – are appropriate for resolution at this time.[2]

### b. Allegations of purchases "during the Class Period" satisfy Rule 9(b).

15  Defendant argues the FAC must be dismissed for failure to plead with the
16  particularity required of Rule 9(b), because Plaintiff fails to allege the specific date he
17  purchased Defendant's products.  Second MTD at 13.[3]
18      The Court disagrees.  The FAC alleges Plaintiff bought the Purchased Products
19  "during the Class Period," which is October 17, 2009 to the present.  FAC ¶ 1.  Numerous
20  courts in this district have found that such allegations satisfy Rule 9(b) and have declined
21  to require plaintiffs to allege a specific date of purchase.  *See, e.g.*, *Bruton v. Gerber*
22  *Prods. Co.*, No. 12-CV-02412-LHK, 2014 WL 172111, at *13 (N.D. Cal. Jan. 15, 2014)
23  (holding allegations plaintiff "bought the Purchased Products throughout the class period
24  . . . are sufficient to place Gerber on notice as to the time period in which [plaintiff's]

---

[2] Defendant withdrew the First MTD's second argument, that the FAC fails to state a claim because Defendant's products were not deceptively labeled or "misbranded."  Reply at 3.

[3] Defendant made but withdrew two additional Rule 9(b) arguments.  *See* Second MTD at 13-14; Reply at 3 n.2.

allegations arise" under Rule 9(b)).[4]  Defendant cites only one case to the contrary.  *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1124 (C.D. Cal. 2010) ("Although the complaint alleges that Yumul purchased [the product] 'repeatedly' during the class period, it does not allege with any greater specificity the dates on which the purchases were made.").[5]  The Court declines Defendant's invitation to follow this out-of-district opinion, and instead finds – consistently with the many well-reasoned opinions from within this district – that the FAC's allegations of purchases "during the Class Period" are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen*, 780 F.2d at 731.

Defendant also argues Plaintiff must clarify a "discrepancy" concerning when he purchased Defendant's products; namely, that the expiration dates on the product labels attached to the FAC suggest the products were purchased after Plaintiff learned that ECJ is added sugar.  *See* Second MTD at 13; Reply at 8-9.  This argument is unavailing, for the simple reason that Defendant has not actually identified any "discrepancy" in the FAC.  The FAC explains the attached labels are merely "[e]xemplar labels of the products purchased by Plaintiff."  FAC ¶ 18.  Attaching exemplars, purchased after Plaintiff realized the true nature of ECJ or not, is entirely consistent with Plaintiff's repeated allegation that he purchased Defendant's products "during the Class Period."  *Id*. ¶¶ 1, 123, 141.  Taking these latter allegations as true – which this Court must on a motion to dismiss, *Vasquez*, 487 F.3d at 1249 – Plaintiff has undoubtedly alleged a purchase within the Class Period, and no clarification on this point is necessary.

---

[4]  *See also Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2013 WL 5487236, at *14 (N.D. Cal. Oct. 2, 2013) (same); *Clancy v. The Bromley Tea Co.*, No. 12-CV-03003-JST, 2013 WL 4081632, at *10-11 (N.D. Cal. Aug. 9, 2013) (same); *Astiana v. Ben & Jerry's Homemade, Inc.*, Nos. C 10-4387 PJH, C 10-4937 PJH, 2011 WL 2111796, at *6 (N.D. Cal. May 26, 2011) (same).

[5]  Meanwhile, Defendant's Reply fails to address any of the cases Plaintiff cites for the proposition that allegations such as those contained in the FAC satisfy Rule 9(b).  *See* Reply at 8-9.

1   Accordingly, the Court DENIES Defendant's motion to dismiss the FAC for
2   Plaintiff's failure to plead his purchases with particularity under Rule 9(b).

### c. Plaintiff's nationwide class allegations need not be stricken at this stage.

Defendant argues Plaintiff's nationwide class allegations should be stricken because Defendant "is an Illinois corporation and there is no basis to apply California law to the claims of nonresidents." Second MTD at 18.[6]

The parties correctly identify the required analysis: California applies a three-step "governmental interest analysis" to determine whether California law should apply extraterritorially: (1) whether the laws of the affected jurisdictions differ; (2) if so, whether there is a "true conflict" given each jurisdiction's interest in the application of its own law under the facts; and (3) if so, which jurisdiction's interests would be most impaired if its laws were not applied. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 590 (9th Cir. 2012). But neither party argues whether the three prongs of the "governmental interest analysis" counsel for or against maintenance of a nationwide class. Rather, Defendant simply states that "consumer protection laws are different," Second MTD at 19, while Plaintiff argues only that courts within the Ninth Circuit routinely decline to even address this question at such an early stage in the litigation, Opp'n at 24-25.

Only Plaintiff is correct. In *Forcellati v. Hyland's, Inc.*, for example, the district court denied defendant's motion to strike plaintiff's nationwide class claims, recognizing that "[c]ourts rarely undertake choice-of-law analysis to strike class claims at this early stage in litigation." 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012). As the court explained:

> *Mazza* (and nearly every other case cited by Defendants) undertook a class-wide choice-of-law analysis at the class certification stage, rather than the pleading stage at which we find ourselves. Until the Parties have explored the facts in this case, it would be premature to speculate about whether the differences in various states' consumer protection laws are material in this case.

---

[6] *See infra* § II (granting Defendant's request for judicial notice that it is an Illinois corporation).

10

1  *Id.* Other courts in this district have followed suit. *See, e.g.*, *Bruton*, 2014 WL 172111, at
2  *13 ("Although Gerber may ultimately prove correct in its argument that California law
3  cannot be applied to out-of-state purchases made by out-of-state consumers, whether or not
4  this is so depends, in substantial part, on a case-specific choice-of-law analysis that the
5  parties and the Court have yet to undertake.") (citing *Mazza*, 666 F.3d at 589-94);
6  *Werdebaugh*, 2013 WL 5487236, at *16 ("[T]he Court finds that striking the nationwide
7  class allegations at this stage of this case would be premature. . . . Absent the sort of
8  detailed choice-of-law analysis that guided the Ninth Circuit in *Mazza*, the Court declines
9  to evaluate how California's choice-of-law rules affect Werdebaugh's class claims at this
10 time."). And this Court now finds, consistent with this line of cases, that Defendant's
11 motion to strike Plaintiff's nationwide class allegations is premature.

12  As the Court cannot resolve any choice-of-law challenge at this stage in the
13 litigation, Defendant's motion to strike Plaintiff's nationwide class allegations is hereby
14 DENIED.

## II. Request for Judicial Notice

Defendant requests judicial notice of a document, from the Secretary of State of Illinois, certifying that Defendant is incorporated in Illinois. RJN at 1, Ex. A.

Plaintiff does not oppose Defendant's request, which is unsurprising given the FAC alleges Defendant "is an Illinois corporation." FAC ¶ 27.[7] Defendant's incorporation in Illinois is therefore "not subject to reasonable dispute," Fed. R. Evid. 201(b), as it is not subject to dispute at all. Accordingly, the Court hereby GRANTS, as unopposed, Defendant's request for judicial notice.[8]

---

[7] In support of its request, Defendant cites a passing reference in the FAC to Defendant being "a California corporation." FAC ¶ 33. But it is clear, both from the FAC's description of the "Parties," where it identifies Defendant as an Illinois corporation, *id.* ¶ 27, and from Plaintiff's non-opposition to Defendant's request for judicial notice, that Plaintiff knows and alleges Defendant is an Illinois corporation.

[8] The fact of Defendant being an Illinois corporation has no effect on the Court's decision not to strike Plaintiff's nationwide class allegations. *See Bruton*, 2014 WL

11

**CONCLUSION**

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss, DENIES Defendant's motion to strike, and GRANTS Defendant's request for judicial notice.

**IT IS SO ORDERED.**

Dated: 08/16/16

_____
THELTON E. HENDERSON
United States District Judge

---

172111, at *13 (finding it premature to determine whether Plaintiff "cannot sue under California's consumer protection statutes on behalf of out-of-state putative class members, who made out-of-state purchases of products *made by an out-of-state company*") (emphasis added).

12